# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____
)
IN RE SMITH BARNEY TRANSFER    )    Civ. Action No. 05-7583 (WHP)
AGENT LITIGATION    )    ECF case
_____)
)


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFFS' MEMORANDA OF LAW IN SUPPORT OF LIFTING THE PSLRA DISCOVERY STAY


Robert B. McCaw (RM-7427)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

and

Mark D. Cahn
Michael Plotnick
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2445 M Street, NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363

***Counsel for Defendants Smith Barney
Fund Management LLC and
Citigroup Global Markets Inc.***

Dated:  January 6, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

I.      THIS COURT SHOULD NOT LIFT THE PSLRA DISCOVERY STAY ......................... 1

      A.     Lifting the Stay is Not Necessary to Prevent any "Undue Prejudice" to Plaintiffs. ....................................................................................................... 2

      B.     Plaintiffs' Anticipated Discovery Requests Are Not Sufficiently Particularized. ........................................................................................... 10

              1.     *Plaintiffs' request for all documents produced to the government is not sufficiently particularized for the Court to lift the stay* ............................. 11

              2.     *Plaintiffs' requests for documents not produced to the government are overbroad.* ............................................................................................ 13

II.     ALL OF PLAINTIFFS' CLAIMS ARE SUBJECT TO THE PSLRA DISCOVERY STAY. ................................................................................................ 14

CONCLUSION ................................................................................................................. 17

## TABLE OF AUTHORITIES

### CASES

Page

*Angell Investments, L.L.C. v. Purizer Corp.*, No. 01 C 6359,  2001 WL 1345996
(N.D. Ill. Oct. 31, 2001) ...........................................................................................................15

*Baldridge v. Sidhu*, 3:04-CV-0319-D, slip opinion (N.D. Tex. Feb. 17, 2005) ........................2, 6

*Benbow v. Aspen Technology, Inc.*, No. Civ. A 02-2881, 2003 WL 1873910
(E.D. La. Apr. 11, 2003) .....................................................................................................10, 15

*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975). .....................................................9

*Clark v. Nevis Capital Management., LLC*, No. 04 Civ. 2702 (RWS), 2005 WL 488641,
(S.D.N.Y. Mar. 2, 2005) ...............................................................................................................9

*Faulkner v. Verizon Wireless*, 156 F. Supp. 2d 384 (S.D.N.Y. 2001)...........................8, 10, 12, 15

*In re AOL Time Warner, Inc. Securities Litigation & 'ERISA' Litigation*, No 1500 02
Civ. 5575, 2003 WL 21729842 (S.D.N.Y. July 25, 2003) .............................................................6

*In re Carnegie International Corp. Securities Litigation*, 107 F. Supp. 2d 676 (D. Md.
2000) ....................................................................................................................................2, 10

*In re Daisytek International Litigation*, 4:03CV212, slip opinion (E.D. Tex. Aug. 17,
2004) ......................................................................................................................................2, 6

*In re Elan Corp. Securities Litigation*, No. 02 Civ.865 RMB FM, 2004 WL 1303638
(S.D.N.Y. May 18, 2004)........................................................................................................2, 6

*In re Enron Corp. Securities Derivative & ERISA Litigation*, Nos. MDL-1446,
Civ. A H-01-3624, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) ...............................................7

*In re Fannie Mae Securities Litigation*, 362 F. Supp. 2d 37 (D.D.C. 2005) ............................6, 12

*In re Initial Public Offering Securities Litigation*, 236 F. Supp. 2d 286 (S.D.N.Y. 2002)..............3

*In re LaBranche Securities Litigation*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004)...............................7

*In re LaBranche Securities Litigation*, No. 03 Civ. 8201(RWS), 2005 WL 3411771
(S.D.N.Y. Dec. 13, 2005)...........................................................................................................7

*In re Lantronix, Inc. Securities Litigation*, No. 02 CV 02-03899(PA), 2003 WL
22462393 (C.D. Cal. Sept. 26, 2003) ...........................................................................................6

*In re Mutual Funds Investment Litigation*, No. MDL-15863, 2005 WL 549534 (D. Md.
Mar. 7, 2005)...............................................................................................................14, 15

*In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246 (D. Md. 2004).............5, 8

*In re Royal Dutch/Shell Transport Securities Litigation*, Civ. A. No. 04-374(JWB), slip
opinion (D.N.J. Feb. 15, 2005) ...........................................................................................7

*In re Subpoena Duces Tecum Served on Duke Energy Corp.*, No. 3:05-MC-201, 2005
WL 2674938 (W.D. N.C. Oct. 18, 2005)...............................................................................12

*In re Tyco International, Ltd. Multidistrict Litigation*, No. MDL 02-1335-B, 2003 WL
23830479 (D.N.H. Jan. 29, 2003) ...................................................................................7, 8

