UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                     :       05 Civ. 7583 (WHP)
IN RE SMITH BARNEY TRANSFER
AGENT LITIGATION                         :       MEMORANDUM AND ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Presently before this Court is Plaintiffs' motion to lift the stay of discovery mandated by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Plaintiffs assert claims against Defendants Smith Barney Fund Management LLC ("Smith Barney") and Citigroup Global Markets, Inc. ("Citigroup Global Markets") (collectively, the "Defendants") pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and Sections 36(a) and 36(b) of the Investment Company Act of 1940 (the "ICA"), 15 U.S.C. § 80a-35.  Plaintiffs also assert claims of unjust enrichment and civil conspiracy.  For the reasons set forth below, Plaintiffs' motion to lift the discovery stay is denied.

BACKGROUND

        The facts underlying this Order are set forth in this Court's Order dated April 17, 2006, familiarity with which is assumed.  See In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2006 WL 991003, at *1-2 (S.D.N.Y. Apr. 17, 2006).  Additionally, in 2005, the Securities and Exchange Commission (the "SEC") brought fraud charges against Citigroup Global Markets and Smith Barney based on facts similar to those alleged here.  That action was settled on May 31, 2005 for $208 million.  (Plaintiffs' Ex. 1.)  Prior to the settlement, Defendants produced to the SEC hundreds of thousands of pages of discovery relating to the fraud charges.

(Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Lift the PSLRA Discovery Stay, dated Jan. 6, 2005 ("Def. Opp. Mem.") at 13.)

Plaintiffs seek to lift the stay of discovery imposed by the PSLRA in order to obtain the following: (1) all documents produced by Defendants to the SEC; (2) any documents reflecting the terms of Defendants' settlement with the SEC; and (3) documents relevant to Plaintiffs' ICA and state law claims. Defendants have indicated their intention to file a motion to dismiss these actions. (Def. Opp. Mem. at 1.)

DISCUSSION

I.   Legal Standard

In actions subject to the PSLRA, discovery is stayed pending the resolution of a contemplated motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B); In re Royal Ahold N.V. Sec. & ERISA Litig., 220 F.R.D. 246, 249 (D. Md. 2004). The mandatory PSLRA discovery stay cannot be lifted unless discovery is required to (1) preserve evidence, or (2) prevent undue prejudice to plaintiffs. 15 U.S.C. § 78u-4(b)(3)(B); see also Riggs v. Termeer, No. 03 Civ. 4014 (MP), 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003); In re Trump Hotel S'holder Derivative Litig., No. 96 Civ. 7820 (HBP), 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997). The PSLRA also requires that plaintiffs' discovery requests be "particularized" for the stay to be lifted. 15 U.S.C. § 78u-4(b)(3)(B). Congress enacted these provisions to prevent exploitation of the class action mechanism by plaintiffs in securities cases. For example, before enactment of the PSLRA, plaintiffs could use the expensive discovery process as leverage to coerce defendants into settling meritless claims. See Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir.

2000); In re Vivendi Universal, S.A., Sec. Litig., 381 F. Supp. 2d 129 (S.D.N.Y. 2003).

II.     Securities Claims

Plaintiffs do not allege that lifting the PSLRA stay is necessary to preserve evidence. Thus, the stay can only be lifted on a showing that particularized discovery is necessary to prevent undue prejudice. "Undue prejudice" in the context of a discovery stay means improper or unfair treatment amounting to something less than irreparable harm. Vacold LLC v. Cerami, No. 00 Civ. 4024 (AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) (citing Med. Imaging Ctrs. Of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 720 (S.D. Cal. 1996)); see also In re Vivendi, 381 F. Supp. 2d at 130; In re Elan Corp. Sec. Litig., No. 02 Civ. 865 (FM), 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004). Plaintiffs argue that the discovery stay would unfairly delay the discovery of inculpatory evidence and hinder Plaintiffs' ability to formulate settlement and litigation strategies. Neither of these concerns justifies lifting the stay.

"Undue prejudice" does not arise from a delay in the gathering of evidence or the development of settlement or litigation postures. See In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002); see also SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal., 189 F.3d 909, 912 (9th Cir. 1999) (inability to gather evidence to defend a motion to dismiss is insufficient to lift the PSLRA discovery stay); In re Fannie Mae Sec. Litig., 362 F. Supp. 2d 37, 39 (D.D.C. 2005) (stating that inability to plan litigation and settlement strategies does not constitute undue prejudice). This is because "delay is an inherent part of every stay of discovery required by the PSLRA." In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d at 287.

