

```
                                                    USDC SDNY
                                                    DOCUMENT
                 STULL, STULL & BRODY    ELECTRONICALLY FILED
                        ATTORNEYS AT LAW
                        6 EAST 45th STREET   DOC #: _____
                        NEW YORK, N.Y. 10017
                                             DATE FILED: 2/8/11
TELEPHONE                                                              TELECOPIER
212-687-7230                                                          212-490-2022
```

February 4, 2011

Via Federal Express

Hon. William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10017

RECEIVED FEB -7 2011 CHAMBERS OF WILLIAM H. PAULEY U.S.D.J.

    Re: In Re Smith Barney Transfer Agent Litigation
       Consolidated Action 05-Civ. 7583 (WHP)

Dear Judge Pauley:

  We represent Charles Walkiewicz, Bharat U. Shah, Renee Miller, Richard W. Rees and Carol A. Rees (collectively the "Applicants"), all of whom purchased mutual fund shares in the Smith Barney family of funds (the "Funds") during the Class Period[1] alleged in the referenced action.[2] In light of Your Honor's January 25, 2011 ruling on Defendants' motion to dismiss ("January 25 Order"), the Applicants submit this letter pursuant to Rule 3(A)(i) of this Court's Individual Rules in order to request a Pre-Motion Conference seeking permission to file a Motion to Intervene, or for other relief which would enable them to pursue their potential claims against Defendants.

  The June 1, 2006 Complaint plead claims on behalf of investors in all 105 Smith Barney mutual funds, and therefore purported to represent and protect the interests of all Class Period Smith Barney Fund investors. Your Honor has ruled, however, that "...Plaintiffs lack standing to pursue claims related to the Smith Barney Funds in which no named plaintiff invested". January 25 Order, at p.12. Because the named plaintiffs included in the Complaint made purchases in only 2 of the 105 Smith Barney Funds, the claims of investors in the other 103 Funds have effectively been dismissed for lack of standing, and those investors are now unrepresented and unprotected. The Applicants are among this group of newly-dismissed Smith Barney investors, and now seek to take the appropriate steps to protect their rights and pursue the claims set forth in the Complaint.

### Relevant Background to the Litigation

  The Complaint alleges that Defendants misled Fund investors by concealing their scheme to withhold fee discounts obtained through its transfer agent which services from the Funds. Plaintiffs asserted claims against Defendants pursuant to, *inter alia*, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, and Section 36(b) of the Investment Company Act of 1940 ("ICA").

  Between August 26, 2005 and September 30, 2005, five actions alleging substantially similar facts including *Chilton v. Smith Barney Fund Management LLC, and Citigroup Global Markets, Inc.*,

---

[1] The Consolidated and Amended Complaint, filed on June 1, 2006 ("Complaint") alleges a class period of September 11, 2000 to May 31, 2005.

2 As part of the "Chiumento Group", Mr. Walkiewicz filed a motion for appointment as lead plaintiff on December 12, 2005 pursuant to the Private Securities Litigation Reform Act of 1995.

05-cv-7583 (WHC) (S.D.N.Y.) and *Shropshire v. Smith Barney Fund Management LLC* (collectively the "Five Actions") were filed in this Court.

On December 28, 2005, this Court consolidated the Five Actions under the caption *In re Smith Barney Transfer Agent Litigation*, 05-cv-7583(WHP) ("Consolidated Action"). Operating Local 649 Annuity Trust Fund ("Local 649") moved for selection as lead plaintiff and for designation of their attorneys, Bernstein Liebhard LLP ("Bernstein Leibhard") as lead counsel in the consolidated action. The Chiumento Group also moved for selection as lead plaintiff and for designation of their attorneys, Stull, Stull & Brody and Weiss & Lurie, as co-lead counsel. The Chiumento Group asserted that it should be appointed as a lead plaintiff because Local 649 did not own the funds held or purchased by members of the Chiumento Group and thus did not have standing to represent them.

On April 17, 2006, this Court appointed Local 649 as sole lead plaintiff ("Lead Plaintiff") and Bernstein Liebhard as Lead Plaintiffs' sole lead counsel ("Lead Counsel") ("April 17 Order"). The Court found that the lead plaintiff was not required to have held or purchased each mutual find purportedly covered by the Complaint and stated that, "[i]f in fact, every Fund requires representation in the class leadership, the lead plaintiff may include additional named plaintiffs in this consolidated action." April 17, 2006 Order, at p.8.

On April 19, 2006 the Court ordered Lead Plaintiff to file an Amended Complaint, which was filed on June 1, 2006. The Complaint did not include any members of the Chiumento Group.

