USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/5/11

SO ORDERED:

_William H. Pauley III U.S.D.J._

4/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMITH BARNEY
TRANSFER AGENT LITIGATION

05 Civ. 7583 (WHP)

## STIPULATION AND [PROPOSED] ORDER

IT IS HEREBY STIPULATED AND AGREED by and among the parties to this

litigation, through their undersigned attorneys, who represent that they are authorized to

make the agreement on behalf of their respective clients, as follows:

1.    This Stipulation shall govern all "Litigation Materials," which are

defined to include: (1) all documents or other information produced by any party or other

person or entity in response to any discovery request promulgated in this litigation; (2) all

documents or other information derived from other Litigation Materials, including all

copies, excerpts or summaries thereof; and (3) all depositions taken (and exhibits

thereto), and hearing transcripts prepared, in this litigation.

2.    Counsel for any person or entity subject to discovery in this

litigation may designate any Litigation Materials as "Confidential" to the extent that

counsel believes in good faith that such Litigation Materials contain or consist of trade

secrets or confidential, research, development, financial, or commercial information, or

that the disclosure of such Litigation Materials would otherwise result in annoyance,

embarrassment, or oppression of such person or entity, as those terms are used and

understood in Federal Rule of Civil Procedure 26(c)(1).  Such materials are referred to as

"Confidential Litigation Materials."

3.    The designation of Confidential Litigation Materials shall be made

in the following manner:

(a)     In the case of documents or other written materials (apart from transcripts of depositions or other pretrial testimony taken or offered in this litigation), by affixing the legend "Confidential" to each page containing any Confidential Litigation Materials;

(b)     In the case of depositions (and exhibits thereto), other pretrial testimony, or hearing transcripts, (i) by a statement on the record, by counsel, at the time of the disclosure of Confidential Litigation Materials; or (ii) by written notice, sent by counsel to the other party or other parties within ten (10) business days after receipt of the final transcript to counsel for the parties.  All transcripts shall be considered Confidential Litigation Materials until expiration of such ten-day period.  The court reporter shall be instructed to mark each designated page as "Confidential" in accordance with the designations of the designating party and the cover page of any transcript containing Confidential Litigation Materials shall indicate that the transcript contains such information.

4.     Failure to designate any Litigation Material as Confidential may be remedied by supplemental written notice designating the Litigation Material by its Bates stamp number and production of copies of the Litigation Material stamped with the legend "Confidential."  If such notice is given and stamped copies produced, all documents or other materials so designated shall thereafter be fully subject to this Stipulation as Confidential Litigation Materials.

5.     If any party objects to the designation of any Litigation Materials as Confidential, or seeks to use such Materials other than as permitted by this Stipulation, the party shall so state by letter to counsel for the person or entity making the

2

designation. If the issue cannot be resolved within ten (10) days following the service of such objection, the party objecting to the designation of the Litigation Materials or seeking to use such Materials may request that the Court determine whether the Materials at issue qualify for treatment as Confidential. Until the Court rules on such motion, the Litigation Materials at issue shall continue to be treated as Confidential pursuant to the party's designation.

      6.     Litigation Materials designated as Confidential shall not be disclosed, described or otherwise made available, directly or indirectly, by any person or entity receiving such materials to any persons or entities other than:

      (a)     the Court and persons employed by the Court and stenographers transcribing the testimony or argument at any hearing, trial, deposition or other formal proceeding in the litigation;

      (b)     the parties, their counsel, and any clerical, paralegal and secretarial staff employed by such counsel;

      (c)     actual or potential party or non-party fact witnesses, at or in preparation for deposition or trial testimony, or in the course of reviewing exhibits marked at the witness's own deposition in connection with the witness's review of his or her own deposition transcript for accuracy, provided that counsel making the disclosure has a reasonable basis to believe the witness will give relevant testimony regarding the Litigation Materials designated as Confidential, and provided that under no circumstances shall any fact witness be allowed to retain copies of Litigation Materials designated as Confidential in his or her possession;

(d)     the author, addressees and recipients of the Litigation

Materials;

(e)     consultants and experts retained by counsel for the parties

in the litigation to the extent necessary for such consultants or experts to prepare an

opinion or to assist counsel in the litigation, provided that the consultant or expert agrees

in writing to be bound by the terms of this Stipulation;

(f)     independent photocopying, graphic production services or

litigation support services employed by the parties or their counsel to assist in the

litigation, and computer service personnel performing duties in relation to a computerized

litigation system;

(g)     any mediator or other neutral party mutually agreed upon

by the parties to facilitate settlement negotiations; and

(h)     any other persons agreed to in writing by counsel for the

parties.

