**BERNSTEIN LIEBHARD LLP**
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/11

*[Handwritten note:] The parties are directed to appear for a teleconference on June 20, 2011 at 2:00pm. The parties shall jointly initiate the call to the Court.*

**SO ORDERED:**

_____
WILLIAM H. PAULEY III U.S.D.J.
6/7/11

May 23, 2011

**BY HAND**

The Honorable William H. Pauley
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

  Re: *In re Smith Barney Transfer Agent Litig.*, 05cv-7583 (WHP)

Dear Judge Pauley:

  We are counsel for lead plaintiff Operating Local 649 Annuity Trust Fund ("Local 649"). Local 649 filed its second amended consolidated complaint on May 5, 2011 (the "SCAC"). We write this letter pursuant to Your Honor's pre-motion conference requirement. <u>We would like to make a motion to add one additional named plaintiff whose certification did not arrive until after the SCAC was filed.</u>

  On Monday, May 9, 2011, two business days after the SCAC was filed, we received a certification from a Renee Miller who invested in one of the Smith Barney funds and who would like to be a named plaintiff in this action. Ms. Miller was unable to provide the certification on time because she was on vacation. Between Tuesday, May 10, 2011 and Thursday, May 12, 2011, I was in contact with counsel for Smith Barney Fund Management LLC and Citgroup Global Markets, Inc. (the "Citi Defendants") about this issue. On Thursday May 12, 2011, Citi Defendants' counsel told me the Citi Defendants would not accept a late certification for a named plaintiff not listed in the SCAC.[1]

  In the January 25, 2011 decision (the "Decision"), Your Honor sustained Plaintiffs' 10(b) claims, but held that Plaintiffs needed standing in each Smith Barney fund to represent shareholders of that fund. We are trying to comply with Your Honor's

---

[1] Separately, Citi Defendants' counsel did consent to accepting a late certification for a named plaintiff who *was* listed in the SCAC.



BERNSTEIN LIEBHARD LLP

The Honorable William H. Pauley
May 23, 2011
Page 2

Decision by including as named plaintiffs clients who invested in each of the various Smith Barney funds.

There is no prejudice to Defendants in allowing a late certification. In fact, that the Citi Defendants agreed to allow a late certification where the named plaintiff was listed in the SCAC illustrates the fact that there is no prejudice to Defendants.

Accordingly, we request permission to make a motion requesting leave to add one named plaintiff who was not in the SCAC.

                                  Respectfully submitted,

                                  Joseph R. Seidman, Jr.

JRS/js

Cc:    Lori Martin, Esq. (by email)
        Richard Morvillo, Esq. (by email)

38539v1