**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | 05 Civ. 7583 (WHP) |
| SMITH BARNEY TRANSFER AGENT LITIGATION | ECF case |
| This document relates to:  all actions | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS THAT THE NEWLY NAMED PLAINTIFFS' CLAIMS ARE TIME-BARRED

WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, New York  10022
(212) 230-8800

*Counsel for Defendants Smith Barney Fund*
*Management LLC and Citigroup Global*
*Markets Inc.*

SCHULTE ROTH & ZABEL LLP
1152 Fifteenth Street, NW, Suite 850
Washington, DC  20005
(202) 729-7470

*Counsel for Defendant*
*Lewis E. Daidone*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

STATEMENT OF FACTS ......................................................................................2

ARGUMENT .......................................................................................................5

I.      STANDARD OF REVIEW ...........................................................................5

II.     ALL THE CLAIMS BROUGHT BY THE NEW PLAINTIFFS ARE
        UNTIMELY ABSENT TOLLING...................................................................5

        A.      The New Plaintiffs' Claims Are Barred By The Five-Year Statute Of
                Repose.................................................................................................6

        B.      The New Plaintiffs' Claims Are Barred By The Two-Year Statute Of
                Limitations ...........................................................................................6

III.    THE FIRST AMENDED COMPLAINT DID NOT TOLL THE CLAIMS BY
        THE NEW PLAINTIFFS ............................................................................7

        A.      *American Pipe* Tolling Does Not Extend Tolling For An Action Brought
                On Behalf Of A Class ...........................................................................8

        B.      Tolling Principles Cannot Extend The Five-Year Statute Of Repose ...................11

        C.      *American Pipe* Does Not Extend The Statute Of Limitations For Claims
                For Which No Named Plaintiff In A Prior Proceeding Had Standing To
                Pursue...............................................................................................16

CONCLUSION...................................................................................................19

## TABLE OF AUTHORITIES

### CASES

*American Pipe & Construction Co. v. Utah,*
    414 U.S. 538 (1974)............................................................................*passim*

*Boilermakers National Annuity Trust Fund v. WaMu Mortgage Pass Through
    Certificates, Series AR1,*
    748 F. Supp. 2d 1246 (W.D. Wash. 2010).................................................17

*Crown, Cork & Seal Co. v. Parker,*
    462 U.S. 345 (1983)...........................................................................9

*Footbridge Limited Trust v. Countrywide Financial Corp.,*
    No. 10 Civ. 367, 2011 WL 907121 (S.D.N.Y. Mar. 16, 2011) .......................12, 13

*Griffin v. Singletary,*
    17 F.3d 356 (11th Cir. 1994) ...............................................................10

*Harris v. City of New York,*
    186 F.3d 243 (2d Cir. 1999)..................................................................5

*In re American Funds Securities Litigation,*
    No. CV 06-7815-GAF, 2011 U.S. Dist. LEXIS 51109 (C.D. Cal. Feb. 22, 2011) .................6

*In re Colonial Ltd. Partnership Litigation,*
    854 F. Supp. 64 (D. Conn. 1994).............................................................17

*In re Crazy Eddie Securities Litigation,*
    747 F. Supp. 850 (E.D.N.Y. 1990) ......................................................8, 9, 10

*In re Elscint, Ltd. Securities Litigation,*
    674 F. Supp. 374 (D. Mass. 1987) ..........................................................10

*In re Exxon Mobil Corp. Securities Litigation,*
    500 F.3d 189 (3d Cir. 2007)..................................................................6

*In re Flag Telecom Holdings, Ltd. Securities Litigation,*
    352 F. Supp. 2d 429 (S.D.N.Y. 2005)........................................................14

*In re Lehman Brothers Securities & ERISA Litigation,*
    No. 09 md 02017, 2011 WL 1453790 (S.D.N.Y. Apr. 13, 2011)...........................13

*In re Maxim Integrated Products, Inc., Deriv. Litigation,*
    574 F. Supp. 2d 1046 (N.D. Cal. 2008) ................................................................6

*In re NYSE Specialists Securities Litigation,*
    503 F.3d 89 (2d Cir. 2007)....................................................................................5

*In re Salomon Analyst Level 3 Litigation,*
    350 F. Supp. 2d 477 (S.D.N.Y. 2004)...................................................................4

*In re Smith Barney Fund Transfer Agent Litigation,*
    No. 05 Civ. 7583, 2007 WL 2809600 (S.D.N.Y. Sept. 26, 2007) ........................3

*In re Smith Barney Transfer Agent Litigation,*
    765 F. Supp. 2d 391 (S.D.N.Y. 2011).............................................................4, 18

*In re Wells Fargo Mortgage-Backed Certificates Litigation,*
    No. 09 Civ. 1376, 2010 U.S. Dist. LEXIS 124498 (N.D. Cal. Oct. 19, 2010) ......17

*In re WorldCom Securities Litigation,*
    496 F.3d 245 (2d Cir. 2007)................................................................................16

*Joseph v. Wiles,*
    223 F.3d 1155 (10th Cir. 2000) ....................................................................13, 14

*Korwek v. Hunt,*
    827 F.2d 874 (2d Cir. 1987).........................................................................8, 9, 10

*Kruse v. Wells Fargo Home Mort., Inc.,*
    No. 02 Civ. 3089, 2006 U.S. Dist. LEXIS 26092 (E.D.N.Y. May 3, 2006)......10, 17

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,*
    501 U.S. 350 (1991)................................................................................... *passim*

*Maine State Retirement System v. Countrywide Finance Corp.,*
    722 F. Supp. 2d 1157 (C.D. Cal. 2010) ..............................................................17

