UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMITH BARNEY<br>FUND TRANSFER AGENT LITIGATION | Electronically Filed<br><br>Case No. 05-CV-7583 (WHP) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
PLAINTIFF DAVID ZAGUNIS FOR APPOINTMENT OF LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL

| | |
|---|---|
| **STULL, STULL & BRODY**<br>Jules Brody (JB 9151)<br>jbrody@ssbny.com<br>Mark Levine (ML 0180)<br>mlevine@ssbny.com<br>6 East 45th Street<br>New York, New York 10017<br>Tel.: (212) 687-7230<br>Fax: (212) 490-2022 | **WEISS & LURIE**<br>Joseph H. Weiss<br>jweiss@weisslurie.com<br>Richard Acocelli<br>racocelli@weisslurie.com<br>Times Square Plaza<br>New York, New York 10036<br>Tel: (212) 682-3025<br>Fax: (212) 682-3010 |

*Proposed Co-Lead Counsel and Attorneys for Plaintiff and
Proposed Lead Plaintiff David Zagunis and Plaintiffs
Renee Miller, Bharat Shah, Steven Hall and Richard Rees*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………..…1

NATURE OF THE ACTION……………………………………..…………………………...3

RELEVANT PROCEDURAL HISTORY……………………………………………………...4

ARGUMENT………………………………………………………………………………...…6

    I.    THE COURT SHOULD APPOINT MOVANT
DAVID ZAGUNIS AS LEAD PLAINTIFF………………………………………...6

        a.    The Procedures Mandated by the PSLRA…………………………......6

        b.    Movant Zagunis Satisfies the Standard for
Substitution as Lead Plaintiff………………………………………….…..7

        c.    Movant Zagunis Satisfies the Requirements of the PSLRA……………....9

            1.    Movant Zagunis Appears to Have the Largest Financial
Interest in the Relief Sought by the Class……………………….…9

            2.    Movant Satisfies the Requirements of Rule 23………………………10

            3.    Movant Zagunis' Claim is Typical of the Claims of the Class………11

            4.    Movant Zagunis Will Fairly and Adequately
Represent the Interests of the Class………………………………….12

    II.    THE COURT SHOULD APPROVE MOVANT'S
SELECTION OF CO-LEAD COUNSEL…………..…………………………13

CONCLUSION……………………………………………………..…………………………14

**TABLE OF CASES**

*Adelphia Communications Corp. Sec. & Derivative Litigation,* No. 03 MDL 1529,
2008 U.S. Dist. LEXIS 67220 (SD.N.Y. Sept. 3, 2008)……………………………………………13

*Dolan v. Axis Capital Holdings Ltd.,* No. 04-cv-8564-RJH,
2005 U.S. Dist. LEXIS 6538 (S.D.N.Y. April 13, 2005)……………………………………..…11

*In re Cendant Corporation Litigation,*
264 F.3d 201 (3d Cir. 2001)………………………………………………………………...…13

*In re Drexel Burnham Lambert Group, Inc.,*
960 F.2d 285 (2d Cir. 1992)……………………………………………………………………11, 12

*In re Global Crossing Securities & ERISA Litigation,*
225 F.R.D. 436 (S.D.N.Y. 2004)……………………………………………………………...…12

*In re Initial Public Offering Securities Litigation,*
214 F.R.D. 117 (S.D.N.Y. 2002)……………………………………………………………….8

*In re: SLM Corporation Securities Litigation,*
258 F.R.D. 112 (S.D.N.Y. 2009)……………………………………………………...……2, 8, 11

*In re Smith Barney Transfer Agent Litigation,* No. 05-cv-7583-WHP,
2006 U.S. Dist. LEXIS 19728 (S.D.N.Y. April 17, 2006)………………………………………11

*Varghese v. China Shengho Pharm. Holdings, Inc.,*
598 F. Supp. 2d 388 (S.D.N.Y. 2008)……………………………………………………...…13

*Xianglin Shi v. SINA Corp.,* No. 05-cv-2154-NRB,
2005 U.S. Dist. LEXIS 13176 (S.D.N.Y. July 1, 2005)………………………………………....11

