UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMITH BARNEY<br>FUND TRANSFER AGENT LITIGATION | 05 Civ. 7583 (WHP) |

**MEMORANDUM OF LAW IN SUPPORT OF ARTHUR LAUFER'S
MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND
<u>APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
Kira German
501 Fifth Avenue, Suite 1408
New York, New York 10017
Tel: 212-905-0509
Fax: 212-905-0508

560 Sylvan Avenue, Suite 3085
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337
Fax: 201-567-7377

*Counsel for Movant Arthur Laufer*

Movant Arthur Laufer ("Laufer" or "Movant") respectfully submits this memorandum of law in support of motion for: (1) appointment as Lead Plaintiff in the above-referenced actions; and (2) approval of his selection of Gardy & Notis, LLP ("Gardy & Notis") as Lead Counsel for the Class (as defined below).

## PRELIMINARY STATEMENT

Laufer, a purchaser of securities in the Smith Barney Capital Preservation Fund II Class B (the "Preservation Fund"), moves the Court to appoint him as Lead Plaintiff and his counsel as Lead Counsel pursuant to the Court's September 22, 2011 scheduling order (the "Order"). As demonstrated by Movant's position statement (attached hereto), he owned shares in the Preservation Fund at all relevant times. Laufer also satisfies the requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other members of the putative class and he will fairly and adequately represent the interests of all purchasers and/or redeemers of the mutual fund shares or other ownership interest of one or more Smith Barney Family of Funds (the "Funds") from September 11, 2000 through May 31, 2005 (the "Class"). The Court should also grant Laufer's motion to appoint his chosen counsel, Gardy & Notis, as Lead Counsel for the Class. The attorneys at Gardy & Notis have substantial experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of defrauded investors.

## STATEMENT OF FACTS

### A.   Background of the Action

This securities class action concerns the scheme of two Citigroup-related investment advisers and two executives to bilk the Funds of substantial sum of monies in contravention to the advisers' fiduciary duties to the Funds and the Class. As provided in the Second

Consolidated and Amended Class Action Complaint (the "Complaint"),[1] that scheme was effectuated when defendant Smith Barney Fund Management LLC (the "Adviser"), which served as investment adviser to the Funds, recommended that the Funds contract with an affiliate of the Adviser. Under the proposed contract, the affiliate would perform limited transfer agent services and sub-contract with the Funds' existing transfer agent, First Data Investor Services Group ("First Data"). Under this agreement, First Data would perform almost all of the same services it had performed previously, but at deeply discounted rates, permitting the affiliate of the Adviser to keep most of the discount for itself and make a high profit for performing limited work. This self-interested transaction permitted the defendants to pocket over $90 million from the transfer agent function at the direct expense of the Funds and their shareholders. In addition, during the relevant time period, defendants made numerous materially misleading statements to members of the Class. It was not until May 31, 2005, following the publication of an order by the Securities and Exchange Commission announcing that it anticipated to initiate proceedings against the Adviser and other related entities, that defendants' scheme to divert millions of dollars from the Funds was finally revealed.

B.     **Procedural Background**

While the Court is no doubt familiar with the history of this protracted litigation, the salient facts are as follows. A class action naming the Funds, among others, as defendants was commenced on August 26, 2005 following revelations that certain fiduciaries to the Funds appropriated nearly $100 million in advisory fees from the Funds and its investors. Thereafter, motions for consolidation and appointment of lead plaintiff and lead counsel were filed and the Court appointed Operating Local 649 Annuity Trust Fund ("Local 649") as Lead Plaintiff

---

[1] Movant has reviewed the Complaint and will adopt the Complaint as it stands, subject to further discovery and any modifications that this Court may allow.

2

pursuant to the pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). After six years of litigation, which included appeal to the Second Circuit, Local 649 sought to withdraw as lead plaintiff for the Class because it did not own the securities at issue in this action. On September 22, 2011, this Court granted Local 649's motion to withdrawal, but denied Local 649's request to amend the complaint to add new lead plaintiff. Instead, the Court set a scheduling order, permitting members of the Class to come forward to serve as Lead Plaintiff. Movant Laufer, a purchaser and holder of 4,385.96 shares during the Class period, now seeks to be appointed Lead Plaintiff pursuant to that order. *See* Exhibit A to the accompanying Declaration of Kira German ("German Decl.").

