UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMITH BARNEY<br>FUND TRANSFER AGENT LITIGATION | 05 Civ. 7583 (WHP) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE MOTION OF JEFFREY WEBER AND ROBERT AND ANN
YIAMBELLIS TO BE SUBSTITUTED AS LEAD PLAINTIFFS, AND FOR
APPROVAL OF BERNSTEIN LIEBHARD LLP AS THEIR CHOICE OF
LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

## INTRODUCTION

Movants Jeffrey Weber ("Weber") and Robert and Ann Yiambellis (the "Yiambellises") (collectively, the "Movants") respectfully submit this reply memorandum of law in further support of their motion to be substituted as lead plaintiffs, and for approval of their choice of counsel, Bernstein Liebhard LLP ("Bernstein Liebhard"), as continuing lead counsel, and in opposition to competing motions filed by David Zagunis ("Zagunis") and Arthur Laufer ("Laufer").

## PRELIMINARY STATEMENT

As argued in Movants' opening motion, because this case is in the middle of discovery, and the proposed class representatives have already been thoroughly vetted, it makes sense to open this motion to the proposed class representatives. *See* Opening Mem. at 6-9. Indeed, other courts have considered individuals other than the original lead plaintiff movants in certain circumstances when appointing substitute lead plaintiffs. *See id.* at 7.

Competing movant Laufer, however, is neither an original lead plaintiff movant nor a proposed class representative. He first appeared in this case on October 6, 2011 when Movants (an original lead plaintiff and two proposed class representatives) stepped forward to serve as lead plaintiffs. There is simply no reason to entertain motions from individuals such as Laufer, who have taken no steps to be part of the litigation until now, as it will only prejudice the class by causing further delay. *Cf. id.* at 7 n.8.

Critically, of the competing movants who filed motions on October 6, 2011 to be substituted as lead plaintiff, Movants have the largest financial interest by far: Movants have collective purchases and sales in affected Smith Barney funds of almost $1 million. *See* Opening Mem. at 9. Zagunis reports approximately $130,000 in purchases and sales, and Laufer reports

approximately $52,000 in purchases and sales. *See id.*[1] Likewise, the "Average Dollar Holdings" of the Movants (one of the metrics utilized in the lead plaintiff briefing in 2005),[2] is far larger than that of Zagunis and Laufer. Under an Average Dollar Holdings analysis, Movants have $187,296 in holdings, Zagunis has $7,696, and Laufer has $28,364. *See infra* at 6.

Further, only Weber is entirely immune to Defendants' Rule 12(c) motion for judgment on the pleadings on statute of limitations grounds. As discussed in Movants' opening motion (*see* Opening Mem. at 10-12), because Weber has been in this case since his lead plaintiff motion in December 2005, and has been included as a named plaintiff in each of the filed complaints, Defendants' statute of limitations arguments (which we believe are without merit) simply do not apply to him. Thus, Movants can guard the class' interests in a way that Zagunis and Laufer cannot.

Finally, as discussed at length in Movants' opening papers (*see* Opening Mem. at 22-24), despite the regrettable events resulting in the current motions, Bernstein Liebhard stands in the best position to see this case through to a successful conclusion on behalf of the class. Accordingly, Movants' motion should be granted in its entirety.[3]

---

[1] Although Laufer is not a proper movant, we nonetheless include his financial interest in the comparisons.

[2] "Average Dollar Holdings" is discussed *infra* at 6.

[3] In response to the assertions raised by Defendants in their letter of today, Lead Counsel believes that Movants are adequate to represent the class. *See* Opening Mem. at 20-21. As set forth in Movants' opening motion, this case is primarily an "omissions case," and therefore, issues of reliance are not paramount. *See id.* at 14-15. Rather, the question is whether the omitted information would have been important to an investor's decision to purchase or sell the mutual funds at issue. Movants each testified that the omitted information would have been important to them. *See id.* at 16-18. Moreover, the Yiambellises testified that they did review the relevant documents. *See id.* at 18. As Defendants note however, these are issues that will be fully vetted in connection with class certification. Accordingly, Lead Counsel, if appointed, will supplement their response to Defendants' assertions at that time.

