UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
IN RE SMITH BARNEY TRANSFER   :   05 Civ. 7583 (WHP)
AGENT LITIGATION              :
                              :   MEMORANDUM & ORDER
------------------------------X
                              :
THIS DOCUMENT RELATES TO:     :
                              :
ALL ACTIONS                   :
                              :
------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/12

WILLIAM H. PAULEY III, District Judge:

   Plaintiffs in this putative class action assert claims against Defendants Smith Barney Fund Management LLC, Citigroup Global Markets Inc., Thomas W. Jones, and Lewis E. Daidone (collectively, "Defendants") under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Plaintiffs seek to lift the discovery stay mandated by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"), pending this Court's resolution of Defendants' motions to dismiss the Fourth Consolidated and Amended Class Action Complaint. For the foregoing reasons, Plaintiffs' application to lift the stay in its entirety is denied, but Plaintiffs may serve a subpoena requiring non-party Legg Mason, Inc. ("Legg Mason") to preserve relevant information.

## BACKGROUND

   The history of this action is detailed in this Court's Memorandum & Order dated September 22, 2011. See In re Smith Barney Transfer Agent Litig., --- F. Supp. 2d ----, 2011

1

WL 4430857, at *1 (S.D.N.Y. 2011). Only those facts bearing on Plaintiffs' application to lift the discovery stay are recounted here.

In 2006, after consolidating several related actions, this Court appointed Operating Local 649 Annuity Trust Fund ("Local 649") as lead plaintiff. On June 26, 2006, this Court denied Plaintiffs' motion to lift the PSLRA discovery stay pending Defendants' motion to dismiss the consolidated amended complaint. See In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2006 WL 1738078, at *1 (S.D.N.Y. June 26, 2006). On September 26, 2007, this Court granted Defendants' motion to dismiss in its entirety. See In re Smith Barney Fund Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2007 WL 2809600, at *1 (S.D.N.Y. Sept. 26, 2007). The Court of Appeals affirmed in part and reversed in part. See Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 98-99 (2d Cir. 2010). Defendants then filed another motion to dismiss, which this Court granted in part and denied in part. See In re Smith Barney Transfer Agent Litig., 765 F. Supp. 2d 391, 394 (S.D.N.Y. 2011).

In March 2011, discovery commenced. But this Court reinstated the discovery stay several months later when Plaintiffs disclosed that Local 649 had not purchased any of the funds at issue in the case. (Hr'g Tr. dated Sept. 8, 2011, at 16-17.) This Court appointed David Zagunis as the new lead plaintiff on December 15, 2011. See In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2011 WL 6318988, at *1 (S.D.N.Y. Dec. 15, 2011). On January 13, 2012, this Court authorized Plaintiffs to file a fourth amended complaint and fixed a briefing schedule for Defendants' motion to dismiss. Plaintiffs filed the Fourth Consolidated and Amended Class Action Complaint on March 7. Defendants' motions to dismiss will be fully briefed by May 11.

DISCUSSION

I.  Legal Standard

The PSLRA provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B). "The mandatory PSLRA discovery stay cannot be lifted unless discovery is required to (1) preserve evidence, or (2) prevent undue prejudice to plaintiffs." Smith Barney, 2006 WL 1738078, at *1 (citing 15 U.S.C. § 78u-4(b)(3)(B)). "The PSLRA also requires that plaintiffs' discovery requests be 'particularized' for the stay to be lifted." Smith Barney, 2006 WL 1738078, at *1 (quoting 15 U.S.C. § 78u-4(b)(3)(B)).

II.  Applicability of the PSLRA Discovery Stay

By its plain language, the PSLRA discovery stay provision applies broadly "during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Nevertheless, Plaintiffs contend that the discovery stay does not apply here because this Court denied in part a previous motion to dismiss.

In view of the PSLRA's expansive language, "the weight of authority" holds that discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss failed. In re Refco, Inc., No. 05 Civ. 8626 (GEL), 2006 WL 2337212, at *4 (S.D.N.Y. Aug. 8, 2006) (citing Sedona Corp. v. Ladenburg Thalmann, No. 03 Civ. 3120 (LTS)(THK), 2005 WL 2647945, at *2-*3 (S.D.N.Y. Oct. 14, 2005)). Indeed, a contrary interpretation would be unfaithful to the statutory text. As the Supreme Court has instructed, "the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 219 (2008) (quoting United States v. Gonzalez, 520 U.S. 1, 5 (1997)). In the "absence of restrictive language," there is nothing ambiguous about the meaning

3

of "any." Ali, 552 U.S. at 219, 227; see also Sedona, 2005 WL 2647945, at *3 ("[T]here is no ambiguity in the plain language of the PSLRA's stay provision[.]").

