```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/12
```

STULL, STULL & BRODY
*COUNSELORS AT LAW*
6 EAST 45th STREET
NEW YORK, N.Y. 10017

**MEMO ENDORSED**

TELEPHONE
212-687-7230

TELECOPIER
212-490-2022

June 15, 2012

Via Hand Delivery
Hon. William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

RECEIVED
JUN 18 2012
WILLIAM H. PAULEY
U.S.D.J.

    Re: In re: Smith Barney Fund Transfer Agent Litigation
      05 Civ. 7583 (WHP)

Dear Judge Pauley:

  On behalf of Plaintiffs, pursuant to Section III(A)(i) of the Court's Individual Practices, leave is sought for permission to file a brief sur-reply memorandum in further Opposition to Defendants' Motion to Dismiss solely to address *SEC v. Perry*, 2012 U.S. Dist. LEXIS 76018 (C. D. Cal. May 31, 2012). A copy of that decision is enclosed for the Court's convenience as Exhibit A. Despite the *Perry* opinion being issued nearly two weeks before the June 13, 2012 oral argument, counsel for defendants did not submit a copy to the Court or Plaintiffs' counsel nor did they provide advance notice that it would be brought to the Court's attention at oral argument. As such, Plaintiffs request the opportunity to provide a brief sur-reply memorandum to discuss Defendants' counsel's characterization of *Perry* to the Court during the oral argument.

  When Perry is carefully analyzed, it is obvious Defendants still have not cited one case applying *Janus* (or the principles set forth in *Janus)* where a court ruled that a defendant had not made a statement despite the fact that the defendant signed the SEC filing in question. Defendants' counsel erroneously cited it to the Court at oral argument (as they misrepresented the holding of *In Re Optimal U.S. Litigation*, 2011 U.S. Dist. LEXIS 119141 (S.D.N.Y. Oct. 11, 2011), as a case in which a complaint was dismissed, on account of the *Janus* decision, despite the SEC filing being signed by the defendant.

  In *Perry*, the court considered whether defendants, who were the most senior officers of the Company could potentially be liable under the securities laws for making misstatements in a prospectus. In ruling on a summary judgment motion (not a pleading motion) after extensive discovery had been taken, the court stated that:

> [T]he SEC's allegations based on the DSPP prospectuses fail as matter of law because Defendants did not prepare, review, or sign the prospectuses, and thus were not the 'makers' of the statements contained therein. *See, e.g. Janus Capital*

*Group, Inc. v. first Derivative Traders*, 131 S. Ct. 2296, 2302, 180 L. Ed. 2d 166 (2011); *SEC v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 F. App'x 183, 186 (9th Cir. 2008).

2012 U.S. Dist. LEXIS 76018, at *21.

The only rational explanation (although an incorrect one) for defendants' representation is the *Perry* court's reference to a Form S-3 registration statement: "[a]lthough Defendants signed the Form S-3 registration statement, they did so more than a year before the prospectuses were filed." *Id.* Yet it was based on that time lapse and the fact that the S-3 was not the document that contained the allegedly false and misleading statement that the court dismissed against defendants, not the application of *Janus* to a signer of an appropriately alleged misleading SEC document.

Further, *Perry* contrasts with the Smith Barney facts because here Plaintiffs expressly alleged, that Daidone signed, as an officer of the particular fund, an SEC Form 485BPOS that contains a prospectus and statement of additional information. Thus, the prospectus is a contemporaneous and integral part of the document signed by Daidone. As an example, Paragraphs 1 and 2 of Appendix A to the Fourth Consolidated Amended Complaint reference the signing of a December 1999 Form 485BPOS for Smith Barney Aggressive Growth Fund by Daidone as Senior Vice President and Chief Financial and Accounting officer of the Aggressive Growth Fund and contains a prospectus and Statement of Additional Information. A copy of a relevant excerpt from Appendix A is enclosed for the Court's convenience as Exhibit B.

We would be pleased to respond to any questions the Court may have.

Respectfully,

Mark Levine

cc: Jessica B. Pulliam, Esq. (all copied via email)
Alex Bourelly, Esq.
Richard Morvillo, Esq.
Peter White, Esq.
Jeffrey Robertson, Esq.
Peter Vigeland, Esq.
Lori Martin, Esq.
Richard Acocelli, Esq.
Patrick Slyne, Esq.

Application denied.
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
6/18/12