**MEMO ENDORSED**

**STULL, STULL & BRODY**
*COUNSELORS AT LAW*
6 EAST 45th STREET
NEW YORK, N.Y. 10017

TELEPHONE
212-687-7230

TELECOPIER
212-490-2022

August 19, 2013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/22/13
```

Via Hand Delivery
Hon. William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: In re: Smith Barney Fund Transfer Agent Litigation
> 05 Civ. 7583 (WHP)

Dear Judge Pauley:

As Your Honor is aware, Lead Plaintiff David Zagunis moved to preliminary approve the settlement of the referenced certified class action on August 9, 2013 ("Preliminary Approval Motion") pursuant to the Court's August 2, 2013 scheduling order (docket No. 282), which also established: (i) August 23, 2013 as the deadline for any opposition to the Preliminary Approval Motion ("Opposition"); (ii) August 30, 2013 as deadline for submission of Plaintiffs' reply, if any ("Reply"); and (iii) September 4, 2013 at 3:30 p.m. as the date and time of hearing in connection with the Preliminary Approval Motion ("Preliminary Approval Hearing"). On August 8, 2013, the Court modified the foregoing schedule to permit Plaintiffs until August 19, 2013 to seek and submit supplemental declarations from various "Successor Entities" to the Smith Barney funds to address the availability and accessibility of certain account and transactional records relevant to the notice and administration of the settlement, and extended the Opposition date to August 26, 2013 (docket No. 283). Based upon information received from Boston Financial Data Services ("Boston Financial") late this afternoon, Plaintiffs have been forced to request permission to submit the supplemental declarations no later than August 30, 2013, the current date of the Reply.

Since the July 31, 2013 pre-motion hearing, Plaintiffs have been seeking declarations from the entities most likely to have knowledge of the availability of complete Class Period shareholder account and transactional records for all seventeen (17) of the Smith Barney funds involved in the settlement (the "Funds") to help clarify the issues raised by the Court concerning access to, and potential utility of, those records. As discussed at the July 31 hearing and described in Plaintiffs' August 7, 2013 letter to the Court, these entities are Legg Mason, Inc. ("Legg Mason") (which assumed management of the Funds in 2006), along with BNY Mellon Investment Services (U.S.) Inc. ("BNY Mellon") (which was retained by Legg Mason to serve as transfer agent to the Funds until April 2009) and

Boston Financial, (which succeeded BNY Mellon as transfer agent to the Funds and which currently serves in that capacity) (together the "Successor Entities"). This effort has consisted of frequent, detailed emails and telephone calls to representatives of the Successor Entities to, among other things, assist in clarifying the nature of the information sought and encouraging timely submission of the declarations.

With respect to Legg Mason, Plaintiffs have obtained a declaration from its in house counsel attesting to the fact that Legg Mason does not, and never did have, records sufficient to identify the names, addresses and Class Period transactions of Class Members, which is consistent with the substance of Lead Counsel's communications with Legg Mason over the past six months.

With respect to BNY Mellon, Plaintiffs have obtained a declaration attesting to the fact that it is unlikely that BNY Mellon has the necessary records, and that the cost and time involved in even determining if backup tapes might be available are so prohibitive as to make further pursuit of the records through BNY Mellon impracticable. Again, the substance of the BNY Mellon declaration is consistent with the communication between Lead Counsel and the BNY Mellon representatives over the past six months.

With respect to Boston Financial, recent communications leading up to the execution of its declaration were similarly consistent with those of the previous few months. Based on the representations of its outside counsel, Adam Sisitsky of Mintz Levin, the Boston Financial declaration was imminent, and confirmed that the relevant historical Fund account and transactional information had been "purged" from the Boston Financial system. *See* August 8, 2013 email from Adam Sisitsky to Mark Levine (responding to a detailed list of questions contained in an August 4, 2013 email from Mr. Levine to Mr. Sisitsky), attached hereto as Exhibit 1.

At 5:04 p.m. today, as Plaintiffs awaited the promised final executed declaration from a Boston Financial, representative, Mr. Sisitsky sent an email apologizing for having to "report the following issue at this late hour", having just that "there might actually be a way, previously not considered by our operations people, that we could obtain the requested information." *See* August 19, 2013 email from Adam Sisitsky to Mark Levine, attached hereto as Exhibit 2. The email further indicated, among other things, that Mr. Sisitsky would "know within the next couple days whether restoring the purged records is possible without the cost and investment of time" that Boston Financial had expected. Finally, Mr. Sisitsky indicated that he would be traveling but that he expected to have the information by the end of the week. A follow-up email from Mr. Sisitsky at 5:59 p.m. today further explained that Boston Financial was "confident that the initial information was accurate," that the "recent development today was completely unexpected," and he and Boston Financial "remain committed to getting [Lead Counsel] accurate information as soon as we can and we certainly do not mean to further burden you, your clients and/or the court."

In sum, given Boston Financial's last minute uncertainty concerning what is the very core of the supplemental declaration submissions, Plaintiffs must take the regrettable step of

Hon. William H. Pauley, III
United States District Judge
August 19, 2013
Page 3

seeking additional time to allow Boston Financial to clarify the facts rather than potentially confuse the issue by making piecemeal submissions. As such, Plaintiffs seek until August 30, 2013, the date of their Reply deadline, to supplement their opening Preliminary Approval papers and present relevant declarations from the Successor Entities in a way that bestows as complete and accurate a picture of the existence and availability of the Fund account and transactional records as possible.

Of course if Boston Financial is in a position to conclusively report on the issue and provide an executed declaration prior to August 30, 2013, Plaintiffs will immediately complete their supplemental submission.

We apologize to the Court for having to seek this extension but for the reasons explained above, it was literally at the last minute that we were apprised of the aforementioned information from Boston Financial.

We have sought the consent of Defendant's counsel to this application but have not yet received a response from them.

We are available should the Court has any questions.

Respectfully,

Mark Levine

cc: Richard Morvillo, Esq. (all via email)
    Peter White, Esq.
    Jeffrey Robertson, Esq.
    Richard Acocelli, Esq.

Application granted.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

8/22/13