USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE SMITH BARNEY TRANSFER
AGENT LITIGATION

CIVIL ACTION
NO. 05 Civ. 7583 (WHP)

---

## ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Smith Barney Transfer Agent Litigation*, No. 05 Civ. 7583 (WHP) (S.D.N.Y.) (the "Action");

WHEREAS, by Memorandum and Order dated March 21, 2013, this Court certified the Action to proceed as a class action on behalf of a class of investors consisting of all persons and entities, and their successors in interest, that purchased or redeemed shares of the following Smith Barney funds between September 11, 2000 and June 24, 2004 (" the Class Period") pursuant to a prospectus allegedly signed by Lewis E. Daidone ("Daidone") and who were allegedly damaged thereby ("Smith Barney Funds"): Smith Barney Aggressive Growth Fund, Inc.; Smith Barney Allocation Series, Inc.-Allocation Growth Portfolio; Smith Barney Appreciation Fund, Inc.; Smith Barney Income Fund Series-Smith Barney Convertible Fund; Smith Barney Income Fund Series-Smith Barney Diversified Strategic Income Fund; Smith Barney Income Fund Series-Smith Barney High Income Fund; Smith Barney Income Fund Series-Smith Barney Premium Total Return Fund; Smith Barney Fundamental Value Fund, Inc.; Smith Barney World Funds, Inc.-International All Cap Growth Portfolio; Smith Barney Managed Governments Fund, Inc.; Smith Barney Investment Funds, Inc.-Peachtree Growth Fund; Smith Barney Investment Funds, Inc.-Investment Grade Bond Fund; Smith Barney Investment Funds, Inc.-Small Cap Growth Fund; Smith Barney Investment Trust-Large Capitalization Growth; Smith Barney Managed

1

Municipals Fund, Inc.; Smith Barney Money Funds, Inc.-Cash Portfolio; and Smith Barney Equity Funds, Inc.-Social Awareness Fund.[1]

WHEREAS, Lead Plaintiff David Zagunis and Named Plaintiffs Jeffrey Weber, the DVL 401(k) Plan, Bharat U. Shah, Steven W. Hall, David Zagunis, Richard W. Rees, and Renee Miller (collectively "Plaintiffs"), individually and on behalf of the Court-certified Class, and Defendant Daidone and dismissed defendants Smith Barney Fund Management LLC and Citigroup Global Markets, Inc. (the "Dismissed Citi Defendants")," have entered into an Amended Stipulation and Agreement of Settlement dated August 8, 2013 (the "Amended Stipulation"), as modified by written agreement on September 24, 2013, ("Letter Agreement")which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto and the Side Letter referred to in the Amended Stipulation, sets forth the terms and conditions of the proposed settlement, which provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action, upon the terms and conditions set forth in the Stipulation (the "Settlement").

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the Amended Stipulation, approving the form and the method of notice to the Class, and scheduling a Settlement hearing as more fully described herein;

---

[1] Excluded from the Class by Court-ordered definition are: Defendant Daidone and any person related to or affiliated with Daidone during the Class Period, and any person or entity engaged in the wrongful conduct alleged in the Fourth Consolidated and Amended Class Action Complaint (the "Fourth Amended Complaint" or "Complaint"). In accordance with this Court-ordered definition, a more specific recitation of the persons or entities excluded from the Class is set forth in ¶1(b) of the Stipulation.

WHEREAS, the Court having considered (i) Lead Plaintiff's amended motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; (ii), the Amended Stipulation, and Letter Agreement and the Exhibits thereto, including the proposed (a) Mailing Notice; (b) Proof of Claim Form; (c) Long-Form Notice; (d) Summary Notice; and (e) Judgment, and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Amended Stipulation;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Amended Stipulation and Letter Agreement dated September 24, 2013, the Exhibits and the Side Letter, as being fair, reasonable and adequate, and in the best interest of Plaintiffs and the other Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on, June 13, 2014 at 10:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 20B, New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Amended Stipulation and Letter Agreement and the Exhibits is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit D to the Amended Stipulation should be entered dismissing the Action on the merits and with prejudice against Daidone; (c) to determine whether the proposed Plan of Allocation is fair, reasonable and adequate and should be approved by the

