**MEMO ENDORSED** STULL, STULL & BRODY

*COUNSELORS AT LAW*
6 EAST 45th STREET
NEW YORK, N.Y. 10017

TELEPHONE                                                        TELECOPIER
212-687-7230                                                     212-490-2022

August 27, 2014

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____      │
│ DATE FILED: 9/4/14                │
└──────────────────────────────────┘
```

Via ECF and Overnight Delivery
Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   In re: Smith Barney Fund Transfer Agent Litigation
      05 Civ. 7583 (WHP)

Dear Judge Pauley:

Pursuant to Rule I (D) of the Court's Individual Rules of Practice, Plaintiffs seek a pre-motion conference to obtain permission to modify the Plan of Allocation regarding the proposed settlement of this action, the final approval hearing of which is scheduled for October 20, 2014. Based upon the claims submitted by purported Class Members to date, Plaintiffs believe the current Plan of Allocation needs to be revised. Plaintiffs have conferred with counsel for Defendants who do not, under the current circumstances, oppose the concept of a revision to the current Plan of Allocation. Plaintiffs seek the referenced conference in advance of the date for submission of opening papers in support of final approval, currently set for September 8, 2014 and in advance of the Final Settlement Hearing.

As your Honor is aware, the Court granted preliminary approval of the settlement of this action on October 7, 2013 ("Preliminary Approval Order") (Dkt. 297). The Settlement proposes a Plan of Allocation which requires documentation of purchases and sales in each of the 17 funds that are now part of the case, payment to the class member calculated based on the estimate of how much that class member would have paid in transfer agent fees during the relevant time period, which amount, if it amounted to $10 be paid on a pro rata basis to the extent when calculated on a pro rata basis would still equal $10 or more. *See* Long-Form Notice of (I) Pendency of Class Action; (II) Proposed Settlement; (III) Settlement Fairness Hearing; and (IV) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Plaintiffs' Expenses ("Long Form Notice of Class Action Settlement"), ¶¶31-39, attached hereto for reference as Exhibit A. Plaintiffs' counsel believes that Plan of Allocation was a reasonable one based on the information available at the time of the preliminary approval.

Class Members have had the opportunity to submit claims for a period of about nine months. Despite the efforts that Plaintiffs' counsel and the claims administrator RG/2 have made to provide notices to as many Class Members as possible (resulting in direct provision

Hon. William H. Pauley III
United States District Judge
August 27, 2014
Page 2

of over 100,000 direct mailing notices), RG/2 reports that the total recognized loss for the claims received to date, assuming that claims in need of further verification are resolved in the claimants' favor, is less than $200,000. That figure does not take into account further reductions for certain claimants who continued to hold the relevant funds in May 2010, the time the SEC made a distribution of the settlement fund in connection with its action against Citigroup and related entities.

We believe that there are a variety of reasons for the low level of recognized loss, most of which center around the age of the transactional information necessary to successfully contact Class Members and to complete a claim form. Neither Citigroup related entities, the purported Class Members themselves, the brokers or nominees who held Smith Barney investments in Class Members' names nor the various transfer agents who from one time or another may have had control of underlying transactional records seem to have reliably maintained those records in a way that make them accessible for the purposes of completing a claim form as contemplated by the current Plan of Allocation.

The Court clearly has the authority to revise the current Plan of Allocation, and the purported Class is on notice that such a possibility exists. Specifically, Section B of the Long Form Notice of Class Action Settlement states "[f]or purposes of the Settlement herein, a Class Member's distribution from the Net Settlement Fund will be governed by the proposed Plan of Allocation described below at ¶¶31-39, *or such other Plan of Allocation as may be approved by the Court.*" (Emphasis added). The Notice of (I) Pendency of Class Action; (II) Proposed Settlement and Plan of Allocation; (III) Settlement Fairness Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Mailing Notice") contains a similar statement.

In conjunction with a proposed revised Plan of Allocation, and in order to provide a recovery to as many Class Members as possible, despite previous roadblocks, Plaintiffs' counsel have renewed efforts to obtain some level of transactional records from brokers and nominees (as opposed to the Class Members themselves or transfer agents, which has been largely unsuccessful) to support a solid basis for a revised alternative allocation even if such records do not support full documentation under the current Plan of Allocation. We understand that some brokers and nominees will require a Court order to produce any transactional materials that exist, to the extent they are in possession of such records. We have recently stepped up the outreach to certain brokers and nominees to gain an understanding of the actual transactional records that may or may not be available and what will be required to gain access to their information. Plaintiffs believe it would also be helpful to discuss this aspect of the proposed revised Plan of Allocation at the referenced conference.

Hon. William H. Pauley III
United States District Judge
August 27, 2014
Page 3

      We would be pleased to respond to any questions the Court may have.

Respectfully,

*Mark Levine*

Mark Levine

cc: Richard Morvillo, Esq.
    Peter White, Esq.
    Jeffrey Robertson, Esq.
    Richard Acocelli, Esq.

*Application granted. This Court will hold a pre-motion conference on September 26, 2014 at 10:30 a.m.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.   9/4/14