UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
               :
               :
               :
               :
               :    OBJECTIONS OF NON-PARTY
               :    PRIMERICA INC. TO
IN RE:  SMITH  BARNEY  TRANSFER  AGENT:    PLAINTIFFS' DOCUMENT
LITIGATION                      :    SUBPOENA DATED
               .:    SEPTEMBER 30, 2014
               :
               :    05 Civ. 07583 (WHP)
               :
               :
               :
--------------------------------------------------------------------X

Pursuant to Federal Rule of Civil Procedure 45, Non-Party Primerica Inc. ("Primerica"),

objects to Plaintiffs' Subpoena and the attached Requests to Produce Documents served on

September 30, 2014  (collectively, the "Requests"), as follows:

### Introduction

The subject litigation was filed in 2005 regarding certain investment funds offered during

the period from 2000 to 2004.  Now, almost a decade after initiating the lawsuit -- and more than

fourteen years after many of the subject transactions -- Plaintiffs demand that a non-party,

Primerica, conduct extensive and expensive searches of its archived records to satisfy the

extraordinarily overbroad Requests.  Primerica would bear substantial burdens to determine

whether it has responsive documents related to any of the seventeen different investment funds

covered by the Requests, not to mention the additional costs required to review, organize and

then produce the responsive materials, if any.  As described more fully below, Primerica objects

to the untimely, unduly burdensome and unreasonable Requests.[1]

---

[1] Copies of Plaintiffs' subpoena and document requests to Primerica are attached as Exhibit A.

**General Objections**

1.      Primerica objects to the Requests because they are untimely and were unfairly and unreasonably delayed by Plaintiffs; because they subject Primerica to undue burden by demanding production of broad categories of documents related to seventeen different investment funds from time periods beginning more than fourteen years ago; and because searches for such documents would impose extraordinary costs and expenses on Primerica.

2.      Primerica objects to the Requests because they demand production of all the covered documents only six days after service of the subpoena and therefore fail to allow a reasonable time for Primerica to respond to the Requests.

3.      Primerica objects to the Requests to the extent that they seek to require documents that are not readily within Primerica's possession, custody, or control, or that were otherwise available to Plaintiffs from parties to the litigation or other sources through the exercise of reasonable diligence.

4.      Primerica objects to the Requests to the extent that they are vague, ambiguous, overbroad, not sufficiently particular, not relevant to the claims or defenses at issue in this action, or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Primerica objects to the Requests to the extent that they seek discovery of information protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the accountant-client privilege, or any other applicable privileges or immunities from discovery recognized under applicable law. Primerica will not produce any information protected by any such privileges or immunities. Any production of privileged or otherwise protected information is inadvertent and shall not constitute a waiver of any claim of privilege or other protection, and Primerica hereby demands that Plaintiffs immediately

destroy or return to Primerica any such privileged information and all copies thereof that may

be inadvertently produced.

6.      Primerica objects to the Requests to the extent that they seek information that

constitutes or otherwise reveals any trade secrets, proprietary business information, or other

private or confidential information belonging to Primerica.  Primerica also objects to the

Requests to the extent that they seek information that, if produced, would result in the violation

of any contractual obligation of Primerica to any third party.

7.      Primerica objects to the Requests to the extent they seek private and confidential

financial information belonging to Primerica or its customers, which information Primerica may

be obligated to preserve and protect from disclosure to Plaintiffs or the public.

8.      Primerica objects to the definitions contained in the Requests to the extent they

exceed the reasonable and permissible scope of any terms defined in Local Civil Rule 26.3 or are

otherwise overbroad or improper.

9.      Primerica makes these objections based solely on its current knowledge,

understanding, and belief as to the facts and the information available to it as of the date these

objections are made.  Primerica therefore reserves the right to revise, correct, add to, or clarify

the objections set forth herein.  All of Primerica's general objections shall be deemed

continuing and are incorporated into and made in addition to Primerica's objections to the

specific requests set forth below.

**Objections to Specific Requests**

**Request No. 1**

*Documents sufficient to determine the names and last known addresses of persons or entities who purchased, held or sold shares in any of the Relevant Funds during the respective Relevant Period for those Relevant Funds ("Potential Class Members").*

**Response to Request No. 1**

Request No. 1 seeks documents "sufficient to identify" investors in *seventeen*

separate investment funds during various time periods dating back more than *fourteen*

years.  It would require substantial amounts of time, labor and expense for Primerica to

respond to the Requests.  Documents that potentially may include some of the information

Plaintiffs seek are located in off-site storage away from Primerica's home office and may be

contained in numerous boxes and archives stored by the company in the past fourteen years.

