# EXHIBIT A

Case 1:05-cv-07583-WHP   Document 319-1   Filed 10/06/14   Page 1 of 11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

*Hand delivered by process server*

| | |
|---|---|
| IN RE SMITH BARNEY FUND TRANSFER AGENT LITIGATION | SUBPOENA IN A CIVIL CASE<br>Case number: 05-CIV-7583 (WHP) |

To: Primerica, Inc.
1 Primerica Parkway
Duluth, Georgia 30099

**RECEIVED SEP 3 0 2014 LEGAL**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents identified on Exhibit A hereto at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of David A. Bain, LLC<br>1050 Promenade II<br>1230 Peachtree Street, NE<br>Atlanta, Georgia 30309<br>Tel: (404) 724-9990<br>Fax: (404) 724-9986 | October 6, 2014 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

An organization subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Mark Levine* Attorneys for Plaintiffs | DATE<br>September 30, 2014 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark Levine, Stull, Stull & Brody, 6 East 45th Street, New York, NY 10017
(212) 687-7230

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
             Date                        Signature of Server

                                         _____
                                         Address of Server

                                         _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party of attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### I. DEFINITIONS

1. As used herein, the words and phrases set forth below shall have the meaning or meanings prescribed for them.

2. All terms used herein, including but not limited to the term "document" has the broadest meaning accorded to them under Fed. R. Civ. P. 33, 34 and 45 and Local Rule 26.5, and all information should be provided in accordance with the Federal Rules and Local Rules.

3. "And" shall include the term "or", and the term "or" shall include the term "and", such that each document request calls for the production of the greatest number of documents.

4. "You," or "your" or means Primerica, Inc., including its predecessors and/or successors and any subsidiaries and/or affiliates thereof, or any representatives, agents, employees, attorneys or other persons acting on its behalf.

5. "Relevant Period" means the relevant period of purchase, sale or holding of each of the Relevant Funds as defined below.

6. The term "Document(s)" is used in the broadest possible sense and should be accorded the broadest possible meaning under Fed. R. Civ. P. 33, 34 and 45 and Federal Rule of Evidence 1001, including, without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. Without limiting the generality of the foregoing, "Document(s)" includes, but is not limited to, data or other information, (whether stored electronically, in print or otherwise), records (whether stored electronically, in print or otherwise), correspondence, memoranda, notes, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers,

1

accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, electronic mail, e-mail, voice-mail, instructions, notes or minutes of meetings or of other communications of any type, inter-office and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form) including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks, hard drives, backup or stored hard drives, CD-Roms, DVD's, or magnetic tapes. "Document(s)" further includes non-identical copies, including, but not limited to, drafts, revisions, preliminary versions, alterations, modifications, changes, markups, amendments of the foregoing or comments or notations appearing on the foregoing, which are not part of the original text. "Document(s)" also include the file, folder tabs, and labels appended to or containing any documents.

7.   "The Relevant Funds" and the respective "Relevant Period" for each of the "Relevant Funds" means the following:

   a.   Smith Barney Aggressive Growth Fund, Inc.: September 11, 2000 - December 26, 2002;

   b.   Smith Barney Allocation Series, Inc.-Allocation Growth Portfolio: September 11, 2000 - May 28, 2003;

   c.   Smith Barney Appreciation Fund, Inc.: September 11, 2000 - April 25, 2002;

d.  Smith Barney Income Fund Series-Smith Barney Convertible Fund: September 11, 2000 - November 25, 2002;

e.  Smith Barney Income Fund Series-Smith Barney Diversified Strategic Income Fund: September 11, 2000 - November 25, 2002;

f.  Smith Barney Income Fund Series-Smith Barney High Income Fund: September 11, 2000 - November 25, 2002;

g.  Smith Barney Income Fund Series-Smith Barney Premium Total Return Fund: September 11, 2000 - April 25, 2002;

h.  Smith Barney Fundamental Value Fund, Inc.: September 11, 2000 - January 23, 2003;

i.  Smith Barney World Funds, Inc.-International All Cap Growth Portfolio: September 11, 2000 - February 26, 2004;

j.  Smith Barney Managed Governments Fund, Inc.: September 11, 2000 - November 22, 2002;

k.  Smith Barney Investment Funds, Inc.-Peachtree Growth Fund: September 11, 2000 - April 25, 2002;

l.  Smith Barney Investment Funds, Inc.-Investment Grade Bond Fund: September 11, 2000 - April 25, 2002;

m.  Smith Barney Investment Funds, Inc.-Small Cap Growth Fund: September 11, 2000 - January 27, 2003;

n.  Smith Barney Investment Trust-Large Capitalization Growth: September 11, 2000 - March 27, 2003;

3

  o. Smith Barney Managed Municipals Fund, Inc.: September 11, 2000 - June 24, 2003;

  p. Smith Barney Money Funds, Inc.-Cash Portfolio: September 11, 2000 - April 27, 2004; and

  q. Smith Barney Equity Funds, Inc.-Social Awareness Fund: September 11, 2000 - May 29, 2002.