*In re Vivendi Universal, S.A. Securities Litigation* 381 F. Supp. 2d 129 (S.D.N.Y. 2003).........6, 7

*In re Worldcom Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002).................4, 5, 6

*Levner v. Saud*, No. 92 Civ. 7122, 1993 WL 187899 (S.D.N.Y. May 17, 1993) ..........................12

*Manufacturers Hanover Trust v. Smith Barney, Harris Upham & Co.*, 770 F. Supp. 176,
(S.D.N.Y. 1991))...............................................................................................................9

*Miskin v. Agleoff*, 220 B.R. 784, 793-94 (S.D.N.Y. 1998) ............................................................10

*Novak v. Kasaks*, No. 96 Civ. 3073 (AGS), 1996 WL 467534 (S.D.N.Y. Aug. 16, 1996).............2

*Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375 (S.D.N.Y. 2004)...................................3

*Rampersad v. Deutsche Bank Securities*, Inc., 381 F. Supp. 2d 131 (S.D.N.Y. 2003) .....2, 3, 6, 15

*Santa Fe Industries, Inc. v. Green*, 430 U.S. 462 (1977)................................................................9

*Sarantakis v. Gruttadauria*, No. 02 C 1609, 2002 WL 1803750
(N.D. Ill. Aug. 5, 2002).................................................................................................10, 15

*Seippel v. Sidley, Austin, Brown, & Wood, L.L.P.*, No. 03 Civ. 6942(SAS), 2005 WL
388561 (S.D.N.Y. Feb. 17, 2005) .......................................................................................16

*Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001).............15, 16

## STATUTES and RULES

Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) ........................................1

Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 ........................... *passim*

Fed. R. Civ. P. 26(b) ................................................................................................................11

Fed. R. Civ. P. 26(c) ................................................................................................................17

## LEGISLATIVE

S. Rep. 104-98 (June 19, 1995), 1995 U.S.C.C.A.N. 679 (1995) ....................................................8

Defendants Citigroup Global Markets Inc. ("CGMI") and Smith Barney Fund Management LLC ("SBFM") respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Memoranda of Law in Support of Lifting the Private Securities Litigation Reform Act ("PSLRA") Discovery Stay.

## INTRODUCTION

This Court should not lift the PSLRA's mandatory discovery stay, 15 U.S.C. § 78u-4(b)(3)(B), to allow Plaintiffs to obtain discovery before it has determined whether Plaintiffs have alleged any claims sufficient to survive Defendants' expected motion to dismiss. First, Plaintiffs do not explain how they will suffer any undue harm as a result of the brief delay in discovery anticipated by the PSLRA. This case simply does not present the unique circumstances involved in the cases where courts have lifted the stay to avoid "undue prejudice." (*See* Section I.A. *infra*.) Second, the discovery requests suggested by Plaintiffs' briefs are not sufficiently "particularized," *i.e.*, limited to the discovery necessary to avoid undue prejudice. (*See* Section I.B. *infra*.) Third, because Plaintiffs' Investment Company Act of 1940 ("ICA") and state law claims are based on the same facts as their claim under section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), the PSLRA stay is applicable to all Plaintiffs' claims. (*See* Section II *infra*.)

## ARGUMENT

## I.    THIS COURT SHOULD NOT LIFT THE PSLRA DISCOVERY STAY.

The PSLRA expressly permits "particularized" discovery only if the plaintiff establishes that "exceptional circumstances" necessitate lifting the stay to preserve evidence or to "prevent

undue prejudice."[1/]  15 U.S.C. § 78u-4(b)(3)(B).  *See also In re Carnegie Int'l Sec. Litig.*, 107 F.

Supp. 2d 676, 684 (D. Md. 2000); *Novak v. Kasaks*, No. 96 Civ. 3073 (AGS), 1996 WL 467534,

at *1 (S.D.N.Y. Aug. 16, 1996).  Because this case is devoid of such "exceptional

circumstances," Plaintiffs cannot demonstrate that they will suffer any "undue prejudice" by

waiting to conduct discovery until after the Court determines whether they have any legally

cognizable claims.  In any event, the discovery Plaintiffs anticipate seeking is not sufficiently

limited to the discovery necessary to alleviate any alleged "undue prejudice."  Therefore, the

Court should not lift the stay.

   A.    **Lifting the Stay is Not Necessary to Prevent any "Undue Prejudice" to
         Plaintiffs.**

   The mere existence of a government investigation related to facts underlying private

litigation that is subject to the PSLRA discovery stay does not provide a basis for lifting the stay.