The precedent cited by Plaintiffs involves exceptional circumstances that are not present in this case. In <u>In re WorldCom, Inc. Sec. Litig.</u>, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), for example, the defendant was insolvent and settlement discussions in related ERISA proceedings were moving forward by court order. Without access to the documents available to other litigants, the plaintiffs would have been at a disadvantage in competing with the ERISA litigants for a limited pool of settlement funds. <u>In re WorldCom</u>, 234 F. Supp. 2d at 305-06. Under this unique set of circumstances, the court found the PSLRA discovery stay to be unduly prejudicial. <u>In re WorldCom</u>, 234 F. Supp. 2d at 305; <u>see also</u> <u>In re Royal Ahold N.V.</u>, 220 F.R.D. at 250-53 (lifting the stay as to an insolvent defendant, but upholding the stay as to a solvent defendant); <u>In re Williams Sec. Litig.</u>, No. 02-CV-72H (M), 2003 WL 22013464, at *1 (N.D. Okla. May 22, 2003) (lifting the PSLRA stay where defendant was "fighting for its corporate life by selling assets, reducing its work force and settling disputes with others").

Here, the Defendants are solvent. Plaintiffs offer no evidence that Defendants lack the resources needed to reach a settlement or to satisfy a judgment. <u>See, e.g.</u>, <u>In re Vivendi</u>, 381 F. Supp. 2d at 130-31 (refusing to find undue prejudice absent a showing of exceptional circumstances that would potentially leave plaintiffs unable to recover, such as bankruptcy or other ongoing settlement negotiations); <u>Rampersad v. Deutsche Bank Sec., Inc.</u>, 381 F. Supp. 2d 131, 134 (S.D.N.Y. 2003) (same).

Plaintiffs also claim that because Defendants have previously produced much of the requested material to the SEC, Defendants could easily produce the same material to Plaintiffs. This consideration is irrelevant. <u>Sarantakis v. Gruttadauria</u>, No. 02 Civ. 1609, 2002 WL 1803750, at *4 (N.D. Ill. Aug. 5, 2002). There is no exception to the discovery stay for cases in which discovery would not burden the defendant. The proper inquiry under the PSLRA

-4-

is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay.  See Elan Corp. Sec. Litig., 2004 WL 1303638, at *1 (refusing to lift the discovery stay where the documents had already been produced to the SEC); Rampersad, 381 F. Supp. 2d at 133 (same).

Plaintiffs' have identified no "prejudice" beyond the routine delay arising from the PSLRA stay.  Because no exceptional circumstances are present in this case, discovery will remain stayed as to Plaintiffs' securities claims.

III.    Non-Securities Claims

Plaintiffs contend that discovery may proceed with respect to their state common law and ICA claims because those claims fall outside the purview of the PSLRA.  This Court disagrees.

"There is simply nothing in either the text or the legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be . . . pendent state law claims."  In re Trump Hotel S'holder Litig., 1997 WL 442135, at *2.  The PSLRA stay applies to "all discovery" in "any private action arising under this chapter."  15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  Nor will the stay be lifted on a line-item basis for non-securities claims that are alleged in a securities complaint.  The PSRLA stay is not limited to discovery related to securities claims.  Rather, the stay applies to "all discovery" in any "action" under the PLSRA's purview, regardless of whether non-securities claims are alleged.  Winer Family Trust v. Queen, No. Civ. A. 03-4318 (JRP), 2004 WL 350181, at *4 (E.D. Pa. Feb. 6, 2004) (holding that "the PSLRA stay of 'all discovery' encompasses the [state law claims] set forth in the . . . Complaint"); see also Riggs, 2003 WL 21345183, at *1 (holding that the PSLRA

-5-

-6-

discovery stay applies to non-securities claims).

Indeed, if plaintiffs could circumvent the stay by including non-securities claims in a complaint, the PSLRA's requirements would essentially be vitiated.  See Sarantakis, 2002 WL 1803750, at *4 ("[L]ifting the mandatory stay as to the closely related state claims would be equivalent to lifting the stay for the federal claims and would be an improper end run around the PSLRA.").  "Congress could not possibly have intended for the PSLRA to be so easily marginalized."  In re AOL Time Warner, Inc. Sec. & ERISA Litig., No. MDL No. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003); see also Winer Family Trust, 2004 WL 350181, at *2 ("Congress' attempt to address concerns of discovery abuse would be rendered meaningless if securities plaintiffs could circumvent the PSLRA stay . . . simply by asserting pendent state law claims . . .").

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion to lift the PSLRA discovery stay is denied.

Dated: June 26, 2006
      New York, New York

                    SO ORDERED:

                    WILLIAM H. PAULEY III
                    U.S.D.J.

*Counsel of Record*:

Sandy A Liebhard, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016
*Counsel for Lead Plaintiffs*

Robert B. McCaw, Esq.
Wilmer, Cutler & Pickering
399 Park Avenue, 30th Floor
New York, NY 10022
*Counsel for Defendants*