On September 26, 2007 the Court granted Defendants' motion to dismiss and dismissed the Complaint in its entirety, granting Lead Plaintiff leave to replead only the claim Section 36(b) claim ("September 26 Order"). Lead Plaintiff did not replead that claim, and on October 26, 2007, Court directed the Consolidated Action closed.

On February 15, 2008, the Chiumento Group commenced an appeal of the Court's April 17, 2006 Order with the Second Circuit Court of Appeals (the "Second Circuit"), on the basis that Local 649 did not satisfy the adequacy or typicality requirements of Fed. R. Civ. Pro. 23(a) with respect to the funds in which its members had not invested, and only the Chiumento Group could have satisfied Rule 23(a) for the funds in which *its* members had invested. On April 15, 2008 the Local 649 Lead Plaintiffs commenced a Second Circuit appeal of the Court's September 26 Order.

On February 16, 2010, the Second Circuit affirmed the Court's dismissal of Lead Plaintiff's Section 36(b) claims, reversed the dismissal of the Exchange Act claims, and remanded the Consolidated Action back to this District Court.

On February 16, 2010, the Second Circuit affirmed this Court's April 17, 2006 Order appointing Local 649 as Lead Plaintiff and Bernstein Liebhard as sole Plaintiffs' Lead Counsel, finding the reasoning of this Court concerning the appointment of Lead Plaintiff appropriate.

On April 28, 2010, Defendants renewed their motion to dismiss the Complaint's Section 10(b) claims on grounds not reached in this Court's September 26, 2007 decision. Lead Plaintiff opposed that motion. On January 25, 2011, the Court granted Defendants' motion to dismiss in part and denied in part. In the January 25 Order, the Court ruled stated, *inter alia*, that "...Plaintiffs lack standing to pursue claims related to the Smith Barney Funds in which no named plaintiff invested." January 25 Order, at p.12. As a result, the Complaint does not protect the interests of purchasers of Smith Barney Funds that were not purchased by plaintiffs named in the Complaint, including each Applicant.

Hon. William H. Pauley III
February 4, 2011
Page 3

### Basis for Motion to Intervene or for Other Appropriate Relief

The Applicants, who consist of a member of the Chiumento Group and certain other purchasers of Smith Barney Funds during the proposed Class Period, respectfully request that this Court grant a pre-motion conference during which time they will seek permission to file of a Motion to Intervene or other appropriate relief. The Smith Barney Funds purchased during the Class Period by the Applicants differ completely from those of the Lead Plaintiff and the other plaintiffs named in the Complaint, and the January 25 Order has confirmed that the Applicants' interests are no longer protected by the Lead Plaintiff and Lead Counsel as to their investments.

Pursuant to Fed. R. Civ. Pro. Rule 24 ("Rule 24") the Applicants should be granted their request to intervene. Rule 24 states in relevant part that:

(a) Intervention of Right.

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General.

On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

The Applicants easily satisfy both prongs of Rule 24. Pursuant to Rule 24(a) Intervention of Right, the Applicants clearly have "an interest relating to the transaction that is the subject of the action", as they are not adequately represented by the existing party and its ability to protect their interests has been impaired. In addition, under Rule 24(b) Permissive Intervention, Applicants have a "claim or defense that shares with the main action a common question of law or fact." On this basis, the Applicants respectfully request that this Court grant a pre-motion conference in anticipation of the filing of a Motion to Intervene, or for other appropriate relief.

The Applicants purchased shares of the following Smith Barney Funds during the Class Period: Smith Barney Aggressive Growth Fund, Smith Barney Appreciation Fund, Smith Barney Large Cap Core Growth, Smith Barney Fundamental Value Fund, Smith Barney Managed Muni Fund, Smith Barney High Income Fund, Smith Barney Dividend Strategy Fund, Smith Barney Money Fund, Smith Barney Aggressive Growth Fund, Smith Barney Premium Total Return, Smith Barney Appreciation Fund, Smith Barney Fundamental Value ( collectively, "Applicant Funds"). None of the Applicant Funds were purchased during the Class Period by any plaintiff named in the Complaint.

We would be pleased to respond to any questions the Court may have.

Respectfully,

*Mark Levine*

Mark Levine

cc: Gregory M. Egleston, Esq.

Hon. William H. Pauley III
February 4, 2011
Page 4

    Joseph R. Seidman, Esq.
    Sandy A. Liebhard, Esq.
    Richard A. Acocelli, Jr., Esq.
    Brian A. Sutherland, Esq.
    David S. Lesser, Esq.
    Lori A. Martin, Esq.
    Peter K. Vigeland, Esq.
    Robert B. McCaw, Esq.
    Richard J. Movillo, Esq.
    Peter W. White, Esq.
    Jessica B. Pullman, Esq.

*[Handwritten:]* These issues will be addressed at the conference on February 15, 2011 at 11:00 AM.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

2/8/11