7.     Nothing herein shall be construed as conceding or affecting in any

way the admissibility of any document, testimony or other evidence. Nothing herein

shall be construed to limit in any way any party's or non-party's use of its own Litigation

Materials, including the party's or non-party's own Litigation Materials designated as

Confidential.

8.     Within sixty (60) days after termination of the litigation and all

court proceedings relating thereto, any person or entity possessing any Confidential

Litigation Materials produced in discovery, shall return all such Confidential Litigation

Materials, including all copies thereof, and documents or other information derived from

4

such Confidential Litigation Materials, to the producing person, entity, or their counsel, or, in lieu thereof, shall certify in writing that all such documents and materials have been destroyed. The foregoing shall not apply to any documents or Confidential Litigation Materials that have been appended to any papers submitted to the Court or made a deposition or hearing exhibit, in which case, a copy of such documents and materials may remain in counsel's files, otherwise subject to this Stipulation.

9. The production of any document or other information during discovery in the litigation shall be without prejudice to any claim that such document or other information is irrelevant to any claims or defenses raised in the litigation, and no party shall be held to have waived any rights by such production to make such claim.

10. If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person otherwise would be entitled. Moreover:

(a) If a claim of inadvertent production is made pursuant to this paragraph 10 with respect to information then in the custody of another party, such claim shall be made promptly upon learning of the inadvertent production, and, unless disputed by the other party (in which case the procedure outlined in paragraph 10(b) shall apply) the other party promptly shall return to the claiming party or person those materials (and all copies or reproductions thereof) as to which the claim of inadvertent production has

5

been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database.

        (b)     If a claim of inadvertent production is made pursuant to this paragraph 10 and another party objects to said claim on the ground that the Litigation Material at issue is not subject to any privilege or protection, the objecting party shall so state by letter to counsel for the person or entity making the claim. If the issue cannot be resolved within ten (10) days following the service of such objection by letter, the party objecting to the inadvertent production claim may request that the Court or any other person mutually agreed upon by the parties determine whether the Materials at issue qualify for protection. Until the Court or some other mutually designated third party rules on such motion, the party objecting to the claim shall not use the material at issue in any way in the litigation and shall treat said Materials as subject to the claimed privilege or protection.

        11.     Parties must obtain leave of Court before filing any document under seal in this case. If leave is granted, parties must file redacted copies with the Clerk of the Court.

        12.     This Stipulation may be executed by each party in counterparts.

6

Respectfully submitted this ___ day of April, 2011.

Lori A. Martin
Peter K. Vigeland
Brian A. Sutherland
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
lori.martin@wilmerhale.com
peter.vigeland@wilmerhale.com
brian.sutherland@wilmerhale.com

*Counsel for Defendants Smith Barney Fund
Management LLC and Citigroup Global
Markets Inc.*

Stanley D. Bernstein
U. Seth Ottensoser
Joseph R. Seidman, Jr.
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
bernstein@bernlieb.com
ottensoser@bernlieb.com
seidman@bernlieb.com

*Counsel for Plaintiff*

Richard J. Morvillo
Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 Fifteenth Street, NW, Suite 850
Washington, DC  20005
Tel: (202) 729-7470
Fax: (202) 730-4520
richard.morvillo@srz.com
pete.white@srz.com

*Counsel for Defendant Lewis E. Daidone*

## ORDER

IT IS SO ORDERED.

Dated: _____

William H. Pauley III
U.S.D.J.

7

Respectfully submitted this 5ᵗʰ day of April, 2011.

_Lori A. Martin_
Peter K. Vigeland
Brian A. Sutherland
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
lori.martin@wilmerhale.com
peter.vigeland@wilmerhale.com
brian.sutherland@wilmerhale.com

*Counsel for Defendants Smith Barney Fund*
*Management LLC and Citigroup Global*
*Markets Inc.*

_Richard J. Morvillo_
Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 Fifteenth Street, NW, Suite 850
Washington, DC 20005
Tel: (202) 729-7470
Fax: (202) 730-4520
richard.morvillo@srz.com
pete.white@srz.com

*Counsel for Defendant Lewis E. Daidone*

Stanley D. Bernstein
Joseph Seidman
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
bernstein@bernlieb.com
seidman@bernlieb.com

*Counsel for Plaintiff*

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
William H. Pauley III
U.S.D.J.

7