*Merck & Co. v. Reynolds,*
    130 S. Ct. 1784 (2010).....................................................................................6, 15

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,*
    547 U.S. 71 (2006)..............................................................................................15

*New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.,*
    No. 08 Civ. 5653, 2010 U.S. Dist. LEXIS 136142 (S.D.N.Y. Dec. 15, 2010) ......17

*Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman,*
  277 B.R. 20 (S.D.N.Y. 2002).................................................................................................14

*Ofori-Tenkorang v. American International Group, Inc.,*
  460 F.3d 296 (2d Cir. 2006)....................................................................................................5

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC,*
  595 F.3d 86 (2d Cir. 2010).......................................................................................................3

*P. Stoltz Family Partnership L.P. v. Daum,*
  355 F.3d 92 (2d Cir. 2004)...............................................................................................11, 12

*SEC v. Wyly,*
  No. 10 Civ. 5760, 2011 U.S. Dist. LEXIS 35793 (S.D.N.Y. Mar. 31, 2011).........................15

*Take-Two Interactive Software, Inc. v. Brant,*
  No. 06 Civ. 05279, 2010 WL 1257351 (S.D.N.Y. Mar. 31, 2010) ...............................6, 11, 15

*Troni v. Holzer,*
  No. 09 Civ. 10239, 2010 WL 3154852 (S.D.N.Y. July 29, 2010) ......................................5, 11

*Walters v. Edgar,*
  163 F.3d 430 (7th Cir. 1998) ............................................................................................16, 17

**STATUTES , CODES & RULES**

28 U.S.C. § 1658(b)(1) ...................................................................................................*passim*

28 U.S.C. § 1658(b)(2) ...................................................................................................*passim*

28 U.S.C. § 2072(b) .............................................................................................................13

Fed. R. Civ. P. 23 ................................................................................................................13

Sarbanes-Oxley Act of 2002, 107 Pub. L. 204 § 804(a), 116 Stat. 745, 801................................15

**OTHER AUTHORITIES**

Calvin W. Corman, *Limitation of Actions*, § 1.1 (1991)..............................................................12

Order Approving Plan of Distribution to the Smith Barney Funds, Exchange Act Release
  No. 61917 (Apr. 15, 2010)....................................................................................................19

S. REP. No. 107-146, 2002 WL 863249 (May 6, 2002)..............................................................12

Defendants Smith Barney Fund Management LLC, Citigroup Global Markets Inc. ("together, the "Citi Defendants"), and Lewis E. Daidone respectfully submit this memorandum of law in support of their motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This motion challenges as time-barred the claims brought by plaintiffs who asserted claims for the first time in the Second Consolidated and Amended Class Action Complaint ("Second Amended Complaint"), dated May 5, 2011, or the Third Consolidated and Amended Class Action Complaint ("Third Amended Complaint"), dated June 30, 2011.[1] These new plaintiffs asserted their claims more than five years after the Securities and Exchange Commission ("SEC") issued an Order, dated May 31, 2005 (the "SEC Order"), against the Citi Defendants and relating to the same transfer agent fee allegations that form the core of this action. The SEC Order provides plaintiffs' counsel with the principal, if not sole, basis for the allegations in all the complaints, starting with the Consolidated and Amended Class Action Complaint ("First Amended Complaint"), filed in June 2006, and ending with the Third Amended Complaint. The more than five-year lapse of time, absent tolling, is greater than that permitted by the applicable statute of repose, which provides that plaintiffs may not bring Section 10(b) claims more than "5 years after [the] violation." 28 U.S.C. § 1658(b)(2). The more than five year delay, absent tolling, is likewise greater than that permitted by the applicable statute of limitations, which provides that plaintiffs must bring their actions within "2 years after the discovery of the facts constituting the violation." 28 U.S.C. § 1658(b)(1). *See* Point II, *infra*.

---

[1] The new plaintiffs are Collette Luff, CTL/Thompson Inc., Robert and Ann Yiambellis, DVL 401(k) Plan, Bharat U. Shah, Steven W. Hall, Richard W. Rees, David Zagunis, Linda Rotskoff (on behalf of her company Jenlibrilo, Inc.) and Renee Miller (the "new plaintiffs").

The First Amended Complaint, filed in June 2006, cannot toll the five-year statute of repose or the two-year statute of limitations for three reasons. First, tolling does not extend the statute of limitations for *class* claims. The new plaintiffs cannot bring timely claims for other class members. *See* Point III.A. Second, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), cannot extend a legislatively created five-year statute of repose. No claims, be they individual or class claims, can be asserted after the extinguishment of the five-year period of repose applicable to Section 10(b) and Section 20(a) claims under the Securities and Exchange Act. *See* Point III.B. Those claims expired in February 2010, five years after the last alleged misrepresentation or omission. *See* Point II.A. Third, any tolling arising from *American Pipe* does not properly extend to Smith Barney funds for which the plaintiffs named in the First Amended Complaint lacked standing. *See* Point III.C.

The application of a statute of repose or statute of limitations did not deprive the new plaintiffs of potential recompense. They, and the investors in the Smith Barney funds they seek to represent, had the opportunity to seek restitution through the Fair Fund created when the Citi Defendants paid $183 million to settle the SEC's transfer agent investigation. None of the new plaintiffs asserted claims of restitution from the Fair Fund and, as here, opted to sleep on those rights.