**PRELIMINARY STATEMENT**

On April, 17, 2006, this Court appointed Operating Engineers Local 649 Annuity Trust Fund ("Local 649") and Jeffrey Weber ("Weber") as Lead Plaintiff, and their attorneys Bernstein Liebhard & Lifshitz, LLP, now known as Bernstein Liebhard LLP, as Lead Counsel pursuant to the Private Securities Litigation Act of 1995 ("PSLRA" or the "Act"), 15 U.S.C. § 78u-4. (Dkt. # 51) The Court concluded that Local 649 was presumptively the most adequate plaintiff because its "financial interest in the relief sought is significantly greater" than the interest of the Chiumento Group, the only other plaintiff or group of plaintiffs that had timely moved for appointment as Lead Plaintiff in accordance with the temporal requirements set forth in the PSLRA.

On August 31, 2011, Bernstein Liebhard, LLP advised the Court that Local 649 had made no Class Period, i.e., September 11, 2000 through May 31, 2005 (the "Class Period"), purchases or sales in any of the Smith Barney Funds at issue (the "Eligible Funds"), and did not have standing to pursue the claims that form the basis of this litigation, and therefore requested to withdraw as Lead Plaintiff. Local 649's request was granted in the Court's Memorandum & Order dated September 22, 2011. (Dkt. # 176). In light of the withdrawal of Local 649, the Court has ordered that the appointment of Lead Plaintiff be revisited, because Local 649 "was never a proper plaintiff at all." Order, September 22, 2011, at 7 (Dkt. No. 176).

Accordingly, Plaintiff David Zagunis ("Movant" or "Proposed Lead Plaintiff"), moves pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u-4, and the September 22 Order, for (i) appointment as Lead Plaintiff and (ii) approval of Movant's selection of Stull, Stull & Brody and Weiss & Lurie as Co-Lead Counsel for the Class.

Movant Zagunis originally filed a timely motion for appointment as Lead Plaintiff on December 12, 2005 as part of the Chuimento Group.  (Dkt. # 22)  As discussed more fully below, when circumstances require substitution of a lead plaintiff in a case governed by the PSLRA, it is appropriate to look first to the plaintiff or plaintiffs who originally filed timely motions for lead plaintiff during the 60-day period following the initial publication of notice.  In *In re: SLM Corporation Securities Litigation*, 258 F.R.D. 112, 116-117 (S.D.N.Y. 2009), where it was determined that the appointed lead plaintiff lacked standing for reasons different than in the instant case, the procedure followed by this Court to appoint a successor lead plaintiff involved consideration only of those persons who had previously moved for appointment as Lead Plaintiff.  Here, Movant Zagunis was part of the Chuimento Group that had originally unsuccessfully sought to be appointed lead plaintiff. (Dkt. No. 22.)

Movant Zagunis and Jeffrey Weber are the only plaintiffs remaining in this litigation with standing to prosecute claims on behalf of the Class who also filed timely motions for Lead Plaintiff.  Movant Zagunis purchased and/or sold approximately $129,122.79 of Eligible Funds during the Class Period.  *See* Declaration of Mark Levine ("Levine Decl."), at Ex. A.  In comparison, based on Jeffrey Weber's certification annexed to the Third Consolidated and Amended Class Action Complaint (the "Complaint"), filed on June 30, 2011 (Dkt. No. 141), Mr. Weber purchased and/or sold approximately $1,171.84 of Eligible Funds during the Class Period.  Accordingly, Movant Zagunis has a significantly greater financial interest than Mr. Weber, the only other class member that previously moved for appointment as Lead Plaintiff in the action, and Movant Zagunis is unaware at this time of any other plaintiff having filed a new motion for Lead Plaintiff with a larger financial interest in the outcome of the case.  Since

Movant also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, under the PSLRA Movant is presumptively the most adequate plaintiff.

Movant otherwise satisfies the requirements of Rule 23 because Movant's claim is typical of the claims of the Class and Movant will fairly and adequately represent the Class' interests. Like all Class members, Movant Zagunis purchased and/or sold certain of the Eligible Smith Barney Funds during the Class Period. Thus his interests are aligned with the other members of the Class.