## LEGAL ARGUMENT

**I.  LAUFER SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS CHOSEN COUNSEL SHOULD BE APPOINTED LEAD COUNSEL ON BEHALF OF THE CLASS**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). However, in circumstances where plaintiffs have sought to add additional claims or where the lead plaintiff was found to be inadequate after the PSLRA lead plaintiff process had already been concluded, courts have held that no new notice is required and have selected from among those plaintiffs that moved to be appointed lead plaintiff in response to the court's scheduling order. *See In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002); *In re Baan Co. Sec. Litig.*, 2002 WL 32307825, at *2 (D.D.C. July 19, 2002); *In re Neopharm, Inc. Sec. Litig.*, 02 C 2967, 2004 WL 742084, at *2–3 (N.D.Ill. Apr. 7, 2004).

### A.  Laufer's Motion is Timely and he Otherwise Satisfies the PSLRA

Laufer's motion to appoint Lead Plaintiff and Lead Counsel is timely because Laufer is moving within the time prescribed by the Court's September 22, 2011 order. In addition, Laufer had significant, long-term holding in the Preservation Fund with 4,395.96 shares. As such, Laufer has an incentive to prosecute this action vigorously and will fairly and adequately protect the interests of the Class.

### B.  Laufer Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23

Laufer satisfies the requirements of Rule 23. Of the four prerequisites set forth in Rule 23(a), only two – typicality and adequacy – are directly applicable to an application for appointment as lead plaintiff. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See, e.g., In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) (noting that only the typicality and adequacy elements of Rule 23 are examined at the lead plaintiff stage); *In re Orion Sec. Litig.*, No. 08 Civ. 1328, 2008 WL 2811358, at *4 (S.D.N.Y. Jul. 8, 2008) (same).

"Typicality is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's

4

liability.'" *In re Orion*, 2008 WL 2811358, at *4. Laufer satisfies the typicality requirement because it: (1) purchased or acquired interest in the Preservation Fund during the Class Period and (2) suffered damages as a result. Laufer's claims are thus typical of those of the Class as his claims and the claims of other Class members arise out of the same course of events.

Laufer also fulfills the adequacy requirement. The determination of fair and adequate representation is a two-pronged test: (1) common interests between a representative and the class; and (2) the party's attorney must be qualified, experienced, and generally able to conduct the proposed litigation. *In re Orion*, 2008 WL 2811358, at *4. Further, the proposed lead plaintiff "should have sufficient interest in the outcome to ensure vigorous advocacy." *Id.* (internal quotation omitted).

Laufer has committed to prosecute this action effectively and efficiently, as a fiduciary to the Class, and to monitor Class counsel. Moreover, Laufer's interests are not antagonistic, but are instead perfectly aligned with the majority of absent Class members. Moreover, Laufer has submitted a certification indicating his willingness to assume the responsibilities of a class representative. Finally, as provided further below, his selected counsel, Gardy & Notis, has extensive experience effectively prosecuting securities class actions. Accordingly, the Court can be assured that Laufer and his counsel will more than adequately protect the interests of the absent Class members.

### C.   The Court Should Approve Laufer's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, a court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(v)(aa). Laufer has selected Gardy & Notis as Lead Counsel on behalf of the Class. As demonstrated by the firm resume, the attorneys at Gardy & Notis have extensive

experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of defrauded investors.  *See* Exhibit B to the German Decl.  Thus, the Court can be assured that by approving Laufer's choice of counsel, the Class will receive the highest caliber of legal representation available.

## CONCLUSION

For the reasons stated above, Laufer is the most adequate plaintiff in this action and should be appointed Lead Plaintiff.  As the most adequate plaintiff, Laufer respectfully requests that the Court: (1) appoint Laufer as Lead Plaintiff; (2) approve Laufer's selection of Gardy & Notis, LLP as Lead Counsel in this action and in any subsequently filed and/or related cases; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: October 6, 2011                    **GARDY & NOTIS, LLP**

By: *s/ Kira German*
Mark C. Gardy
James S. Notis
Kira German
501 Fifth Avenue, Suite 1408
New York, New York 10017
Tel: 212-905-0509
Fax: 212-905-0508

560 Sylvan Avenue, Suite 3085
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7337
Fax: 201-567-7377

*Counsel for Movant Arthur Laufer*