**ARGUMENT**

**I.    MOVANTS SHOULD BE SUBSTITUTED AS LEAD PLAINTIFFS**

    **A.    Only Weber Is Entirely Immune to Defendants' Statute of Limitations Motion**

As set forth in Movants' opening motion, of all the competing movants only Weber originally moved to be appointed lead plaintiff in December 2005, and was included as a named plaintiff in each of the complaints filed to date. Opening Mem. at 10. Thus, Weber stands in a different position from the other competing movants. For example, although Zagunis moved to be appointed lead plaintiff in December 2005, he did not participate in the litigation after the denial of his motion until May 2011. *Id.* at 11 n.14. Laufer is even further removed from the case as he did not become involved in the litigation until the filing of his current motion less than two weeks ago. *See* October 6, 2011 Laufer motion for lead plaintiff.

Weber's continued involvement in the litigation would indisputably aid the class in light of Defendants' July 8, 2011 motion for judgment on the pleadings based on statute of limitations and statute of repose grounds. *See* Opening Mem. at 9-11. Only Weber can offer the class insurance against Defendants' motion.

    **B.    Proposed Class Representatives Should Be Considered as Substitute Lead Plaintiffs**

At the September 15, 2011 Hearing (the "September 15th Hearing" or the "Hearing"), this Court apparently agreed with Lead Counsel's suggestion that, in light of the advanced procedural stance of this case, and the fact that class discovery is complete, it made sense to open this motion up to the proposed class representatives. *See* Opening Mem. at 8. In certain circumstances, courts have held that looking beyond the original lead plaintiff movants is warranted when substituting lead plaintiffs. *See, e.g., In re IPO Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002); *In re Neopharm, Inc. Sec. Litig.*, No. 02 Civ. 2976, 2004 WL 742084, at *3

(N.D. Ill. Apr. 7, 2004). Accordingly, the Yiambellises, who stepped forward to serve as proposed class representatives – and who have already been deposed, have produced documents in response to Defendants' document requests, and have responded to Defendants' interrogatory requests – are proper moving parties and should be considered as substitute lead plaintiffs.

### C.   Laufer Should Not Be Considered As a Substitute Lead Plaintiff

Laufer should not be considered as lead plaintiff because he is neither an original lead plaintiff movant (like Weber), nor a proposed class representative (like the Yiambellises). Laufer first appeared in this case on October 6, 2011. Unlike Movants, Laufer has had no role in the litigation, has not appeared for a deposition, has not produced documents in response to Defendants' document requests, and has not responded to Defendants' interrogatory requests. Indeed, at the Hearing, defense counsel objected to opening this substitution motion up to investors such as Laufer, *i.e.*, class members who were neither original lead plaintiff movants nor class representatives. *See* Hearing Transcript (attached as Ex. A) at 11:20-12:5; 13:5-13-11. Bernstein Liebhard then clarified its position:

> I was just going to add, I'm not advocating opening up the process to outside investors, I was talking about the plaintiffs that were added into the third amended complaint who have already been the subject of depositions and seeing what they were all about.

Tr. at 13:14-13:18.

Unlike the Yiambellises, who were proffered as proposed class representatives and who have completed the discovery process, Laufer is completely new to the litigation. Thus, the prosecution of this case will be further delayed if Laufer is appointed. In short, there is simply no benefit to the class if Laufer is appointed lead plaintiff.

### D.     Movants Have The Largest Financial Interest

A movant's financial interest is arguably the most important metric in the PSLRA when determining lead plaintiff. *See* 15 U.S.C. § 78u-4; *see also* Opening Mem. at 9. Congress believed investors with the most at stake would do the best job of litigating the action, and have the most motive to ensure a good settlement (which a lead plaintiff must authorize). *See*, *e.g.*, *City of Brockton Retirement System v. The Shaw Group, Inc.*, No. 06 Civ. 8245 (CM) (MHD), 2007 WL 2845125, at *3 (S.D.N.Y. Sept. 26, 2007) ("One of the principal legislative purposes of the PSLRA was to…[a]ppoint lead plaintiff on the basis of financial interest…to ensure that plaintiffs with…real financial interests in the integrity of the market would control the litigation"). The same considerations apply when substituting a lead plaintiff. *See* Opening Mem. at 9.[4]

As shown below, based on the competing movants' reported purchases and sales in Smith Barney funds, Movants have the largest financial interest of all of the competing movants under the relevant financial metrics:

| Movant | Total Shares Purchased | Value of Purchases | Total Shares Sold | Value of Sales | Total Value of Shares Purchased and Sold |
|---|---|---|---|---|---|
| Robert and Ann Yiambellis | 44,433 | $738,814 | 15,437 | $222,187 | $961,001 |
| Jeffrey Weber | 104 | $1,172 | - | $0 | $1,172 |
| TOTAL – MOVANTS | 44,537 | $739,986 | 15,437 | $222,187 | $962,172 |
|  |  |  |  |  |  |
| David F. Zagunis | 857 | $12,151 | 10,240 | $116,972 | $129,123 |
| Arthur Laufer | 4,502 | $51,338 | - | - | $51,338 |

---

[4] Indeed, Zagunis argued that he should be appointed as lead plaintiff because he believed (albeit incorrectly) that he had the largest financial interest in this action. *See* Zagunis Mem. at 9. Zagunis believed he had the largest financial interest because he compared his interest to that of Weber alone.