To be sure, there are compelling policy arguments for permitting discovery to resume after some claims have survived an earlier motion to dismiss. But this Court is "not at liberty to rewrite the statute to reflect a meaning [it] deem[s] more desirable." Ali, 552 U.S. at 228. Accordingly, the PSLRA discovery stay applies pending the resolution of Defendants' motions to dismiss the Fourth Consolidated and Amended Class Action Complaint.

### III. Undue Prejudice

Courts may lift the mandatory PSLRA discovery stay if doing so is necessary to "prevent undue prejudice to plaintiffs." Smith Barney, 2006 WL 1738078, at *1. "Undue prejudice in the context of a discovery stay means improper or unfair treatment amounting to something less than irreparable harm." Smith Barney, 2006 WL 1738078, at *2 (quoting Vacold LLC v. Cerami, No. 00 Civ. 4024 (AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001)) (internal quotation marks omitted). Mere delay does not constitute undue prejudice, because "delay is an inherent part of every stay of discovery required by the PSLRA." Smith Barney, 2006 WL 1738078, at *2 (quoting In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002)) (internal quotation marks omitted). Here, the discovery stay will subject Plaintiffs to no possible prejudice beyond delay. Accordingly, Plaintiffs fail to demonstrate undue prejudice.

### IV. Preservation of Evidence

Courts may also lift the mandatory PSLRA discovery stay if doing so is required to "preserve evidence." Smith Barney, 2006 WL 1738078, at *1. "A party alleging that discovery is necessary to preserve evidence must . . . make a specific showing that the loss of

4

evidence is imminent as opposed to merely speculative." In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (quoting Sarantakis v. Gruttaduaria, No. 02 C 1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002)) (internal quotation marks omitted).

      Here, Plaintiffs seek to obtain limited, particularized discovery from Legg Mason, a non-party to this action. They request, inter alia, account and transactional records reflecting whether members of the putative class sold Smith Barney Fund shares prior to the May 2010 distribution of funds from the Citigroup Fair Fund to the Smith Barney Funds. Plaintiffs maintain that this information is essential to proving damages and loss causation. See Dura Pharm., Inc. v. Brudo, 544 U.S. 336, 338 (2005) ("A private plaintiff who claims securities fraud must prove that the defendant's fraud caused an economic loss."). They also contend that the documents they seek are at risk of destruction because some are nearly twelve years old, and Legg Mason is under no legal obligation to retain them. Plaintiffs only learned last summer that Legg Mason possessed this information.

      Ultimately, Plaintiffs fail to demonstrate that "the loss of evidence is imminent as opposed to merely speculative." Vivendi, 381 F. Supp. 2d at 130. The mere fact that the documents and information at issue are in the possession of a non-party to this action does not create an imminent risk of destruction. Nevertheless, Legg Mason's status as a non-party significantly increases the risk that evidence may be lost. As such, "courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas that give specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession." Refco, 2006 WL 2337212, at *5 (quoting In re Tyco Int'l, Ltd., Sec. Litig., No. 00 MD 1335, 2000 WL 33654141, at *5 (D.N.H. July 27, 2000)) (internal quotation marks omitted); see also Koncelik v. Savient Pharm., Inc., No. 08 Civ. 10262 (GEL), 2009 WL 2448029, at *3

5

(S.D.N.Y. Aug. 10, 2009) (authorizing plaintiff in PSLRA case to serve document-preservation subpoenas on third parties). Accordingly, Plaintiffs may serve a document-preservation subpoena requiring Legg Mason to preserve relevant information.

## CONCLUSION

For the foregoing reasons, Plaintiffs' application to lift the PSLRA discovery stay in its entirety is denied. However, Plaintiffs may serve a document-preservation subpoena on Legg Mason.

Dated: April 25, 2012
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*

6