3

Court; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Plaintiffs' Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

3. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Notice** -- The law firms WeissLaw LLP and Stull, Stull & Brody ("Lead Counsel") are hereby authorized to retain RG2 Claims Administration LLC (the "Claims Administrator") to supervise and to administer the notice procedure as well as the processing of claims and the distribution of the Net Settlement Fund as more fully set forth below. The Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) Not later than October 25, 2013 (the "Notice Date"), the Claims Administrator shall cause a copy of the Mailing Notice and Proof of Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, (the "Notice Packet"), to be mailed by first class-mail to those members of the Class whose name and accurate last-known address, to the extent such records exist, can be practicably identified and accessed through reasonable effort. Additionally, the Claims Administrator shall send a copy of the Notice Packet to all practicably and reasonably-identified and/or likely Class Period record purchasers of Smith Barney Fund shares who were not also beneficial purchasers and owners of those shares, including brokers and other nominees who purchased or otherwise acquired Smith Barney Fund shares during the Class Period for the benefit of

another Person. All such brokers, nominees and other record purchasers of Smith Barney Fund Class Period shares shall be requested to forward the Notice Packet to such beneficial owners of those shares. The Claims Administrator shall use all reasonable efforts to give notice to such beneficial owners by (i) making additional copies of the Notice Packet available to any broker, nominee or other record purchaser who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners; or (ii) mailing additional copies of the Notice Packet to beneficial owners whose names and addresses the Claims Administrator receives from any broker, nominee or other record purchaser;

(b) Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Long-Form Notice, substantially in the form attached hereto as Exhibit 3, and the Proof of Claim Form to be posted continuously on the website designated for this Action, "www.transferagentssettlement.com," from which Class Members may download copies of the Long-Form Notice and Proof of Claim Form;

(c) Not later than November 18, 2013, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once each in the national edition of *The Wall Street Journal and USA Today* and to be transmitted once over the *PR Newswire*;

(d) Not later than May 29, 2014 Lead Counsel shall serve on Daidone and the Dismissed Citi Defendants' counsel and file with the Court proof, by affidavit or declaration, that the Notices have been published and disseminated in accordance with subparagraph (a) above.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Mailing Notice, Proof of Claim Form, Long-Form Notice and Summary Notice substantially in the form attached hereto as Exhibits 1, 2, 3 and 4, respectively; (b) finds that the

mailing and distribution of the Mailing Notice and Proof of Claim Form, posting of the Long-Form Notice on the designated website and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action as a certified class action, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to object to any aspect of the proposed Settlement, exclude themselves from the Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, the Rules of the Court and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Mailing Notice, Long-Form Notice and the Summary Notice before it is published.

6. **Nominee Procedures** - Brokers and other nominees who purchased or otherwise acquired Smith Barney Fund shares during the Class Period for the benefit of another Person shall either (i) within ten (10) calendar days of receipt of the Notice Packet request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of the Notice Packet provide a list of the names and addresses of all such beneficial owners to *In re Smith Barney Transfer Agent Litigation*, c/o RG2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479. Upon full compliance with this Order, such brokers, nominees or other record purchasers may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by

providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, upon order of the Court, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than February 24, 2014. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the reporting of claims to the Court as required in Paragraph 9 below. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Proof of Claim Form submitted must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim Form to the

satisfaction of Lead Counsel or the Claims Administrator; and (iv) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member who or which does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distribution therefrom; (c) shall be bound by the provisions of the Amended Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against Daidone or any of the Citi Releasees, as more fully described in the Amended Stipulation and Mailing and Long-Form Notices. Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 7 above. Lead Counsel shall submit to the Court a report containing a summary of the valid claims submitted and the allocation calculations made in conjunction with the Plan of Allocation no later than May 21, 2014.