It would be extremely costly and burdensome for Primerica to identify the relevant

files and inspect thousands of archived documents to determine whether any information

covered by this Request may exist.  Such a burdensome and time-intensive project would

take Primerica personnel away from their necessary job duties and other pending

assignments, resulting in substantial distraction, dislocation and delay on other time-critical

projects of the company and would cause considerable expense to Primerica.  Then, if any

responsive documents are located in the Primerica archives, it would require further

substantial time, effort and expense for Primerica's staff and/or counsel to review, organize

and prepare such materials for production to Plaintiffs.  For all these reasons, Plaintiffs'

untimely and overbroad Request to Primerica is improper.

Primerica objects to Request No. 1 because it imposes undue burdens and

unreasonable expenses on Primerica in violation of Federal Rule of Civil Procedure 45.

Primerica has never been a party to the subject lawsuit, and Primerica stands only in the position

of a disinterested witness.  Yet, Plaintiffs have not made sufficient efforts to eliminate or reduce

the unfair and unreasonable burdens and expenses imposed on Primerica by the Requests.[2]

---

[2] On October 1, 2014, Primerica received a letter from Plaintiffs' counsel asking for generalized
information regarding Primerica's records.  A copy of that letter is attached as Exhibit B.  The

Primerica further objects to this Request because the subpoena does not allow reasonable time for compliance, even if any such compliance were required.  Given the extensive and onerous nature of the Request, the October 6, 2014 date set by the subpoena for the document production – just six days after service of the Request – is entirely unreasonable.  It appears this litigation has been pending for almost ten years, yet Plaintiffs' Request allows Primerica less than a week, including an intervening weekend, to search for and produce large volumes of requested documents.  The time period on the Request and the production date of the subpoena are completely unreasonable and would impose impossible burdens on Primerica.

Primerica also objects to this Request because it is exceedingly vague and ambiguous, leaving Primerica uncertain how to comply, even if any such compliance were required.  Plaintiffs demand documents "sufficient" to identify "Potential Class Members" in the subject litigation.  Plaintiffs apparently now seek to shift their responsibility for identifying potential class members to Primerica.  But, Primerica has never been a party to the litigation, which has been in process for almost a decade.  Primerica has no clear understanding of the issues raised or presented, the discovery completed, or the terms of the settlement reached by the parties and no context to adequately evaluate the Requests.  Moreover, Primerica objects to this Request because it seeks confidential and personal information and financial data related to Primerica's customers, which Primerica is obligated to preserve and protect from disclosure to Plaintiffs and the public.

There is no reason or need for Plaintiffs to impose such tremendous burdens and expenses on a non-party, Primerica, to search for and produce 14-year old documents that were never properly requested from Primerica during the prior 10-year history of the lawsuit.  And,

---

letter makes a vague reference to reimbursement of "actual out of pocket costs" but does not discuss the breadth and scope of Plaintiffs' Requests or provide any sufficient acknowledgement of the substantial costs and burdens required for Primerica to satisfy the Requests.

even if some showing of compelling need for that information could be made (and it cannot),

Primerica would be entitled to substantial compensation, paid in advance, for the expense and

dislocation that would be required to comply with this Request.

**Request No. 2:[3]**

Records of all transactions of each respective Potential Class Members in each of

the Relevant Funds during the respective Relevant Period, or documents sufficient to

identify any and all transactions of each respective Potential Class Members in each of the

Relevant Funds during the respective Relevant Period, including but not limited to:

(i)   Documents sufficient to identity the number of shares purchased and the price of such

purchases by each Potential Class Member in each of the Relevant Funds during the

Relevant Period;

(ii)  Documents sufficient to identify the number of shares sold and the price of such sales by

each Potential Class Members in each of the Relevant Funds during the Relevant

Period;

(iii)  Documents sufficient to identify the number of shares held and the value of such

holdings of each Potential Class Members in each of the Relevant Funds during the

Relevant Period.

**Response to Request No. 2:**

Request No. 2 seeks documents "sufficient to identify" investors in *seventeen*

separate investment funds during various time periods dating back more than *fourteen*

years.  It would require substantial amounts of time, labor and expense for Primerica to

---

[3] Plaintiffs' Subpoena contains only a Request No. 1 and Request No. 3.  It appears, however, that the request for "Records of all transactions of each respective Potential Class Members in each of the Relevant Funds during the respective Relevant Period. . . . " is intended to be separate Request No. 2 and inadvertently was not labeled as such.  Primerica responds and objects to this document request as if it were a separate Request No. 2.

respond to the Requests.  Documents that potentially may include some of the information

Plaintiffs seek are located in off-site storage away from Primerica's home office and may be

contained in numerous boxes and archives stored by the company in the past fourteen years.