## II. INSTRUCTIONS

1. The provisions of Rule 45 of the Federal Rules of Civil Procedure are incorporated herein by reference, except with respect to any provision regarding the actual production of documents.

2. You are requested to produce documents in your possession, custody or control sufficient to provide the information requested below regardless of whether such documents or materials are possessed directly by you or are in the possession of your employees, officers, directors, attorneys, representatives, agents, parents, subsidiaries, predecessors, successors, divisions, affiliates, investigators, or by your attorneys, accountants, or their agents or investigators, or other persons or entities that are otherwise subject to your custody or control. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4. If any part of a document is responsive to any request such as to provide the requested information and that part of the document is necessary to provide the requested information, the whole document is to be produced.

5. If you are unable to produce a document in response to any request, so state, and

indicate whether the document ever existed, or whether the document once existed but cannot be located. If any document once was, but is no longer in your possession, custody or control, state the whereabouts of any such document when last in your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian. To the extent any documents are lost or destroyed, produce any documents which support your assertion that the documents were lost or destroyed, and provide the date thereof.

6.  If a document requested to be produced has been discarded, destroyed or lost, and the same information cannot be provided in another document in your custody, possession or control, identify such document in reasonable detail, including the type of document, its date, the date when it was discarded, destroyed or lost, and the identity of all persons having knowledge of its content. In addition, state in reasonable detail the circumstances in which it was discarded, destroyed or lost and the identity of all persons with knowledge of those circumstances.

7.  The terms defined above and the individual requests for production and inspection should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof.

9.  All documents shall be produced electronically if possible.

10. If you claim the attorney-client privilege you must still produce the document and at such time as any as you are required to produce non-privileged documents, with respect to privileged documents, you shall provide the following information with respect to each such document:

   a.   the type of document;

5

    b.    a description of the general subject matter and physical size (e.g., number of pages) of the document;

    c.    the actual date or, if unavailable, the approximate date of the document; who prepared or participated in the preparation of the document;

    d.    all addresses and recipients of the original document or a copy thereof, together with the date on which said recipient(s) received the document or a copy thereof;

    e.    all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure;

    f.    the present location of the document and all copies thereof;

    g.    each and every person having possession, custody or control of the document and all copies thereof;

    h.    a statement of the basis upon which a privilege or other rule of law is relied upon and any facts supporting your position; and

    i    any other information required to be furnished by the Federal Rules of Civil Procedure.

### III. DOCUMENT REQUESTS

1.     Documents sufficient to determine the names and last known addresses of persons or entities who purchased, held or sold shares in any of the Relevant Funds during the respective Relevant Period for those Relevant Funds ("Potential Class Members").

Records of all transactions of each respective Potential Class Members in each of the Relevant Funds during the respective Relevant Period, or documents sufficient to identify any and all transactions of each respective Potential Class Members in each of the Relevant Funds during the respective Relevant Period, including but not limited to:

(i) Documents sufficient to identify the number of shares purchased and the price of such purchases by each Potential Class Member in each of the Relevant Funds during the Relevant Period;

(ii) Documents sufficient to identify the number of shares sold and the price of such sales by each Potential Class Members in each of the Relevant Funds during the Relevant Period;

(iii) Documents sufficient to identify the number of shares held and the value of such holdings of each Potential Class Members in each of the Relevant Funds during the Relevant Period.

3. Documents sufficient to identify Your policies or practices, during the period between January 1, 2000 to the present, regarding the retention or destruction of Potential Class Member transactional records in the Relevant Funds during the Relevant Period.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached document was served upon the counsel of record set forth below via email on September 30, 2014:

Jeffrey Robertson, Esq,
Peter White, Esq.
SCHULTE ROTH & ZABEL LLP
1152 Fifteenth Street, NW, Suite 850
Washington, DC 20005

Richard Morvillo, Esq.
Morvillo LLP
1101 17th Street, N.W.
Washington, DC 20004

September 30, 2014

                                              Mark Levine