"[T]he statute does not provide an exception to the mandatory stay when the documents sought

have already been produced" to the government.  *In re Elan Corp. Secs. Litig.*, No. 02 Civ. 865

RMB FM, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004); *see also Baldridge v. Sidhu*, 3:04-

CV-0319-D, slip op. at 3 (N.D. Tex. Feb. 17, 2005) (no "categorical exception" to stay for

documents produced to the government), Decl. of Michael Plotnick in Supp. of Defs.' Mem. of

Law in Opp. to Pls.' Mem. of Law in Supp. of Lifting the PSLRA Disc. Stay [*hereinafter*

"Plotnick Decl."], Ex. A; *In re Daisytek Int'l Litig.*, 4:03CV212, slip op. at 3 (E.D. Tex. Aug. 17,

2004) ("[T]his Court declines to create by judicial fiat an additional exception to PSLRA stay"

for documents previously produced to the government.), Plotnick Decl., Ex. B; *Rampersad v.

Deutsche Bank Secs. Inc.*, 381 F. Supp. 2d 131, 133-34 (S.D.N.Y. 2003) (no "categorical

---

[1/]    Plaintiffs do not argue that lifting the discovery stay is necessary to preserve evidence.

exception to the PSLRA's discovery stay provision" for documents previously produced to government).

Plaintiffs do not explain how delaying discovery until after resolution of a motion to dismiss will cause them any harm beyond the delay inherent in the PSLRA stay. *See, e.g., In re Initial Public Offering Secs. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) ("'Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' because it is prejudice which is neither improper nor unfair.'" (quoting *In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001)). Instead, Plaintiffs seek immediate production of certain documents to "facilitate Plaintiffs' litigation strategy," to "assess damages," to "entertain settlement discussions," to assist in the "preparation of their case and advocacy on behalf" of the putative class, and to "obtain[] evidence of wrongdoing." (*See* Chiumento Group Mem. of Law in Supp. of Partial Lifting of the PSLRA's Automatic Stay Provision [*hereinafter* Chiumento Group Mem.] at 9-10, Dkt. No. 29; Engineers Local 649 Annuity Trust Fund Mem. of Law in Favor of Lifting the PSLRA Disc. Stay to Permit Disc. of Certain Categories of Docs. [*hereinafter* Engineers Local Mem.] at 9, Dkt. No. 25). Those justifications for discovery, which are present in every case subject to the PSLRA and are inherent in the stay itself, do not serve to prevent any undue prejudice. Allowing discovery for any of those reasons, rather than alleviating any undue prejudice, would frustrate the precise rationale for the PSLRA discovery stay: to stop plaintiffs from using burdensome discovery as a means to (a) engage in a fishing expedition or (b) coerce defendants into a prompt settlement before a court has determined that plaintiffs have brought meritorious claims. *See, e.g., Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[T]he entire purpose of the stay provision is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing

of cases that lack adequate support for their allegations in the mere hope that the traditionally broad civil discovery proceedings will produce facts that could be used to state a valid claim.").

There is nothing about the nature or status of this case that turns Plaintiffs' brief delay in obtaining discovery into "undue prejudice." The cases cited by Plaintiffs do not suggest otherwise. For example, the court in *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002), lifted the PSLRA discovery stay with respect to documents defendants had previously produced to prevent undue prejudice "based upon the unique circumstances" of the case, none of which are present here. In that case, the lead plaintiff in a securities fraud case sought to receive documents that the defendant, who had declared bankruptcy, had already provided to the government and to the creditors' committee in the bankruptcy matter, and was expected to provide to lead plaintiffs in an ERISA case arising out of similar facts. *Id.* at 304. At the time of the securities plaintiff's demand for documents, it had received an order to participate in mandatory settlement discussions, which, in coordination with settlement discussions in the ongoing ERISA litigation, were intended to resolve the claims of both the ERISA plaintiffs, who were expected to receive the relevant documents before the settlement discussions, and the securities plaintiff, who would not have received the documents absent the court's lifting the discovery stay. *Id.* at 305. Expressly noting "the likelihood that settlement discussions would begin [shortly] and involve both the securities and the ERISA plaintiffs," the court found that the securities plaintiff would be "severely disadvantaged in those discussions" by its "inability to make informed decisions about its litigation strategy in a rapidly shifting landscape." *Id.* Even in those "unique circumstances," the court recognized that none of those "circumstances may alone be sufficient to justify lifting of the statutory stay in order to

prevent undue prejudice." *Id.* at 306. Only when all of those circumstances were weighed together did the court determine to lift the stay. *See id.*

The instant case does not present any one of the same "unique circumstances" as *WorldCom*, let alone the combination of circumstances required in that case for a finding of undue prejudice. This case does not involve such a "rapidly shifting landscape:" no impending, mandatory settlement discussions are scheduled, Defendants have not filed for bankruptcy protection, and their solvency, future existence, and ability to pay any adverse judgment is not in question. Unlike in *WorldCom*, staying Plaintiffs' discovery pending Defendants' motion to dismiss will not put Plaintiffs in the unfair position of having to compete for a settlement with other plaintiffs who possess superior information because all private lawsuits against Defendants for their alleged misconduct have been consolidated into this action.