## STATEMENT OF FACTS

On May 31, 2005, the SEC issued the SEC Order, which, without any admission of wrongdoing, resolved the SEC's allegations concerning transfer agent fees paid by the Smith Barney family of mutual funds and alleged misrepresentations or omissions concerning those fees. *Cf.* Second Amended Complaint ¶ 140; Third Amended Complaint ¶ 140. In August and September 2005, various plaintiffs filed civil complaints which tracked the allegations recited in

the SEC Order.[2]  On December 30, 2005, this Court consolidated the separately filed actions into

a single putative class action, and, on April 17, 2006, resolved competing motions for

appointment as lead plaintiff in favor of Operating Engineers Local 649 Annuity Trust ("Local

649").  *See* Dkt. No. 51 (Memorandum and Order dated Apr. 17, 2006) ("PSLRA Order"), at 11.

        In June 2006, Local 649 filed the First Amended Complaint, which identified two

additional plaintiffs, Jeanne Chilton and Jeffrey Weber, and purported to assert claims on behalf

of "all persons and entities who purchased, redeemed, or held shares of the Smith Barney

Funds ... between September 11, 2000 and May 31, 2005."  Dkt. No. 55 (First Amended

Complaint), at 1; *see id.* ¶ 23 (defining the "Funds" as "more than 105 open-end management

investment companies").  Although plaintiffs purported to assert claims on behalf of a class of

more than 105 mutual funds, the named plaintiffs allegedly purchased only two Smith Barney

funds during the putative class period.  *See id.* ¶¶ 14-16.

        In September 2007, the Court granted Defendants' motion to dismiss the First Amended

Complaint in full.  *See In re Smith Barney Fund Transfer Agent Litig.*, No. 05 Civ. 7583, 2007

WL 2809600, at *3-*5 (S.D.N.Y. Sept. 26, 2007).  On February 10, 2010, following an appeal,

the United States Court of Appeals for the Second Circuit affirmed in part and reversed in part

this Court's dismissal of the claim against the Defendants.  *See Operating Local 649 Annuity*

*Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86 (2d Cir. 2010).  In April 2010,

Defendants renewed their motion to dismiss the First Amended Complaint in this Court, on

grounds not reached by the Court in its dismissal of the First Amended Complaint and not

addressed in the Second Circuit's decision.

---

    [2] *See Chilton v. Smith Barney Fund Management LLC*, No. 05 Civ. 7583, Dkt. No. 1 (Aug. 26, 2005);
*Shropshire v. Smith Barney Fund Management LLC*, No. 05 Civ. 7818, Dkt. No. 1 (Sept. 7, 2005); *Ratner v. Smith
Barney Fund Management LLC*, No. 05 Civ. 8356, Dkt. No. 1 (Sept. 28, 2005); *Weber v. Smith Barney Fund
Management LLC*, No. 05 Civ. 8357, Dkt. No. 1 (Sept. 28, 2005); and *Brinn v. Smith Barney Fund Management
LLC*, No. 05 Civ. 8399, Dkt. No. 1 (Sept. 30, 2005).  *See* Second Amended Complaint ¶¶ 14, 16-24.

In January 2011, this Court granted Defendants' renewed motion to dismiss on the argument that plaintiffs lacked standing to assert claims on behalf of investors in funds that they did not own. *See In re Smith Barney Transfer Agent Litig.*, 765 F. Supp. 2d 391, 399-400 (S.D.N.Y. 2011). Citing "'the basic requirement that at least one named plaintiff must have standing to pursue each claim alleged,'" the Court held that "[p]laintiffs lack standing to pursue claims related to the Smith Barney Funds in which no named plaintiff invested." *Id.* at 400 (quoting *In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d 477, 496 (S.D.N.Y. 2004) (Lynch, J.)). Shortly thereafter, in February 2011, the Court ordered Local 649 to file any amended complaint. *See* Dkt. No. 123 (Scheduling Order dated Feb. 17, 2011), at 1.

The named plaintiffs in the Second Amended Complaint include two of the three plaintiffs identified in the First Amended Complaint and eleven newly added plaintiffs. They seek to represent "all persons and entities who purchased, redeemed, or held shares of the Smith Barney Funds ... between September 11, 2000 and May 31, 2005." Second Amended Complaint at 1 & ¶¶ 145-56. Each of the new plaintiffs allegedly bought one or more of the Smith Barney funds in which no prior named plaintiff "bought and/or redeemed shares."[3] *Id.*

The Defendants answered the Second Amended Complaint, including an affirmative defense that the claims asserted by the new plaintiffs were barred by both the statute of repose

---

[3] The new plaintiffs alleged that they invested in the following Smith Barney funds: Smith Barney Aggressive Growth Fund; Smith Barney Fundamental Value Fund; Smith Barney International Large Cap Fund; Smith Barney Small Cap Growth Opportunities Fund; Smith Barney Large Cap Growth Fund; Smith Barney Mid Cap Core Fund; Smith Barney Small Cap Value Fund; Smith Barney Exchange Reserve Fund; Smith Barney Investment Grade Bond Fund; Smith Barney U.S Government Securities Fund; Smith Barney Dividend Strategy Fund; Smith Barney Global Government Fund; Smith Barney Capital and Income Fund; Smith Barney Small Cap Growth Fund; Salomon Smith Barney Appreciation Fund; Smith Barney High Income Fund; Smith Barney International All Cap Growth Fund; Smith Barney Premium Total Return Fund; Smith Barney Money Funds Cash Portfolio; Smith Barney Diversified Strategic Income Fund; Smith Barney Social Awareness Fund; Smith Barney Managed Governments Fund; Smith Barney Convertible Fund; Salomon Smith Barney Small Cap Growth Fund; Smith Barney Financial Service Fund; Smith Barney Appreciation Fund; Smith Barney Allocation Growth Fund; Smith Barney Large Cap Fund; Smith Barney Peachtree Growth Fund; Smith Barney Growth Fund; Smith Barney Large Cap Core Growth Fund; Smith Barney Managed Muni Fund; Salomon Brothers Investors Value Fund; and Smith Barney Large Cap Value Fund. Second Amended Complaint ¶¶ 13-24; Third Amended Complaint ¶¶ 13-24.

and the statute of limitations set forth in 28 U.S.C. § 1658(b).  Citi Defendants Answer at 65

(Fifth Affirmative Defense); Daidone Answer at 64 (Fifth Affirmative Defense).  After

Defendants answered the Second Amended Complaint, plaintiffs filed a Third Amended

Complaint which, among other things, added new named plaintiff Renee Miller as a party to the

action.  Third Amended Complaint ¶ 24.