The Proposed Lead Plaintiff has retained competent and experienced counsel with decades of experience and expertise in securities fraud and other class actions to prosecute this securities litigation. These are the same counsel previously proposed as Lead Counsel in this action by the Chiumento Group. Accordingly, Movant seeks the Court's approval of selection of Co-Lead Counsel in order to zealously advance the interests of the Class in this litigation.

As further discussed below, Movant meets the standards for substitution of Lead Plaintiff and otherwise satisfies each of the PSLRA's requirements and, therefore, should be appointed Lead Plaintiff and Movant's choice of Co-Lead Counsel should be approved.

## NATURE OF THE ACTION

As set forth in the Complaint, this action concerns the scheme of two Citigroup-related investment advisors and two of its executives to place their interest in making a profit ahead of the interest of the mutual funds they served. Defendant Smith Barney Fund Management LLC (the "Advisor"), which served as investment adviser to the Smith Barney Family of Funds (the "Funds") recommended that the Funds contract with an affiliate of the Advisor, which would perform limited transfer agent service and sub-contract with the Funds' existing transfer agent. Cplt. ¶ 1. The existing agent would perform almost all of the same services it had performed

previously, but at deeply discounted rates, permitting the affiliate of the Advisor to keep most of the discount for itself and make a high profit for performing limited work. Cplt. ¶ 1. The self-interested transaction permitted the Advisor and its affiliates to pocket over $90 million from the transfer agent function at the direct expense of the Funds and their shareholders. Cplt. ¶¶ 1, 9.

This Complaint in this action alleges violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Cplt. ¶ 34. The Complaint alleges that during the Class Period Defendants were engaged in the above-described scheme and issued statements that were materially misleading and/or failed to disclose material information regarding the fee scheme and the Individual Defendants. Cplt. ¶ 37.

As a result of the Defendants' intentional and/or reckless public misrepresentations and omissions of material adverse information, plaintiff and the other members of the Class purchased and/or sold Eligible Funds during the Class Period and were damaged thereby. The Complaint asserts claims under the Exchange Act for material false statements appearing in Smith Barney's mutual fund documents. Cplt. ¶¶ 145-156. Each of the Defendants either knew or recklessly disregarded that the statements and omissions alleged were false and misleading. Cplt. ¶ 144.

## RELEVANT PROCEDURAL HISTORY

Between August 26, 2005 and September 30, 2005, five actions alleging substantially similar facts, including *Chilton v. Smith Barney Fund Management LLC, and Citigroup Global Markets, Inc.,* 05-cv-7583 (WHP) (S.D.N.Y.), and *Shropshire v. Smith Barney Fund Management LLC* (collectively the "Five Actions"), were filed in this Court. On October 11, 2005, a notice advising investors of the pendency of the Five Actions was published over *Businesswire*.

On December 12, 2005, both the Chiumento Group, and Local 649 together with Mr. Weber, each timely moved for appointment as Lead Plaintiff and approval of their respective attorneys as Lead Counsel in accordance with the requirements of the PSLRA.  Dkt. Nos. 4, 22. The Chiumento Group asserted that it should be appointed as a Lead Plaintiff because Local 649 did not own the funds held or purchased by members of the Chiumento Group and, thus, did not have standing to represent them.

On December 30, 2005, this Court consolidated the Five Actions under the caption *In re Smith Barney Transfer Agent Litigation*, 05-cv-7583(WHP) (the "Consolidated Action").  Dkt. No. 34.   The movants fully briefed their respective motions and the Court heard oral argument on January 13, 2006.  Throughout the Lead Plaintiff process, Local 649 represented that it had made Class Period investments in the "Smith Barney Capital Preservation Fund" worth over $8,000,000.  On April 17, 2006, this Court appointed Local 649 and Mr. Weber as Lead Plaintiffs and Bernstein Liebhard, LLP as Lead Plaintiffs' sole Lead Counsel.  Dkt. No. 51 (the "April 17 Order").  The Court concluded, based upon the submissions and arguments made before the Court, that Local 649 was presumptively the most adequate plaintiff because its "financial interest in the relief sought is significantly greater" than the interest of the Chiumento Group.  Dkt. No. 51, at 5.  The Court also held that Lead Plaintiff was not required to have held or purchased each mutual find purportedly covered by the Complaint and stated that, "[i]f in fact, every Fund requires representation in the class leadership, the lead plaintiff may include additional named plaintiffs in this consolidated action."  April 17, 2006 Order, at 8.