In addition, Movants have the largest financial interest under an "Average Dollar Holdings" methodology, which was one of the metrics used in the initial lead plaintiff motion in December 2005.  The Chiumento Group at the time defined "Average Dollar Holdings" as an investor's "dollar days of holdings" (a dollar day of holdings is one dollar invested for one day) divided by the number of days in the class period.  December 12, 2005 Chiumento Group Mem. at 8.  Thus, if an investor bought and held $1,000 in a fund for 100 days during the class period, then the investor had 100,000 dollar days of holdings.  If the class period spanned 1,000 days, the investor would have 10,000 dollar days of holdings, *i.e.*, the dollar days of holdings (100,000) divided by the number of days in the class period (1,000).

Here, Movants also have the largest financial interest under the Average Dollar Holdings methodology:

| Movant | Dollar Days of Holdings | Average Dollar Days of Holdings |
|---|---|---|
| **Robert and Ann Yiambellis** | $321,106,945 | $186,257 |
| **Jeffrey Weber** | <u>$1,791,204</u> | <u>$1,039</u> |
| **TOTAL - MOVANTS** | $322,898,149 | $187,296 |
| | | |
| David F. Zagunis | $13,267,930 | $7,696 |
| Arthur Laufer[5] | $48,900,001 | $28,364 |

Accordingly, since Movants have the largest financial interest in the litigation under any relevant analysis, they are presumptively the best candidates to serve as lead plaintiffs and continue litigating this case on behalf of the class.  *See* Opening Mem. at 10.

---

[5] Purchase dates were not provided for Laufer's dividend reinvestments so these amounts were not included in the Average Dollar Holdings calculations.

6

**II.     MOVANTS' CHOICE OF SOLE LEAD COUNSEL SHOULD BE APPROVED**

As discussed in Movants' opening papers, Movants' choice of Bernstein Liebhard to continue as sole lead counsel should be approved.  *See* Opening Mem. at 22-24.

**CONCLUSION**

For the reasons set forth above and in their opening papers, Movants respectfully request that the Court grant their motion for substitution as lead plaintiffs, and for approval of their choice of lead counsel.

Dated:  New York, New York
        October 17, 2011

**BERNSTEIN LIEBHARD LLP**

/s/
_____
Stanley D. Bernstein (bernstein@bernlieb.com)
U. Seth Ottensoser (ottensoser@bernlieb.com)
Stephanie M. Beige (beige@bernlieb.com)
Joseph R. Seidman, Jr. (seidman@bernlieb.com)
10 East 40th Street, 22nd Floor
New York, New York  10016
Telephone:  (212) 779-1414
Facsimile:   (212) 779-3218

*Lead Counsel for the Proposed Class*

**ZAMANSKY & ASSOCIATES, LLC**
Jacob H. Zamansky (jake@zamansky.com)
Edward H. Glenn, Jr. (eglenn@zamansky.com)
50 Broadway, 32nd Floor
New York, New York  10004
Telephone:  (212) 742-1414
Facsimile:   (212) 742-1177

*Additional Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of October 2011, true and correct copies of the foregoing document were served upon all counsel of record in this action via email and ECF:

Lori Martin, Esq.
**WILMER CUTLER PICKERING HALE & DORR LLP**
399 Park Avenue, 30th Floor
New York, NY  10022

Richard J. Morvillo, Esq.
**SCHULTE ROTH & ZABEL LLP**
1152 Fifteenth Street, NW, Suite 850
Washington, DC  20005

Richard Acocelli, Esq.
**WEISS & LURIE**
1500 Broadway
Suite 1600
New York, New York  10036

Mark Levine, Esq.
**STULL STULL & BRODY**
6 East 45th Street
New York, New York  10016

Jacob Zamansky, Esq.
Edward Glenn, Esq.
**ZAMANSKY & ASSOCIATES**
50 Broadway, 32nd Floor
New York, New York 10004

/s/
_____
JOSEPH R. SEIDMAN, JR.