10. **Exclusion From the Settlement Class** – The Mailing Notice and Long-Form Notice shall provide that any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than January 22, 2014(the "Exclusion Period"), to: *In re Smith Barney Transfer Agents Litigation*, EXCLUSIONS, c/o RG2 Claims Administration LLC at the address provided in the Notices; and (b) that each request for exclusion must (i) state the name, address and telephone number of the Person requesting exclusion; (ii) state that such

Person "requests exclusion from the Class in *In re Smith Barney Transfer Agent Litigation*, 05 Civ. 7583 (WHP) (S.D.N.Y.)"; (iii) state separately, for each Smith Barney Fund, the number of shares that the Person requesting exclusion had at the start of the Class Period; (iv) state the date(s), price(s) and number of shares that the Person or entity requesting exclusion purchased or otherwise acquired and sold during the period September 11, 2000 through and including June 24, 2004; and (v) be signed by the Person requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11. Any Person who or which timely and validly requests exclusion from the Class, in compliance with the terms stated in this Order, or is excluded from the Class by order of the Court (the "Opt-Out Class Members") shall not be a Class Member, shall not be bound by the terms of the Settlement or the Amended Stipulation, and shall have no right to receive any payment out of the Net Settlement Fund.

12. Lead Counsel shall provide counsel for Daidone and the Dismissed Citi Defendants with reasonable periodic updates on the number of exclusion requests received and shall provide counsel for Daidone and the Dismissed Citi Defendants with copies of all exclusion requests not later than two (2) business days after the end of the Exclusion Period. Lead Counsel and counsel for Daidone and the Dismissed Citi Defendants shall confer, within ten (10) business days following the end of the Exclusion Period, in an effort to reach agreement regarding the total dollar value of shares that have sought exclusion from each Smith Barney Fund, and as to which Class Members have filed timely exclusion requests.

13. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to

be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Amended Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against Daidone or any of the Citi Releasees, as more fully described in the Amended Stipulation, Long- Form Notice and Proof of Claim Form.

14. **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel and counsel for Daidone and the Dismissed Citi Defendants, as set forth in ¶15 below, such that it is received no later than ninety (90) calendar days after the Notice Date, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

15. Any Class Member who does not submit a valid and timely request for exclusion from the Settlement Class may file written objections to any aspect of the proposed Settlement, proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Plaintiffs' Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement and/or the motion for attorneys' fees and reimbursement of Litigation Expenses or Plaintiffs' Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses or Plaintiffs' Expenses unless that Person has

filed written objections with the Court and served copies of such objections on Lead Counsel and Defendants' counsel at the addresses set forth below such that they are received no later than January 22, 2014.

**To the Court**

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Re: *In re Smith Barney Transfer Agent Litigation,*
Case No. 05 Civ. 7583 (WHP)

| **Lead Counsel** | **Counsel for the Defendants** |
|---|---|
| Richard A. Acocelli, Esq. | Richard J. Morvillo, Esq. |
| WeissLaw LLP | Morvillo LLP |
| 1500 Broadway, 16th Floor | 1101 17th Street, NW |
| New York, NY 10036 | Suite 1006 |
|  | Washington DC, 20036 |

16. Any objections, filings and other submissions by the objecting Class Member (a) must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including the legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove membership in the Class, as defined above in ¶ 1 herein, including the number of shares of each Smith Barney Fund that the objecting Class Member purchased or sold during the Class Period, along with the dates and prices of each such purchase or other acquisition and sale or other disposition. Daidone's counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the

proposed Settlement, proposed Plan of Allocation and motion for attorneys' fees and reimbursement of Litigation Expenses and Plaintiffs' Expenses, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the proposed Plan of Allocation or the requested attorneys' fees and Litigation Expenses and Plaintiffs' Expenses, or from otherwise being heard concerning the Settlement, proposed Plan of Allocation or the requested attorneys' fees and Litigation Expenses and Plaintiffs' Expenses.

18. **Stay** – Unless otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Amended Stipulation and Letter Agreement. Pending final determination of whether the Settlement should be approved, the Court enjoins Plaintiffs and all other Class Members from commencing, prosecuting or asserting any claim against Daidone or any of the Citi Releasees that is a Released Claim or that would be barred pursuant to ¶ 1(dd) of the Amended Stipulation.

19. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as administering the Settlement ("Notice and Administration Costs" as defined in ¶ 1(q) of the Amended Stipulation) shall be paid as set forth in ¶ 20 of the Amended Stipulation (and Letter Agreement, pursuant to ¶31 of the Amended Stipulation, filed with the Court on September 24, 2013, the amounts and disbursement of which shall be subject to approval of the Court. Lead Counsel shall be permitted to make applications to the Court from time to time for reimbursement of such Notice and Administration Costs (prior to any application for reimbursement of Litigation Expenses made in conjunction with the Settlement Hearing) to the extent Lead Counsel or the Claims Administrator has advanced or is obligated to advance such costs. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator

shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

20. **Settlement Fund** – Defendant Daidone and/or the former Citi Defendants shall cause the principal amount of the Settlement Fund to be transferred to the Court Registry Investment System ("CRIS"), administered by the Director of Administrative Office of the United States Courts, which shall serve as the Escrow Agent within ten (10) calendar days after this Order has been entered. The principal amount of the Settlement Fund shall be paid to the Clerk of the Court of the United States District Court for the Southern District of New York by means of check(s) or money order(s) made out to the Clerk of the Court, with a cover letter identifying Lewis Daidone as the defendant in this Action, setting forth the title and civil action number of this Action, and the name of the Court, and specifying that payment is made pursuant to the order preliminarily approving the Settlement. The Clerk of the Court shall deposit the funds into an interest bearing account with the CRIS. These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund. In accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the money in the Settlement Fund a fee equal to ten percent of the income earned on the money in the Settlement Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Clerk shall provide to Lead Counsel the monthly statement of interest earned by the Settlement Fund. The Settlement Fund shall be held by the CRIS until further order of the Court, except that prior to the time the Court enters the Judgment, Plaintiffs' Counsel may be draw upon the CRIS account to pay, subject to Court approval, (1) Notice and Administration Costs in amounts approved by the Court (in accordance with ¶19 herein), and, subject to Court

Approval (2) taxes as they become due and payable (in accordance with ¶21 herein). The contents of the Settlement Fund held in the CRIS account shall be subject to the jurisdiction of the Court and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Amended Stipulation and/or the Distribution Order. Defendant Daidone and the former Citi Defendants shall have no responsibility or liability with respect to money deposited in CRIS.

21. **Taxes** – Lead Counsel, or its authorized agent, the Claims Administrator, is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund held in the CRIS account, and, subject to approval of the Court, to pay from the Settlement Fund held in the CRIS account any taxes owed with respect to the Settlement Fund held in the CRIS and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof in a manner consistent with the provisions of the Amended Stipulation and Letter Agreement.

22. **Termination** – If the Settlement is terminated, not approved, cancelled, fails to become effective for any reason, or the Effective Date does not occur, this Order shall become null and void, and shall be without prejudice to the rights of Plaintiffs, the Class Members, Daidone and the Dismissed Citi Defendants, all of whom shall be restored to their respective positions in the Action, as provided for in the Amended Stipulation, except that any Notice and Administration Costs paid or incurred at the time of termination, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to Daidone or the Dismissed Citi Defendants.

23. **Use of this Order** – Neither this Order nor the proposed Settlement (including the

Amended Stipulation or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Amended Stipulation or the Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) shall be described as, construed as, interpreted as or offered against Daidone or the Citi Releasees as evidence of and/or deemed to be evidence of any presumption, concession or admission by Daidone or the Citi Releasees as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Plaintiffs or the merits of any of their defenses; and (c) shall be described as, construed as, interpreted as or offered against Plaintiffs, Lead Counsel, any Class Member or other Plaintiff Releasees evidence of any infirmity in the claims of Plaintiffs and the Class, or as evidence that the damages recoverable from Daidone or the Citi Releasees would not have exceeded the Settlement Amount.

24. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Plaintiffs' Expenses no later than April 29, 2014. Opposing papers, if any should be served and filed no later than May 14, 2014; and reply papers, if any, shall be filed and served no later than May 29, 2014.

25. Neither Daidone nor the Citi Releasees shall have any responsibility with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of Litigation Expenses or Plaintiffs' Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

26. At or after the Settlement Hearing, the Court shall determine whether any

application for attorneys' fees or reimbursement of Litigation Expenses or Plaintiffs' Expenses shall be approved.

27. The Court retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement.

SO ORDERED this 7th day of October, 2013.

                                                            William H. Pauley III
                                                           United States District Judge