It would be extremely costly and burdensome for Primerica to identify the relevant

files and inspect thousands of archived documents to determine whether any information

covered by this Request may exist.  Such a burdensome and time-intensive project would

take Primerica personnel away from their necessary job duties and other pending

assignments, resulting in substantial distraction, dislocation and delay on other time-critical

projects of the company and would cause considerable expense to Primerica.  Then, if any

responsive documents are located in the Primerica archives, it would require further

substantial time, effort and expense for Primerica's staff and/or counsel to review, organize

and prepare such materials for production to Plaintiffs.  For all these reasons, Plaintiffs'

untimely and overbroad Request to Primerica is improper.

Primerica objects to Request No. 2 because it imposes undue burdens and

unreasonable expenses on Primerica in violation of Federal Rule of Civil Procedure 45.

Primerica has never been a party to the subject lawsuit, and Primerica stands only in the position

of a disinterested witness.  Yet, Plaintiffs have not made sufficient efforts to eliminate or reduce

the unfair and unreasonable burdens and expenses imposed on Primerica by the Requests.

Primerica further objects to this Request because the subpoena does not allow

reasonable time for compliance, even if any such compliance were required.  Given the

extensive and onerous nature of the Request, the October 6, 2014 date set by the subpoena for

the document production – just six days after service of the Request – is entirely unreasonable.  It

appears this litigation has been pending for almost ten years, yet Plaintiffs' Request allows

Primerica less than a week, including an intervening weekend, to search for and produce large

7

volumes of requested documents.  The time period on the Request and the production date of the

subpoena are completely unreasonable and would impose impossible burdens on Primerica.

Primerica also objects to this Request because it is exceedingly vague and

ambiguous, leaving Primerica uncertain how to comply, even if any such compliance were

required.  Plaintiffs demand documents "sufficient" to identify "Potential Class Members"

in the subject litigation.  Plaintiffs apparently now seek to shift their responsibility for

identifying potential class members to Primerica.  But, Primerica has never been a party to

the litigation, which has been in process for almost a decade.  Primerica has no clear

understanding of the issues raised or presented, the discovery completed, or the terms of the

settlement reached by the parties and no context to adequately evaluate the Requests.

Moreover, Primerica objects to this Request because it seeks confidential and personal

information and financial data related to Primerica's customers, which Primerica is

obligated to preserve and protect from disclosure to Plaintiffs and the public.

There is no reason or need for Plaintiffs to impose such tremendous burdens and

expenses on a non-party, Primerica, to search for and produce 14-year old documents that were

never properly requested from Primerica during the prior 10-year history of the lawsuit.  And,

even if some showing of compelling need for that information could be made (and it cannot),

Primerica would be entitled to substantial compensation, paid in advance, for the expense and

dislocation that would be required to comply with this Request.

**Request No.3:**

*Documents sufficient to identify Your policies or practices, during the period between*

*January 1, 2000 to the present, regarding the retention or destruction of Potential Class Member*

*transactional records in the Relevant Funds during the Relevant Period.*

**Response to Request No. 3:**

Primerica objects to this Request because it seeks information regarding Primerica's internal document retention policies that is not relevant to any issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  The information sought regarding Primerica's internal document retention policies is not necessary or pertinent in any way to Plaintiffs' allegations regarding the investment funds.  Moreover, Primerica objects to this Request as vague, ambiguous and overbroad because it purports to seek information regarding document retention policies for undefined, undetermined and exceedingly broad categories of documents and is not sufficiently particular for Primerica to respond in an adequate manner.  For all these reasons, the Request is improper.

DATED:     October 6, 2014

**ROGERS & HARDIN LLP**

/s/ Dan F. Laney

By:    Dan F. Laney
       SDNY Bar No. 032689

       *Attorney for Non-Party Primerica, Inc.*
       2700 International Tower
       229 Peachtree Street NE
       Atlanta, Georgia 30303
       Telephone:  (404) 522-4700
       Facsimile:  (404) 525-2224
       Email:  dlaney@rh-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                            :

| | |
|---|---|
| IN RE: SMITH BARNEY TRANSFER AGENT LITIGATION | OBJECTIONS OF NON-PARTY PRIMERICA INC. TO PLAINTIFFS' DOCUMENT SUBPOENA DATED SEPTEMBER 30, 2014 |
| | 05 Civ. 07583 (WHP) |

----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I, Dan F. Laney, hereby certify and affirm that prior to 10:00 am on the 6th day of October, 2014, I served the foregoing Objections of Non-Party Primerica Inc. to Plaintiffs' Document Subpoena Dated September 30, 2014 by email, facsimile and first class mail, to the following:

Mark Levine, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Jeffrey Robertson, Esq.
Peter White, Esq.
Schulte Roth & Zabel LLP
1152 Fifteenth Street, NW, Suite 850
Washington, DC 20005

Richard Morvillo, Esq.
Morvillo LLP
1101 17th Street, N.W.
Washington, DC 20004

/s/ Dan F. Laney
By:    Dan F. Laney
        SDNY Bar No. 032689