For the same reasons, Plaintiffs' reliance on cases citing *WorldCom's* holding is misplaced. For example, the circumstances prompting the court in *In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246 (D. Md. 2004) to lift the stay with respect to certain documents that defendants had produced to the government were similar to those in *WorldCom*, which do not exist here. In *Royal Ahold*, both securities and ERISA litigation were proceeding contemporaneously, and the court had urged the parties to engage in settlement discussions. *Id.* at 251-52. Furthermore, the court noted that, as a result of the defendants' aggressive divestitures of business units, delay in adjudicating the securities claims could "limit [plaintiffs] chances of recovery relative to other parties with claims of comparable, or even lesser merit." *Id.* at 252. The impending settlement discussions and the defendants' aggressive divestitures created a "rapidly shifting landscape" as in *WorldCom* that led the court to allow the requested discovery. *See id.* Those factors do not exist here: there are no impending settlement

discussions, ordered or urged by the Court, and there is no concern that, as a result of steps taken by Defendants, a delay in adjudicating the claims will lead to a limit on Plaintiffs' recovery.[2]

Where circumstances similar to those in *WorldCom* are not present, courts in this district and others have routinely refused to lift the stay to permit discovery of documents previously produced to the government. *See, e.g.*, *In re AOL Time Warner Inc. Sec. & "ERISA" Litig.*, No. 1500, 02 Civ. 5575(SWK), 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003); *Elan Corp.*, 2004 WL 1303638, at *1; *Rampersad*, 381 F. Supp. 2d at 133-34; *In re Vivendi Universal S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 131 (S.D.N.Y. 2003); *see also In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37 (D.D.C. 2005); *Baldridge*, 3:04-CV-0319-D, slip op. at 3-4, Plotnick Decl., Ex. A; *Daisytek*, 4:03CV212, slip op. at 3, Plotnick Decl., Ex. B; *In re Lantronix Inc. Sec. Litig.*, No. CV 02-03899(PA), 2003 WL 22462393, at **1-2 (C.D. Cal. Sept. 26, 2003).  For example, in *Baldridge*, the court rejected a similar "undue prejudice" argument to Plaintiffs', holding that "plaintiffs' rationale, if accepted, would effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernible from §78u-4(b)(3)(B)." *Baldridge*, 3:04-CV-0319-D, slip op. at 3, Plotnick Decl., Ex. A.  The court explained that "[n]either the plain terms of the statute nor the purpose of the discovery stay lends itself to so facile a showing of undue prejudice" resulting from delaying the discovery of documents produced to the government.  *Id.* at 3-4.

In *Vivendi*, the court likewise rejected plaintiffs' request to lift the stay for documents produced to the government.  *Vivendi* 381 F. Supp. 2d at 131.  In doing so, the court distinguished plaintiffs' case from *WorldCom*, noting that, like in the instant case, plaintiffs

---

[2]       Defendant SBFM's sale from Citigroup Inc. to Legg Mason, Inc. will not affect any recovery by Plaintiffs as SBFM remains a Defendant in the case.

would not be left "without remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition." *Id.* at 130-31. Here, as explained in Defendants' opening brief (*see* Defs.' Mem. of Law in Supp. of a Stay of All Disc. Pending Resolution of Defs.' Expected Mot. to Dismiss at 9-10 [*hereinafter* Defs.' Mem.], Dkt. No. 26), there is no intervening event that could occur during the discovery delay that would shield Defendants from liability.

Importantly, in the cases on which Plaintiffs rely, the courts found that lifting the stay would not frustrate the policy behind the PSLRA discovery stay. Specifically, the courts found that the plaintiffs were neither engaging in a fishing expedition to discover meritorious claims nor seeking discovery to force defendants into a quick settlement. *See, e.g.*, *In re LaBranche Secs. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (lifting the stay where defendants did not contend that the goals of the PSLRA stay would be frustrated if they stay were lifted);[3] *see also In re Royal Dutch/Shell Transport Secs. Litig.*, Civ. A. No. 04-374(JWB), slip op., at 5-6 (D.N.J. Feb. 15, 2005) (Engineers Local Mem., Ex. 4); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, No. MDL 02-1335-B, 2003 WL 23830479, at *3 (D.N.H. Jan. 29, 2003); *In re Enron Corp. Secs. Derivative & ERISA Litig.*, Nos. MDL-1446, Civ. A H-01-3624, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002). However, in this case, Plaintiffs' express reasons for seeking discovery directly implicate both of those rationales for the stay. First, Plaintiffs acknowledge that they