## ARGUMENT

### I.    STANDARD OF REVIEW

"On a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), a court employs

the Rule 12(b)(6) standard for failure to state a claim." *Troni v. Holzer*, No. 09 Civ. 10239, 2010

WL 3154852, at *2 (S.D.N.Y. July 29, 2010) (Pauley, J.) (citation omitted) (granting Rule 12(c)

motion on ground that Section 10(b) claim and related claims were barred by applicable statutes

of limitation).  On a 12(c) motion, the court must "'accept[] as true all of the factual allegations

contained in the complaint,' ... and 'draw[] all reasonable inferences in the plaintiffs favor,'" *id.*

(quoting *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006), and

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)).  "[A] court may grant a

motion to dismiss on statute of limitations grounds 'if a complaint clearly shows the claim is out

of time.'" *Id.* (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

### II.    ALL THE CLAIMS BROUGHT BY THE NEW PLAINTIFFS ARE UNTIMELY ABSENT TOLLING

The claims asserted by the new plaintiffs in the Second Amended Complaint, dated May

2011, and the Third Amended Complaint, dated June 2011, are time-barred because the claims

have been brought outside the five-year statute of repose and the two-year statute of limitations

for Section 10(b) and Section 20(a) claims.  *See* 28 U.S.C. § 1658(b)(1) and (2).

**A.      The New Plaintiffs' Claims Are Barred By The Five-Year Statute Of Repose**

The last alleged misrepresentation or omission was made in a prospectus filed with the

SEC on February 25, 2005, more than five years before the filing of the Second Amended

Complaint.  *See* Second Amended Complaint ¶ 138 (alleging that Smith Barney Trust II made

misleading statements); Third Amended Complaint ¶ 138 (same).  The statute of repose therefore

expired for all claims no later than February 25, 2010, or five years after the alleged violation.

*See Take-Two Interactive Software, Inc. v. Brant,* No. 06 Civ. 05279, 2010 WL 1257351, at *5

(S.D.N.Y. Mar. 31, 2010) ("The statute of repose for claims based upon misrepresentation

begin[s] to run on the date of the alleged misrepresentation." (citing *In re Exxon Mobil Corp. Sec.

Litig.*, 500 F.3d 189, 202 (3d Cir. 2007)); *In re Maxim Integrated Prods., Inc., Deriv. Litig.*, 574

F. Supp. 2d 1046 (N.D. Cal. 2008) (holding that plaintiffs' Section 10(b) claims based on

statements made more than five years before filing of complaint barred by the statute of repose).

**B.      The New Plaintiffs' Claims Are Barred By The Two-Year Statute Of
         Limitations**

The new named plaintiffs brought their claims after the two-year statute of limitations

had expired. 28 U.S.C. § 1658(b)(1) (violations must be asserted "2 years after the discovery of

the facts constituting the violation").  "[T]he limitations period in § 1658(b)(1) begins to run

once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the

facts constituting the violation'—whichever comes first." *Merck & Co. v. Reynolds*, 130 S. Ct.

1784, 1798 (2010).  A reasonably diligent plaintiff would have discovered the alleged violation

by Defendants no later than May 31, 2005, the date of the SEC Order.  Second Amended

Complaint ¶ 140; Third Amended Complaint ¶ 140.  The two-year discovery period expired as of

May 31, 2007, or two years after publication of the SEC Order. *See, e.g., In re American Funds

Sec. Litig.*, No. CV 06-7815-GAF, 2011 U.S. Dist. LEXIS 51109, *4-5 (C.D. Cal. Feb. 22, 2011)

(holding that Section 10(b) claim asserted more than two years after public disclosure of "the kind of payments ... at issue," in media reports and a publicly filed complaint, was barred by 28 U.S.C. § 1658(b)(1)).

## III.    THE FIRST AMENDED COMPLAINT DID NOT TOLL THE CLAIMS BY THE NEW PLAINTIFFS

Because the new plaintiffs' claims were filed beyond the relevant statutes of limitation and repose, they must be dismissed unless those statutes were tolled. The only argument for tolling here stems from the Supreme Court's *American Pipe* decision and its progeny. In *American Pipe*, the Supreme Court held that the filing of a class action tolls the running of the statute of limitations for members of the class who make timely motions to intervene in the action. 414 U.S. at 552-53. The statute applicable in *American Pipe* was a one-year statutory provision that suspended a four-year statute of repose after the initiation of civil or criminal proceedings by the United States. *See id.* at 541. The original class action plaintiff filed suit eleven days short of a year following the completion of proceedings by the United States government. *Id.* The district court denied certification of a class on the grounds that the class was not so numerous that joinder of all members was impracticable. Eight days after entry of the order denying class action status, new respondents sought to intervene. *Id.* at 543. The Supreme Court held that the new plaintiffs' claims had been tolled during the pendency of the litigation and observed that the Court of Appeals "was careful to note in the present case, 'maintenance of the class action was denied not for failure of the complaint to state a claim on behalf of the members of the class ... [and] not for lack of standing of the representative.'" *Id.* at 553 (citations omitted). Tolling was permitted in the context of the Clayton Act claims asserted in *American Pipe* because "Congress has specified a precise limitation, and further has provided for a tolling period in the event that Government litigation is instituted." *Id.* at 556.