On April 19, 2006, the Court ordered Lead Plaintiff to file an Amended Complaint, which was filed on June 1, 2006.  The Complaint did not include as plaintiffs any members of

the Chiumento Group. Nearly six years of litigation ensued, including numerous motions, an appeal to the Second Circuit, remand, and fact and Class discovery proceedings.

In response to counsel's August 31, 2011 revelation that the "Smith Barney Capital Preservation Fund" was actually not a mutual fund and Local 649 had never made any Class Period purchases or sales of any Smith Mutual Fund that had ever been at issue in this case, the Court granted Local 649's request to withdraw as Lead Plaintiff and ordered the Lead Plaintiff process revisited. September 22 Order, p. 7.

## ARGUMENT

### I. THE COURT SHOULD APPOINT MOVANT DAVID ZAGUNIS AS LEAD PLAINTIFF

#### a. The Procedures Mandated by the PSLRA

The PSLRA, which amended Section 21D of the Exchange Act, sets forth the specific procedures governing the appointment of Lead Plaintiff(s) and Lead Counsel in securities class action cases. 15 U.S.C. §78u-4(a)(1) and (a)(3)(B). The PSLRA sets forth among those procedures a deadline by which to move for appointment as lead plaintiff of sixty days following publication of a notice of the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The PSLRA provides that the Court shall consider any motion made by a putative class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who is the "most adequate" plaintiff, the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --

>   (aa)     has either filed the complaint or made a motion in response to a notice ....
>
>   (bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Here, Movant Zagunis has a demonstrated financial interest based on the value of his purchases and/or sales of Eligible Smith Barney funds during the Class Period of approximately $129,122.79.  *See* Levine Decl., Ex. A.  These significant transactions demonstrate Movant's superior stake in the litigation.  Whereas in a typical class action alleging violations of Section 10(b) resulting in the artificial inflation of a publicly traded stock, financial interest is usually measured by the out of pocket loss suffered by the movants upon disclosure of the truth, such a measure would not be meaningful in the context of the facts of this case.  Rather, a more meaningful measure in this case, where the allegations relate to fees earned as a result of transfer agent transactions, is the total value of purchase and/or sale transactions in eligible Smith Barney funds.

Furthermore, Movant's investments represent the largest financial interest in the outcome of the litigation among those original movants who purchased and/or sold Eligible Smith Barney funds and otherwise met all of the requirements of Fed. R. Civ. P. 23.

   b.     **Movant Zagunis Satisfies the Standard for Substitution as Lead Plaintiff**

Although the PSLRA does not expressly set forth a procedure for appointment of a Lead Plaintiff following withdrawal of an initial Lead Plaintiff appointee, Courts have adopted a three-part standard that closely follows the basic requirements for appointment under the PSLRA:  (1) whether the substitute Lead Plaintiff has made a timely request for appointment; (2) whether the

7

substitute Lead Plaintiff has the largest financial interest; and; (3) whether the substitute Lead Plaintiff otherwise satisfies the typicality and adequacy requirements of Rule 23.  *See In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. at 120-121, fn.5 ("If other plaintiffs had filed a lawsuit or originally moved to be appointed lead plaintiff—i.e., moved for appointment as lead plaintiff in response to the initial notice of pendency—*then those plaintiffs would arguably be entitled to priority over any other potential lead plaintiffs*.) (Emphasis added.)   Movant Zagunis satisfies this standard.

First, as described above, Mr. Zagunis previously made a timely request for appointment as Lead Plaintiff.  Dkt. No. 22.  Second, Mr. Zagunis satisfies the financial interest requirement of the PSLRA.  Movant has demonstrated Class Period Purchases or sales totaling $129,122.79.  Levine Decl., Ex. A.  While Local 649 originally professed to have millions of dollars invested in Smith Barney Funds, in actuality it has no financial interest whatsoever and no standing to serve as Lead Plaintiff.  The only other original movant, Mr. Weber, appears to have Eligible Fund investments worth $1,171.84.  Third, as further discussed below and demonstrated throughout this litigation, Mr. Zagunis has no interests antagonistic to other Class Members and has shown he is adequate to represent the Class and, therefore, otherwise satisfies Rule 23.