---

[3] Subsequent developments in the *LaBranche* case further limit the extent to which the decision supports Plaintiffs' request to lift the stay. After the decision to partially lift the stay, 333 F. Supp. 2d at 183, defendants filed a motion for reconsideration and plaintiffs moved to compel the production of documents that the court's initial decision permitted. *In re LaBranche Sec. Litig.*, No. 03 Civ. 8201(RWS), 2005 WL 3411771 at *1 (S.D.N.Y. Dec. 13, 2005). Before deciding defendants' motion for reconsideration or plaintiffs' motion to compel, the court ruled on defendants' motion to dismiss and dismissed the other motions as moot. *Id.* at *28. Thus, despite the court's initial decision to lift the discovery stay, no discovery in fact occurred until after the court had ruled on the sufficiency of plaintiffs' complaint.

seek discovery to "obtain evidence of wrongdoing" (*see* Engineers Local Mem. at 9), which is not an appropriate reason for lifting the discovery stay. *See, e.g., Faulkner v. Verizon Wireless*, 156 F. Supp. 2d 384, 402-03 (S.D.N.Y. 2001) (PSLRA discovery stay exception does not authorize courts to lift the stay so plaintiffs can uncover facts to support their complaint) (citing *S.G. Cowen Sec. Corp. v. United States Dist. Ct. for the N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999)).

Second, Plaintiffs expressly request discovery to help facilitate "settlement discussions" to lead to a "prompt and economic resolution of this litigation." (*See* Chiumento Group Mem. at 9-10). Allowing discovery for the purpose of causing a settlement — where settlement discussions are not imminent, have not been ordered by the court, and would not be affected by any future settlement in related litigation — would undermine the purpose of the PSLRA's stay, especially where, as here, the merits of plaintiffs' claims are very much in doubt. *See* S. Rep. 104-98, at 14 (June 19, 1995), 1995 U.S.C.C.A.N. 679, 693 (1995) ("The cost of discovery often forces defendants to settle abusive securities class actions."). In *Royal Ahold*, for example, the court made clear that "the apparent strength of plaintiffs' case" which had "substantial support based on the defendants' own statements," factored into the courts decision to lift the stay. 220 F.R.D. at 251; *see also Tyco*, 2003 WL 23830479, at *3 (allowing partial lifting of stay where plaintiffs' claims were "not frivolous"). Here, as explained in Defendants' opening brief (*see* Defs.' Mem. at 12-18), Plaintiffs' claims do not have merit.[4] The fact that the SEC settlement

---

[4]     Plaintiffs themselves seemingly acknowledge that Defendants have strong grounds for dismissal of Plaintiffs' ICA and state law claims. (*See* Mem. of Law in Opp'n to Mot. of Local 649 and in Further Supp. of Mot. of Chiumento Group for Consolidation, Appointment as Lead Pl. and Approval of Selection of Co-Lead Counsel at 11, Dkt. No. 32 ("There is a possibility that potential recovery under the facts as alleged in the [Complaints bringing only ICA and state law claims] may be limited or non-existent . . . .").)

(continued . . .)

order included certain violations of other statutes related to the same facts does not suggest that

Plaintiffs have any basis to assert the private claims included in their Complaint. Thus, allowing

discovery for the purpose of facilitating settlement would only aid Plaintiffs in forcing

Defendants to discuss settlement of meritless claims rather than alleviate any undue prejudice.

Furthermore, Plaintiffs' suggestion that they need the documents now to defend against

Defendants' "double recovery" legal argument is not sufficient to establish the undue prejudice

required to lift the stay. First, Defendants' argument is premised directly on Plaintiffs' *own*

allegations in their Complaints, not any additional facts about which Plaintiffs would need

discovery: The Complaints seek recovery of certain profits that were included in the

disgorgement required by the SEC. (*See, e.g.,* Shropshire Am. Compl. ¶ 80, No. 05 Civ. 7818,

Dkt. No. 6). Second, Defendants' "double recovery" argument is only one of the many bases for

their expected motion to dismiss; independent reasons exist for dismissing each of Plaintiffs'

---

(. . . continued)

Furthermore, strong grounds exist for the Court to dismiss Plaintiffs' Exchange Act claim. For example, Plaintiffs have no standing to bring the section 10(b) claim because they have not pled facts sufficient to establish that they purchased or sold any security as a result of any alleged misrepresentation or omission by Defendants. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975). Second, claims for breach of fiduciary duty by a mutual fund's management, as alleged by Plaintiffs, are not actionable under section 10(b) of the Exchange Act. *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462 (1977). Third, any alleged fraud relating to the mutual funds' transfer agency fees was in connection with an internal business arrangement, namely the selection of a TA and sub-TA, and not "in connection with the purchase or sale of a security," as required by Section 10(b). *See, e.g., Manufacturers Hanover Trust v. Smith Barney, Harris Upham & Co.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) (To satisfy the "in connection with" requirement, the alleged omission must "concern the fundamental *nature* of the [securities]: namely, characteristics and attributes that would induce an investor to buy or sell the particular [securities.]") (emphasis in original) (internal citations omitted). Fourth, Plaintiffs cannot rely on the "fraud on the market" and efficient capital market doctrines to establish reliance because Defendants' alleged misrepresentations and omissions did not concern the underlying securities held by the mutual funds; rather, Plaintiffs must plead and prove individual reliance. *See, e.g., Clark v. Nevis Capital Mgmt., LLC*, No. 04 Civ. 2702 (RWS), 2005 WL 488641, at *18 (S.D.N.Y. Mar. 2, 2005).