*American Pipe* tolling does not preserve the claims asserted by the new plaintiffs for three reasons.  First, *American Pipe* does not extend the tolling of the limitations period for an action brought on behalf of a class.  Second, an equitable tolling principle cannot extend a Congressionally adopted statute of repose.  Third, *American Pipe* does not toll the statute of limitations for claims that no plaintiff in a prior proceeding had standing to pursue.  We discuss each argument below.

A.   ***American Pipe* Tolling Does Not Extend Tolling For An Action Brought On Behalf Of A Class**

The *American Pipe* tolling doctrine permits tolling "as to the individual claims of the putative class members" and not claims asserted on behalf of a class.  *In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850, 856 (E.D.N.Y. 1990) (Nickerson, J.).  The Second Circuit has held that *American Pipe* does not extend the tolling of the limitations period for an action brought on behalf of a class.  *Korwek v. Hunt*, 827 F.2d 874, 877 (2d Cir. 1987).  The procedural posture of *Korwek* illustrates the application of the rule:  in the first action, the plaintiff (the "Gordon class") filed a class action for an eight-month period.  *Id.* at 875.  The district court certified a narrower class covering three weeks within the broader eight-month period.  *Id.*  Thereafter, four new putative class members sought to intervene in the case in order to represent investors for a longer class period.  The district court denied the motion, finding that the proposed intervenors "could bring 'their own plenary suit.'"  *Id.* at 876.  The intervenors subsequently filed a class action complaint, seeking to represent a class covering a seven-month period which substantially overlapped with the eight-month period of the Gordon class.  *Id.*  At the time that the intervenors brought the action—absent some sort of tolling—the statute of limitations on the underlying claim had expired.  The district court dismissed the second class action, observing that the

Gordon class tolled claims "brought individually by members of the proposed *Gordon* class but that it did not toll the limitations period for the subsequently filed class claims." *Id.*

The Second Circuit affirmed, holding that all courts that had reached the question "found that the *American Pipe* tolling rule does not apply to permit putative class members to file a subsequent class action." *Id.* at 878 (citing cases). The Second Circuit concluded that "such an application of the rule would be inimical to the purposes behind statutes of limitations and the class action procedure" and would upset the "careful balancing of the interests of plaintiffs, defendants, and the court system" achieved in *American Pipe*, based on notions of "[f]lexibility, notice, and efficiency." *Id.* at 879. Application of tolling to successive class claims would allow "putative class members ... [to] piggy-back one class action onto another and thus toll the statute of limitations indefinitely," leading to a "potentially endless succession of class actions." *Id.* at 878 (citations and internal quotation marks omitted).

The district court adopted this same analysis in *Crazy Eddie*, an action alleging securities law violations with respect to a number of Crazy Eddie securities offerings, including common stock and debentures. 747 F. Supp. at 856. In that case, as here, the district court dismissed the action with respect to the securities that none of the named plaintiffs had purchased (*e.g.*, the 1996 debenture offering). Thereafter, a new named plaintiff joined the action to assert claims on behalf of investors in the 1986 debenture offering. The district court dismissed the class claims brought by the new named plaintiff on grounds that the claims had been filed more than a year after the alleged fraud was discoverable. In applying *Korwek*, the court explained that *American Pipe* and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), tolled individual claims but not class claims.

Although the district court recognized that the second-filed action in *Korwek* had been brought by investors excluded from a previous class certification, the district court concluded that *Korwek* applied equally to claims dismissed for lack of standing.

> [T]he court's reasoning is equally applicable to a class action brought after a previous class action has been dismissed for lack of standing. In fact the concern is perhaps more acute where the dismissal of the first action is for lack of standing. There appears to be no good reason to encourage bringing of a suit merely to extend the period in which to find a class representative.

747 F. Supp. at 856.

Sound public policy favors the reasoning adopted by the Second Circuit in *Korwek* and the district court in *Crazy Eddie*. The "allowance of intervention after certification has been denied for lack of standing may condone or encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule." *See In re Elscint, Ltd. Sec. Litig.*, 674 F. Supp. 374, 378 (D. Mass. 1987). For this reason, the *Elscint* district court concluded "that this practice is an impermissible use of intervention, akin to the improper use of intervention to manufacture jurisdiction." *Id.* The majority rule is that a class action complaint does not toll the statute of limitations for subsequent class actions, and in particular, in circumstances in which the original plaintiffs lacked standing to bring the claims in the first place. *E.g.*, *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994) (tolling not applicable to new class claims that named plaintiffs in prior putative class action lacked standing to pursue); *Kruse v. Wells Fargo Home Mortgage, Inc.*, No. 02 Civ. 3089, 2006 U.S. Dist. LEXIS 26092, at *18 (E.D.N.Y. May 3, 2006) ("Here, plaintiffs attempt to do through intervention what they would be strictly prohibited from doing via subsequent filings—continue the tolling benefits for the class action. To the extent they cannot do this through subsequent class action filings, they should not be permitted to do so now.").

**B.     Tolling Principles Cannot Extend The Five-Year Statute Of Repose**

This five-year statute of repose is not subject to the equitable tolling of *American Pipe* under any circumstances.  There are two predicates to this argument.  First, an equitable tolling rule cannot extend a period of repose adopted by Congress.  Second, the five-year period in Section 1658(b)(2) is a statute of repose.