This Court has applied this standard when faced with a Lead Plaintiff that had lost standing to pursue claims in the litigation.  In  *In re: SLM Corporation Securities Litigation*, 258 F.R.D. at 116-117, this Court limited its consideration of new lead plaintiffs to those that had timely moved during the original 60-day period.  As stated in *In re SLM*:

> In this action, three parties moved for appointment within the sixty day period.  Thus, this Court turns its analysis to the other two movants: (1) SLM Venture; and (2) Sheet metal Workers' Local No. 80 Pension Trust Fund ("SMW").  SMW supports the appointment of SLM Venture because it has the larger financial interest.  Therefore, the Court only considers SLM Venture.

8

*Id.* In accordance with this standard, Movant Zagunis, who timely moved for appointment as a Lead Plaintiff in the instant action as part of the Chiumento Group, is the only applicant who qualifies to be appointed as Lead Plaintiff in this action.

    **c.**    **Movant David Zagunis Satisfies the Requirements of the PSLRA**

        **1.**    **Movant Zagunis Appears to Have the Largest Financial Interest in the Relief Sought by the Class**

One of the key factors in the appointment of a Lead Plaintiff under the PSLRA is the court's determination as to which person or group of persons collectively has the largest financial interest in the relief sought by the class. The "most adequate plaintiff" provision of the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . .

15 U.S.C. §78u-4(a)(3)(B)(I) (emphasis added). Moreover, the Court should presume:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
>                     \* \* \*
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As discussed above, based upon the comparative Eligible Fund investments of those applicants who previously moved for appointment as Lead Plaintiff in this action, Movant David Zagunis has the largest and most significant financial interest in the outcome of this litigation. Thus, Movant is presumed to be the "most adequate" plaintiff pursuant to the PSLRA. 15 U.S.C. §78u(4)(3)(B) (iii)(I)(bb).

9

Movant purchased and/or sold approximately $129,122.79 of Eligible Smith Barney fund shares during the class period.  *See* Levine Decl., Ex. A.  Thus, Movant has a substantially significant stake in the litigation.  The only other person who initially moved for appointment as Lead Plaintiff, Mr. Weber, purchased and/or sold far less in Eligible Smith Barney funds during the class period and for that reason alone, if he so moves, such application should be denied.  To the extent that the Court considers applicants who did not previously move, it awaits the conclusion of the filing date of October 6, 2011, for determination of whether any of those potential lead plaintiffs have a larger financial interest than Movant David Zagunis.

Based on Movant's significant transactions in Eligible Smith Barney Funds during the Class Period, Movant will most effectively represent the interests of the Class and will have the interest and commitment to supervise the litigation and is qualified and is willing to serve as a representative party.  The Proposed Lead Plaintiff has the sophistication necessary to effectively prosecute this case and is ready, willing and able to serve as Lead Plaintiff in this action. Movant has already had the opportunity to publicly demonstrate that he will adequately represent the class in that he has traveled from Revere, Massachusetts to New York to appear for a deposition, has produced documents responsive to a document request, and has verified responses to interrogatories.

### 2.    Movant Satisfies the Requirements of Rule 23

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representative.

Consequently, courts have held that at the stage of the litigation of selecting a lead plaintiff, the inquiry into the typicality and adequacy prongs of Rule 23(a) should be limited, and the examination of the remaining requirements should be deferred until the plaintiff(s) move for class certification. *See, e.g., In re Smith Barney Transfer Agent Litigation*, 2006 U.S. Dist. LEXIS 19728, at *8 (S.D.N.Y. April 17, 2006); *Dolan v. Axis Capital Holdings Ltd.,* 2005 U.S. Dist. LEXIS 6538, *4 (S.D.N.Y. April 13, 2005); *Xianglin Shi v. SINA Corp.,* No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176, at *7-8 (S.D.N.Y. July 1, 2005). Thus, to the extent Defendants wish to raise any issue with respect to Movant's adequacy, the appropriate time to do so is not in connection with a Lead Plaintiff motion but, rather, in response to a motion for Class certification. Nevertheless, as detailed below, Movant meets the typicality and adequacy requirements of Rule 23.