claims.  (*See* Defs.' Mem. at 12-18.)  Lastly, obtaining documents to defend against a motion to dismiss is not a sufficient reason for lifting the stay.  *See, e.g., Faulkner*, 156 F. Supp. 2d at 402-03 (PSLRA discovery stay exception does not authorize courts to lift the stay so plaintiffs can uncover facts to support their complaint); *Sarantakis v. Gruttadauria*, No. 02 C 1609, 2002 WL 1803750, at *1 (N.D. Ill. Aug. 5, 2002) (purpose of the PSLRA discovery stay is to prevent plaintiffs from using information acquired in discovery to "resuscitate a [legally deficient] complaint that would otherwise be dismissed").

### B.   Plaintiffs' Anticipated Discovery Requests Are Not Sufficiently Particularized.

A finding of undue prejudice alone is not sufficient for this Court to the lift the stay; the discovery sought by Plaintiffs must also be sufficiently "particularized," *i.e.*, not broader than necessary to alleviate any undue prejudice.  *See, e.g., Miskin v. Agleoff*, 220 B.R. 784, 793-94 (S.D.N.Y. 1998) (party moving to lift the discovery stay "must articulate the specific discovery necessary to avoid undue prejudice"); *see also Faulkner*, 156 F. Supp. 2d at 384 (plaintiffs must meet "threshold burden of seeking particularized discovery" to lift PSLRA discovery stay to prevent "undue prejudice"); *Carnegie*, 107 F. Supp. 2d at 684 (broad discovery requests were not sufficiently "particularized" to remove any "undue prejudice").

Here, the discovery suggested by Plaintiffs' briefs is overbroad.  Despite assertions by Plaintiffs that they are seeking a limited and relevant set of documents, Plaintiffs' anticipated requests likely cover every document in the case.  Providing the Plaintiffs with these documents is equivalent to permitting Plaintiffs to engage in full-blown, general discovery and ignoring the PSLRA discovery stay.  Such "[g]eneral requests to open all discovery" do not satisfy the PSLRA requirement for particularized discovery.  *Benbow v. Aspen Tech.*, No. Civ. A 02-2881 2003 WL 1873910, at *5 (E.D. La. Apr. 11, 2003) (citing *Sarantakis*, 2002 WL 1803750 at *2).

Specifically, Plaintiffs seek discovery of (a) "*any and all* documents that [Defendants] produced to any Governmental or Regulatory Entity Concerning *any* investigation, inquiry or proceeding, *including but not limited to* documents Concerning" the SEC's related investigation (*see* Chiumento Group Mem., Pls.' Anticipated Disc. Reqs., Ex. A, Req. No. 1 [*hereinafter* Pls.' Anticipated Disc. Reqs.] (emphasis added)) and (b) "any and all Documents" relating to the primary issues that were the focus of the government's related investigation (*see id.* Req. Nos. 2-4). Plaintiffs' requests for both of these categories of documents are not sufficiently particularized to warrant lifting the stay.

  1.  *Plaintiffs' request for all documents produced to the government is not sufficiently particularized for the Court to lift the stay.*

Even if Plaintiffs' anticipated requests were limited to all documents Defendants produced to the government in the related government investigation, such a request would not be sufficiently particularized for the Court to lift the stay.[5] Not all of the documents Defendants produced to the government are relevant to Plaintiffs' claims and, therefore, discoverable by Plaintiffs. The SEC's investigative power is broader than the discovery standard in Fed. R. Civ. P. 26(b), *see* 15 U.S.C. § 78u(a)-(b) (Commission is authorized, "*in its discretion*, [to] make such investigations as *it* deems necessary" and to "require the production of *any* . . . records which the *Commission* deems relevant" (emphasis added)), and the government's investigation here was wide-ranging and significantly broader than the facts that serve as the bases for Plaintiffs' claims.

---

[5]   Incredibly, Plaintiffs' first request, on its face, seeks documents related to any investigation of Defendants on any topic. Of course, documents related to investigations beyond the scope of Plaintiffs' claims are not discoverable in this action. *See* Fed. R. Civ. P. 26(b) (discovery limited to material "relevant to the claim or defense").