**1.     Equitable Tolling Cannot Extend A Statutory Period Of Repose**

By definition, a statute of repose "affects the availability of the underlying right" and "acts to define temporally the right to initiate suit against a defendant after a legislatively determined time period." *P. Stoltz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004). A statute of repose acts to "extinguish[] a plaintiff's cause of action after the passage of a fixed period of time," *Take-Two Interactive Software*, 2010 WL 1257351, at *5, and "begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action," *P. Stolz Family P'ship*, 355 F.3d at 102-03.  After the repose period has run, a potential defendant is entitled to certainty that it will not be sued, as "one of the principal benefits of a statute of repose [is] to provide an easily ascertainable and certain date for the quieting of litigation." *Id.* at 104.

A statute of repose is not subject to equitable tolling.  The Supreme Court's decision in *Lampf*, for example, held that "tolling principles [did] not apply" to the repose period for Section 10(b) claims.[4]   *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991).  The Court began by acknowledging that  the "text of § 10(b) does not provide for

---

[4] This shorter repose period applies to any alleged misrepresentations in the Second Amended Complaint made prior to July 30, 2002. *See Troni*, 2010 WL 3154852, at *2 ("For claims involving conduct occurring prior to July 30, 2002, an action must be filed within one year of discovering facts constituting a violation or within three years of the violation itself.").

- 11 -

private claims," *Id.* at 358; thus, the Court was "faced with the awkward task of discerning the limitations period that Congress intended courts to apply to a cause of action it really never knew existed." *Id.* at 359. The Court borrowed the two-tiered statute of limitation and repose that applied to claims asserted under Section 13 of the Securities Act of 1933. The Court's reasoning in *Lampf* applies with even greater force here, where Congress has expressly passed a statute containing a five-year statute of repose.[5]

Because equitable tolling cannot extend the five-year period in Section 1658(b)(2), that five-year period can only be extended by statutes enacted by Congress. *See P. Stolz Family P'ship*, 355 F.3d at 102 ("'In theory, at least, the legislative bar to subsequent action is absolute, subject to legislatively created exceptions ... set forth in the statute of repose.'" (quoting Calvin W. Corman, *Limitation of Actions*, § 1.1, at 4-5 (1991))). Neither Section 1658(b) nor any other statute created exceptions that would allow extension of the five-year repose period.

The Supreme Court's decision in *American Pipe* did not create an exception to the statute of repose in Section 1658(b)(2) either. Rather, *American Pipe* holds that the *statute of limitations* then applicable to claims brought under federal antitrust law could be equitably tolled to permit individual intervenors to bring individual—not class—claims after denial of class certification. 414 U.S. at 551-53. Two recent decisions in this District explicitly and persuasively rejected the argument that *American Pipe* permits equitable tolling of *statutes of repose*. In *Footbridge Limited Trust v. Countrywide Financial Corp.*, No. 10 Civ. 367, 2011 WL 907121 (S.D.N.Y. Mar. 16, 2011), for example, the district court held that *American Pipe* cannot

---

[5] The intent of Congress to provide a five-year period of repose appears on the face of the statute, and the Court need not consult the legislative history of the Sarbanes-Oxley Act to determine whether the period of repose is subject to equitable tolling. However, if the Court deems these sources relevant, it will find that certain Senators recorded their views that, "because of the two-year limitation provided in § 1658(b)(2) of Title 28, United States Code, as amended by this bill, *the five-year outer limit is not subject to equitable tolling*." S. REP. No. 107-146, at 25, 2002 WL 863249, at *29 (May 6, 2002) (Additional Views of Senators Hatch, Thurmond, Grassley, Kyl, Dewine, Sessions, Brownback, and McConnell) (emphasis added).

toll the statute of repose applicable to Securities Act claims. *See id.* at *6-7. The court reasoned

that "*American Pipe* tolling is a judicially-created rule premised on traditional equitable

considerations of fairness, judicial economy and needless multiplicity of lawsuits." *Id.* at *6

(internal quotation marks and citation omitted). Nothing in Fed. R. Civ. P. 23 creates a class

action tolling rule, and even if it did, it "could not trump a statutory enactment." *Id.* (citing 28

U.S.C. § 2072(b)). Similarly, the district court in *In re Lehman Brothers Securities & ERISA*

*Litigation* concluded that, "[w]hen it comes to statutes of repose, ... the relevant policies are

those of Congress rather than any that courts might think preferable." No. 09 md 02017, 2011

WL 1453790 at *3 (S.D.N.Y. Apr. 13, 2011).

      Although some courts that have found that *American Pipe* provided a "legal" basis to toll

a statute of repose, the lead case propounding that analysis, *Joseph v. Wiles*, 223 F.3d 1155 (10th

Cir. 2000), involved claims that had been filed *before* the three-year period of repose for Section

11 claims had expired. The Court explained:

> Here, the claim was brought within this period on behalf of a class of which
> [plaintiff] was a member. Indeed, in a sense, application of the *American Pipe*
> tolling doctrine to cases such as this one does not involve "tolling" at all. Rather,
> [plaintiff] has effectively been a party to an action against these defendants since
> a class action covering him was requested but never denied.

*Id.* at 1168. The Tenth Circuit did not identify what statute or rule "effectively" made the

plaintiff a "party" to the class action as a matter of law. Nor could it, for no rule, let alone a

statute, transforms putative class members into "parties." *See* Fed. R. Civ. P. 23 (categorizing

persons with an interest in the outcome of a class action as either "representative parties" or

"class members"). The Supreme Court will soon issue further persuasive guidance on this issue.