### 3. Movant Zagunis' Claim Is Typical of the Claims of the Class

The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues. *In re SLM Corp. Sec. Litig.,* 258 F.R.D. at 116; *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). To satisfy typicality, the claims of the Class representatives do not have to be identical to those of the Class members.

Movant satisfies this requirement because, like all the other Class members, Movant purchased and/or sold certain Eligible Smith Barney mutual funds during the Class Period for which the advisor received a payment. Thus, Movants' claim is typical of the claims of other Class members and arises out of the same course of events. Because Movant's claim "arise(s) from the same event or practice or course of conduct that give rise to the claims of the class members," and because that claim is based on the same legal theories, the typicality requirement of Rule 23(a)(3) is satisfied. *See In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d at 291.

### 4. Movant Zagunis Will Fairly and Adequately Represent the Interests of the Class

Under Rule 23(a)(4), the representative party must fairly and adequately protect the interests of the Class. The adequacy of representation turns on two factors: (1) whether the plaintiff's attorney is qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the plaintiff has interests antagonistic to the class. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, the Movant meets both these inquiries. The PSLRA directs this Court to limit its examination of the adequacy of the proposed Lead Plaintiff to represent the Class to the existence of any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class, and then allow the Lead Plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court." *See* 15 U.S.C. §78u4(a)(3)(B)(v).

Movant's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between their interests and those of the Class. Movant shares numerous common questions of law and fact with the members of the Class and his claims are typical of the claims of other Class members. Further, Movant has selected law firms to represent him that are highly experienced in prosecuting securities class actions such as this and

whose efforts to date in this action promise vigorous representation of the Class.  *See* Levine Decl., Ex. B - C.

    **II.**    **THIS COURT SHOULD APPROVE MOVANT'S SELECTION OF CO-LEAD COUNSEL**

    The PSLRA provides that upon appointment a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v) "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 598 F. Supp. 2d 388, 398 (S.D.N.Y. 2008), *quoting, In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,* No. 03 MDL 1529, 2008 U.S. Dist. LEXIS 67220, *2 (S.D.N.Y. Sept. 3, 2008).  The Court should not disturb the proposed Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class."  15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa).

    Indeed, one of the best ways for a Court to ensure that [lead plaintiffs] will fairly and adequately represent the interests of the Class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel."  *In re Cendant Corporation Litigation,* 264 F.3d 201, 265 (3d Cir. 2001).  Here, Movant seeks approval of his selection of Stull, Stull & Brody and Weiss & Lurie as Co-Lead Counsel.

    Stull, Stull & Brody and Weiss & Lurie are experienced in prosecuting securities class actions nationwide and in particular in this District.  The firms have served as plaintiffs' counsel in numerous class actions under the PSLRA in this District and many others.  The Court may be assured that, in the event this motion is granted, Stull, Stull & Brody and Weiss & Lurie will provide the members of the putative Class the highest caliber of legal representation available.

## CONCLUSION

For all the foregoing reasons, Movant David Zagunis respectfully requests that the Court: (i) appoint him as Lead Plaintiff; (ii) approve his selection of Stull, Stull & Brody and Weiss & Lurie as Co-Lead Counsel; and (iii) grant such other relief as the Court may deem just and proper.

Dated: October 6, 2011

    Respectfully submitted,

    **STULL, STULL & BRODY**

    By: <u>Mark Levine</u>
    Jules Brody (JB 9151)
    jbrody@ssbny.com
    Mark Levine (ML 0180)
    mlevine@ssbny.com
    6 East 45th Street
    New York, New York 10017
    Tel.: (212) 687-7230
    Fax: (212) 490-2022

    **WEISS & LURIE**
    Joseph H. Weiss
    jweiss@weisslurie.com
    Richard Acocelli
    racocelli@weisslurie.com
    Times Square Plaza
    1500 Broadway Suite 1600
    New York, New York 10036
    Tel: (212) 682-3025
    Fax: (212) 682-3010

    *Proposed Co-Lead Counsel and Attorneys for Plaintiff and Proposed Lead Plaintiff David Zagunis and Plaintiffs Renee Miller, Bharat Shah, Steven Hall and Richard Rees*