In *In re Fannie Mae*, 362 F. Supp. 2d at 38-39, the court rejected plaintiffs' argument that a request for all documents produced in connection with governmental and regulatory investigations was sufficiently particularized to lift the PSLRA discovery stay because "[t]he documents produced in response to those investigations, however, are voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint." *See also In re Subpoena Duces Tecum Served on Duke Energy Corp.*, No. 3:05-MC-201, 2005 WL 2674938, at **2-3, 6 (W.D.N.C. Oct. 18, 2005) (denying plaintiffs' attempt to obtain discovery of all documents produced by a third-party to the government, where certain documents were not relevant to plaintiffs' claims and thus not discoverable pursuant to Fed. R. Civ. Pro. 26); *Faulkner*, 156 F. Supp. 2d at 384 (declining to lift PSLRA stay for documents previously produced to third party where all of the documents were not relevant to the securities fraud claim at issue); *Levner v. Saud*, No. 92 Civ. 7122, 1993 WL 187899 (S.D.N.Y. May 17, 1993) (denying discovery of documents produced to the SEC because the plaintiff's request did not comply with applicable discovery standard).

The same is true here:  Only a sub-set of the voluminous documents produced to the government are actually relevant to Plaintiffs' claims.  This is especially the case here where the bulk of Defendants' production to the SEC were e-mails responsive to a subpoena that was not directed at topically-relevant documents, but required production of all e-mail from certain custodians over specific time frames that included certain broad search terms.  In making these productions, SBFM understood that many of the documents would not be relevant to the issues related to Plaintiffs' claims, but agreed to the protocol to allow for quick production of documents to the SEC.  Thus, many of the documents produced to the government are irrelevant to Plaintiffs' claims and not discoverable at any time by Plaintiffs.

Reviewing the voluminous productions made to the government -- hundreds of thousands of pages -- to identify the relevant documents for production would likely take months, be extraordinarily expensive, and cause an undue burden to Defendants.[6/]  Requiring such a review would be the exact type of burden on defendants that the PSLRA stay is intended to delay until after a court has determined that plaintiffs' claims have merit.  Otherwise, defendants may be forced into early settlements of meritless claims simply to avoid the discovery burden.  Given the strong grounds for Defendants' expected motion to dismiss and the purpose of the PSLRA, Defendants should not be required to undertake such a burden now, before the Court determines whether Plaintiffs have a legally cognizable claim.

> 2.    *Plaintiffs' requests for documents not produced to the government are overbroad.*

Plaintiffs' requests for documents beyond those produced to the government are also not sufficiently particularized to alleviate Plaintiffs' alleged undue prejudice.  (*See* Pls.' Anticipated Disc. Reqs., Req. Nos. 2-4.)  Plaintiffs do not even attempt to explain how obtaining these documents will serve that purpose.  They make no argument that obtaining these documents will allay the specific undue prejudice they allege:  the alleged disadvantage resulting from not having access to documents previously produced to the government.  Instead, Plaintiffs simply cite cases with different facts as instances where the courts allowed production of narrow sets of documents that were aimed at removing a plaintiff's undue prejudice.  Here, however, Plaintiffs' anticipated requests seek a broad set of documents related to the SEC settlement and the primary issues in the SEC investigation, *i.e.*, (1) the "side letter" between Citigroup Asset Management

---

[6/]    Furthermore, in making productions to the government, Defendants reserved all applicable privileges.  Thus, before making any production of such documents to Plaintiffs, Defendants would be required to undertake the additional burden of reviewing the documents for any privileges.

and First Data Investor Service Group and (2) the "sub-TA" agreement between First Data and

Defendant SBFM's predecessor. *Id.* Because these two documents serve as the primary bases

for Plaintiffs' claims, and were the primary documents relied on by the SEC, there are thousands

of documents that could be responsive to these requests. Such documents are not easily

identifiable, and Defendants would suffer an undue burden by being required to undertake an

extensive and costly review for responsiveness and privilege.

## II.   ALL OF PLAINTIFFS' CLAIMS ARE SUBJECT TO THE PSLRA DISCOVERY STAY.

To a varying degree, the two competing Plaintiffs' groups argue that the PSLRA stay

does not apply to their ICA and state law claims. However, as Defendants' explained in their

opening brief (*see* Defs.' Mem. at 3-7), the fact that Plaintiffs' ICA and state law claims are

based on identical operative facts as their Exchange Act claim renders all of Plaintiffs' claims

subject to the PSLRA discovery stay.

The three cases cited by Plaintiffs to suggest that their ICA and state law claims are not

subject to the PSLRA stay are distinguishable from the instant case or do not support their

contention. First, the court in *In re Mutual Funds Investment Litigation*, No. MDL-15863, 2005

WL 549534 (D. Md. 2005), did not find that the PSLRA discovery stay was inapplicable in the

first instance to all of the plaintiffs' claims, which included ICA and state law claims. That case,

relying on *WorldCom*, only stands for the unremarkable proposition that, where undue prejudice

exists because of exceptional circumstances not in existence here, the court may *lift* the stay to

14

the extent necessary to avoid the undue prejudice.[2/] *Id.* at *1. In fact, the court in *In re Mutual Funds* noted that the PSLRA stay did apply to all claims against certain defendants. *Id.* at *1 n.1.