On June 27, 2011, the Supreme Court granted *certiorari* in *Credit Suisse Securities (USA) LLC v.*

*Simmonds* (No. 10-1261), in which the question presented is whether the two-year repose period

in Section 16(b) of the Exchange Act, 15 U.S.C. § 78p(b), relating to so-called "short-swing

profits," "is subject to tolling, and, if so, whether tolling continues even after the receipt of actual notice of the facts giving rise to the claim."

Even were the approach taken in *Joseph* to be followed, it would not salvage the claims brought by the new plaintiffs and asserted for the first time in the Second Amended Complaint or Third Amended Complaint. When evaluating whether a prior action could serve as the basis for "legal" tolling, the Tenth Circuit discarded earlier actions as a predicate for tolling unless that action involved the purchase of the same security that the plaintiff seeking tolling had purchased. 223 F.3d at 1168 (earlier class action would not serve as a predicate for tolling because it "contained no named plaintiffs who had purchased debentures"). Here, none of the three original plaintiffs purchased any of the Smith Barney funds that the new plaintiffs purchased. Because the new plaintiffs purchased different securities, the logic of *Joseph* would not toll the repose period applicable here.[6]

### 2.    Section 1658(b)(2) Enacted A Five-Year Period Of Repose

The five year prong of section 1658(b)(2) is a statute of repose.[7] As the Supreme Court has recognized, a statute with a two tiered structure, consisting of a shorter limitations period and a longer period for the assertion of claims, "can have no significance in this context other than to impose an outside limit." *Lampf*, 501 U.S. at 363 (1991); *see also id.* at 362 n.8 ("In our view,

---

[6] In *In re Flag Telecom Holdings, Ltd. Securities Litigation* 352 F. Supp. 2d 429, 455 (S.D.N.Y. 2005) (Conner, J.), the district court reached a contrary result, relying solely on equitable considerations. *See id.* at 456 ("[Plaintiff] should not be punished simply because he failed to anticipate that plaintiff's § 12(a)(2) claims would be dismissed because none of the named plaintiffs in the action had standing to sue on those claims."). In *Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 277 B.R. 20 (S.D.N.Y. 2002), the Court held that the statute of repose in a New Jersey bankruptcy statute was tolled by the commencement of two prior class actions, in which the putative classes encompassed the claimants. *Id.* at 29-32. However, there had been no determination of whether the named plaintiffs in the earlier actions had standing to pursue claims on behalf of the claimants; before that issue could be reached, one case was dismissed for failure to satisfy the $75,000 amount-in-controversy requirement, and the other was stayed pending the outcome of the bankruptcy petition at issue. *Id.* at 27, 32.

[7] "[A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, … may be brought not later than … 5 years after such violation." 28 U.S.C. § 1658(b)(2).

the 1-and-3-year scheme represents an indivisible determination by Congress as to the appropriate cutoff point for claims under the statute. It would disserve that legislative determination to sever the two periods."); *SEC v. Wyly*, No. 10 Civ. 5760, 2011 U.S. Dist. LEXIS 35793, at \*51-52 n.140 (S.D.N.Y. Mar. 31, 2011) (same); *Take-Two Interactive Software*, 2010 WL 1257351, at \*5 (same).

The enactment of the Sarbanes-Oxley Act in 2002, which created the two-and-five year scheme for asserting claims under the Exchange Act, *see* 107 Pub. L. 204 § 804(a), 116 Stat. 745, 801, adhered to the prior designation of a shorter statute of limitations, coupled with a longer statute of repose. In 2002, Congress ratified the holding of *Lampf* and enacted a new two-tiered scheme that the Court found essential to its holding in that case. *Cf. Merck*, 130 S. Ct. at 1794-96 (holding that Congress must have intended for the word "discovery" in § 1658(b)(1) to have the meaning articulated in *Lampf* and its progeny, because "[w]e normally assume that, when Congress enacts statutes, it is aware of relevant judicial precedent"); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) ("[W]hen judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well." (internal quotation marks, citation and ellipsis omitted)). Moreover, in *Merck*, the Supreme Court expressly referred to Section 1658(b)(2) as "an unqualified bar on actions instituted '5 years after [the] violation,' ... giving defendants *total repose* after five years." 130 S. Ct. at 1797 (emphasis added; quoting 28 U.S.C. § 1658(b)(2)); *see also, e.g., Take-Two Interactive Software*, 2010 WL 1257351, at \*12-13 (stating that five-year period in § 1658(b) is statute of repose).

**C.**   ***American Pipe* Does Not Extend The Statute Of Limitations For Claims For Which No Named Plaintiff In A Prior Proceeding Had Standing To Pursue**

The claims asserted for the first time in the Second Amended Complaint and the Third Amended Complaint by the new plaintiffs, whether asserted individually or on behalf of a putative class, run afoul of the two-year limitations period set forth in Section 1658(b)(1).[8]  For claims for which no plaintiff purchased a Smith Barney funds before the filing of the Second Amended Complaint, be they asserted individually or on behalf of a putative class, the two-year discovery period has long since run.  *American Pipe* does not extend the statute of limitations for claims for which no plaintiff in a prior proceeding had standing to pursue.  The Supreme Court in *American Pipe* reasoned that the class members "stood as parties to the suit" unless and until they opted out of the class.  As parties, their filing after denial of class certification did not commence a separate action.  *See American Pipe*, 414 U.S. at 551; *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007) ("The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action ...."); *see also id.* at 252.

Here, the new plaintiffs would *not* have been members of any class and were *not* parties to any lawsuit based on the First Amended Complaint.  *See Walters v. Edgar*, 163 F.3d 430 (7th Cir. 1998) (Posner, J.) (rejecting proposal to replace named plaintiffs who lacked standing to assert class claims because the court never acquired jurisdiction over the suit); *cf. In re WorldCom Sec. Litig.*, 496 F.3d at 255 ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." (internal quotation marks omitted)).