Second, *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001) likewise does not stand for the proposition that the discovery stay does not apply to Plaintiffs' ICA and state law claims. In *Tobias*, the court ruled that discovery could proceed despite the PSLRA discovery stay with respect to state law claims that did "not *mirror* the federal securities claims . . . ." *Id.* at 168 (emphasis added). The court did note that the discovery stay *would apply* to Plaintiffs' common law fraud claim, which was based on the same facts as the federal securities claims. *See id.* at 164-65 & n.3. Subsequent cases have made clear that *Tobias* only stands for the proposition that claims "that are *distinct* from the federal securities claims . . . are not subject to the discovery stay." *Angell Invs. L.L.C. v. Purizer Corp.*, No. 01 C 6359, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001) (emphasis added); *see also Rampersad*, 381 F. Supp. 2d at 134 (distinguishing *Tobias* and applying PSLRA stay to plaintiff's RICO and state law claims because they "arise from the same allegations" as the federal securities claims); *Benbow*, 2003 WL 1873910, at *5 ("It is apparent that, in large part, the court's decision [in *Tobias*] turned upon the fact that the plaintiff's state law claims [were] *distinct* from and not merely state analogs to the plaintiff's alleged federal securities violations." (emphasis added)); *Sarantakis*, 2002 WL 1803750, at *4; *Faulkner*, 156 F. Supp. 2d at 402-03. Thus, the key inquiry is whether claims that are not independently subject to the PSLRA are based on the same facts as federal securities claims that are subject to the PSLRA. Here, the claims are all based on the exact same facts. As explained in Defendants' opening brief (*see*

---

[2/]    Plaintiffs' own citation to this case acknowledges that the case involved *lifting* the PSLRA stay, and thus, was not a case where the court held the PSLRA discovery stay did not apply in the first instance. (*See* Engineers Local Mem. at 12.)

Defs.' Mem. at 2-3, 6-7), each of Plaintiffs' claims rely on the same set of facts and incorporate by reference all allegations related to each claim. Plaintiffs do not argue otherwise. Therefore, even under the court's reasoning in *Tobias*, the PSLRA discovery stay would apply to all of Plaintiffs' claims.[8/]

Finally, *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 Civ. 6942 (SAS), 2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) does not hold otherwise. In *Seippel*, the court allowed discovery on two non-securities state law claims brought with a securities fraud claim only after finding that the PSLRA stay's purposes would not be furthered by applying the stay. The determining factor was that the court had previously found the state law claims to be legally sufficient and the only remaining threshold legal question was on a "narrow and specific factual ground," that did "not affect [the court's] finding with respect to the sufficiency of the [plaintiff's] factual allegations." *Id.* at *3. The instant case is different: Allowing Plaintiffs to engage in discovery for their ICA and state law claims would thwart Congress's objectives in passing the PSLRA (*see* Defs.' Mem. at 4-7, and section I.A. *supra*) because, among other reasons, Defendants expect to move to dismiss each of Plaintiffs' claims and this Court has not yet determined the sufficiency of any of Plaintiffs' claims. Thus, *Seippel* is inapposite here.

In the event that the Court does not find that the PSLRA stay automatically applies to the ICA and state law claims, as explained in Defendants' opening brief (*see* Defs.' Mem. at 11-20),

---

[8/]    *Tobias* is also distinguishable from the instant case because the court based its decision, in part, on its finding that the PSLRA stay's policies would not be frustrated if discovery on the state law claims was allowed. *Id.* at 166. Specifically, the court noted that the case had not been filed as a class action so that there was "little, if any, coercive aspect to plaintiff's discovery demands." *Id.* Here, Plaintiffs have filed a putative class action, and as explained above (*see supra* pp. 7-10, 12-14), the burdensome discovery demands could have the undesired coercive effect.

this Court should exercise its discretion under Fed. R. Civ. P. 26(c) to issue a protective order staying all discovery pending resolution of Defendants' expected motion to dismiss.

## CONCLUSION

For the reasons stated herein and in Defendants' opening brief, this Court should stay all discovery pending resolution of Defendants' expected motion to dismiss.

Respectfully submitted,

  /s/ Robert B. McCaw
Robert B. McCaw (RM-7427)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

and

Mark D. Cahn
Michael Plotnick
WILMER CUTLER PICKERING HALE
   AND DORR LLP
2445 M Street, NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363

***Counsel for Defendants Smith Barney
Fund Management LLC and
Citigroup Global Markets Inc.***

Dated:  January 6, 2006

17