---

[8] "[A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, ... may be brought not later than ... 2 years after the discovery of the facts constituting the violation ... ."  28 U.S.C. § 1658(b)(1).

Numerous courts have agreed with this analysis and dismissed claims as untimely on the grounds that the statute of limitations does not toll for putative class actions whose named plaintiff lacks standing to advance claims in the first place. *See, e.g., Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1166-67 (C.D. Cal. 2010) (statute of limitations "is tolled only as to claims where the named plaintiffs had standing"); *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 82 (D. Conn. 1994) (Cabranes, J.) ("[I]f the original plaintiffs lacked standing to bring their claims in the first place, the filing of a class action complaint does not toll the statute of limitations for other members of the purported class."); *Walters*, 163 F.3d at 437 ("[T]he present suit was properly dismissed for want of standing, dooming the class action because [plaintiffs] lacked standing when they filed the suit rather than losing standing after the class was certified."); *New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653, 2010 U.S. Dist. LEXIS 136142, at *7 (S.D.N.Y. Dec. 15, 2010) ("[T]he *American Pipe* rule should not apply where the plaintiff that brought the dismissed claim was found by the court to lack standing. ... In short, where a Plaintiff lacks standing—there is no case. ... And if there is no case, there can be no tolling.") (citations omitted); *Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series AR1*, 748 F. Supp. 2d 1246, 1259 (W.D. Wash. 2010) ("Courts since *American Pipe* have found that the statute of limitations does not toll for putative class actions whose named plaintiff lacks standing to advance claims in the first place."); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, No. 09 Civ. 1376, 2010 U.S. Dist. LEXIS 124498, at *23 (N.D. Cal. Oct. 19, 2010) (no tolling where "original complaints did not allege that the named plaintiffs had any ownership interest in the 37 dismissed Offerings"); *Kruse v. Wells Fargo Home Mortgage, Inc.*, No. 02 Civ. 3089, 2006 U.S. Dist. Lexis 26092, at

*28-29 (E.D.N.Y. May 3, 2006) (declining to "hold the doors to the courthouse open for

interveners in an otherwise non-existent lawsuit").

 Even if equitable tolling were potentially available to any putative class members who

reasonably assumed that named plaintiffs had standing to assert claims on their behalf, it would

be inappropriate here, because the new plaintiffs had either actual or constructive knowledge that

the named plaintiffs lacked standing to assert claims on their behalf no later December 29, 2005.

On that date, Charles Chiumento, Maurice and Viviane Benoudiz, Charles Walkiewicz, and

David Zagunis opposed Local 649's motion for appointment as lead plaintiff because "The Local

649 Group Lacks Standing to Serve as Lead Plaintiff On Behalf of Investors in Funds in Which

They Did Not Invest." *See* Dkt. No. 32 at 3.[9]  Although the Court appointed Local 649 as lead

plaintiff, the order stated: "[i]f, in fact, every Fund requires representation in the class

leadership, the lead plaintiff may include additional named plaintiffs in this consolidated action."

*See* PSLRA Order, at 7-8.  Nonetheless, lead plaintiffs did not include any of the investors who

had vied for lead plaintiff status in the First Amended Complaint.

 The application of a statute of repose or statute of limitations did not deprive the new

plaintiffs of potential recompense.  They, and the investors in the Smith Barney funds they seek

to represent, had the opportunity to seek restitution through the Fair Fund created when the Citi

Defendants paid $183 million to settle the SEC's transfer agent investigation.  The SEC gave

notice of the proposed plan of distribution of the Fair Fund, providing investors and others the

opportunity to comment on the distribution of the settlement, and to request that the $183 million

---

[9] The movants, which included new plaintiff David Zagunis, were represented by the law firm Stull Stull & Brody.  That firm now appears as "additional plaintiffs' counsel" on the Second Amended Complaint and Third Amended Complaint, and has filed appearances on behalf of new plaintiffs David Zagunis, Steven W. Hall, Richard W. Rees, and Bahrat U. Shah. *See* Dkt. Nos. 131-32.

be distributed to fund shareholders individually, rather than to the Smith Barney funds.[10]  In the

Order Approving Plan of Distribution to the Smith Barney Funds, the Commission reported that

it had "received no comments on the Distribution Plan."  Exchange Act Release No. 61917 (Apr.

15, 2010).  At numerous junctures, the new plaintiffs had the opportunity to assert claims of

restitution but opted, instead, to sleep on those rights.

## CONCLUSION

For the reasons stated above, the Court should grant Defendants' motion for judgment on

the pleadings and dismiss the claims brought by the new plaintiffs with prejudice.

Dated: July 8, 2011

Respectfully submitted,


WILMER CUTLER PICKERING
HALE AND DORR LLP


By:_____/s/Lori A. Martin_____
Lori A. Martin (lori.martin@wilmerhale.com)
Peter K. Vigeland
(peter.vigeland@wilmerhale.com)
David Burkoff
(david.burkoff@wilmerhale.com)
Brian Sutherland
(brian.sutherland@wilmerhale.com)
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888


*Counsel for Defendants Smith Barney Fund
Management LLC and Citigroup Global Markets
Inc.*

---

[10] As the Fair Fund has now been distributed to the Smith Barney funds, any plaintiff who maintained the
investment in any Smith Barney fund through the distribution date already has received compensation.

SCHULTE ROTH & ZABEL LLP


By:_____ /s/Peter H. White_____
Peter H. White
(pete.white@srz.com)
1152 Fifteenth Street, NW, Suite 850
Washington, DC  20005
(202) 729-7470

*Counsel for Defendant*
*Lewis E. Daidone*