UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMITH BARNEY TRANSFER
AGENT LITIGATION

No. 05 Civ. 7583 (WHP)

OPINION & FINAL JUDGMENT

WILLIAM H. PAULEY III, District Judge:

This consolidated securities class action spans more than a decade. As this Court previously observed, "epic failures" six years into the case "offer[ed] a cautionary lesson for securities litigators" and "highlight[ed] the need for diligence at all stages of litigation." In re Smith Barney Transfer Agent Litig., 823 F. Supp. 2d 202, 202 (S.D.N.Y. 2011).

In 2011, this case rebooted after lead counsel learned that the lead plaintiff lacked standing because it never purchased any of the securities at issue. But even after a fresh start—with new lead counsel and a new lead plaintiff—the case lingered. Ultimately, a proposed settlement of $4,950,000 was reached and preliminarily approved by this Court.

Implementing the settlement presented new obstacles because the passage of time hindered efforts to notify the class. Despite extensive outreach, including 100,000 mailings, just over 3,000 class members submitted claims. And in the aggregate, the total amount to be distributed to the class was less than $230,000—a wholly unsatisfactory outcome that seemed to benefit lawyers, not class members.

When securities "cases settle and the adversarial process melts away," "the engagement and commitment of the parties to bring the matter to conclusion weakens" and "[t]he quandary of what to do with undisbursable funds" arises. S.E.C. v. Bear, Stearns & Co. Inc., 626 F. Supp. 2d 402, 403 (S.D.N.Y. 2009). In an effort to ensure that the benefits of the settlement

reached the class, this Court once again hit the reset button and appointed Professor Francis McGovern as Special Master. Under his proposal, payments totaling $372,380 would be distributed to 3,194 claimants with recognized losses of more than $10. The balance would be distributed to legacy Smith Barney mutual funds (now owned by Legg Mason) on a pro rata basis to compensate those funds for improperly retained transfer agent fees. The parties to this litigation endorsed the Special Master's proposal.

This ingenious plan is, in essence, a cy pres hybrid, premised on research showing that approximately 71% of owners of non-money market mutual funds from 2000-2004 are still invested in those funds. See American Law Institute, Principles of the Law of Aggregate Litigation § 3.07 (2010) (recognizing that when additional distributions to individual class members are not viable (either because the amounts are "too small" or such distributions would be "unfair") "the court . . . should require the parties to identify a recipient whose interests reasonably approximate those being pursued by the class").

Considering the factors set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), this Court finds the settlement to be fair and reasonable. Among other things, there have been no objections, and "the absence of objectants may itself be taken as evidencing the fairness of a settlement." In re PaineWebber Ltd. Partnerships Litig., 171 F.R.D. 104, 126 (S.D.N.Y.) (quotation marks and citation omitted). Indeed, this settlement represents the best possible outcome for the class under the circumstances.

While the contours of this settlement are as fair to the class as they can be given the passage of time, determining an appropriate attorneys' fee award is no easy matter. Serious lapses led to the undue prolongation of this litigation, including the need to displace lead counsel after six years with a new set of attorneys. While there is no question that the displaced counsel

2

performed a significant amount of work on behalf of the class, their failure to recognize the lead plaintiff's lack of standing to sue until the end of discovery undermined the very purpose of the litigation. Likewise, current Lead Counsel's difficulty developing a workable plan of distribution led to further delay and expense. These were self-inflicted wounds that injured the class.

Initially, current lead counsel and former lead counsel submitted conflicting applications seeking 22.5% and 15% of the settlement, respectively, for a total of 37.5%. Perhaps recognizing the incongruity of their requests, they joined forces three days before the final fairness hearing and asked this Court to issue a single award of attorneys' fees equaling 29.5% of the settlement.

In awarding a percentage of a fund to class counsel, courts consider: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of the representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000).

While both sets of attorneys devoted considerable time and resources to this litigation, their consolidated request is excessive. As a threshold issue, the quality of representation does not justify an award higher than the "increasingly used benchmark of 25%." City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp., 954 F. Supp. 2d 276, 281 (S.D.N.Y. 2013). To the contrary, as the attorneys themselves tacitly acknowledge, there were serious lapses that worked to the detriment of the class and led to the needless expenditure of judicial resources both in the District Court and the Court of Appeals. And remarkably, under

the initial distribution plan, less than 5% of the settlement monies would wind up in the hands of class members.

As a matter of public policy, courts should not reward counsel with oversized attorneys' fees for such a paltry recovery. This is particularly true in private securities actions that follow directly on the heels of an SEC settlement based on the same operative facts. Indeed, this class action was filed shortly after the SEC announced a consent judgment resulting in $128 million in disgorgement and $80 million in penalties against Smith Barney. Were it not for the Special Master's innovative plan of distribution to legacy funds, this Court would have cabined any award of attorneys' fees to no more than the amount recovered by the class.

In sum, having considered all elements of this Dickensian saga, along with counsel's submissions and the Goldberger factors, this Court finds that a negative multiplier is entirely appropriate in this case, and awards attorneys' fees of 12.5% of the settlement fund. See, e.g., In re NTL Inc. Sec. Litig., No. 02-cv-3013 (LAK), 2007 WL 1294377, at *8 (S.D.N.Y. May 2, 2007) (awarding 15% of a settlement fund even where the requested 20% award would have resulted in a negative multiplier).[1]

This Court now enters final judgment as follows;

---

[1] As detailed in the Final Judgment, this Court is also trimming the awards to class representatives for their "costs and expenses." See 15 U.S.C. § 78u-4(a)(4) (permitting "the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class").

4

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Smith Barney Transfer Agent Litigation*, No. 05 Civ. 7583 (WHP) (S.D.N.Y.) (the "Action"); and

WHEREAS, by Memorandum and Order dated March 21, 2013, this Court certified the Action to proceed as a class action on behalf of a class of investors consisting of all persons and entities, and their successors in interest, that purchased or redeemed shares of the following Smith Barney funds between September 11, 2000 and June 24, 2004 ("Class Period") pursuant to a prospectus signed by Lewis E. Daidone and who were damaged thereby: Smith Barney Aggressive Growth Fund, Inc.; Smith Barney Allocation Series, Inc.-Allocation Growth Portfolio; Smith Barney Appreciation Fund, Inc.; Smith Barney Income Fund Series-Smith Barney Convertible Fund; Smith Barney Income Fund Series-Smith Barney Diversified Strategic Income Fund; Smith Barney Income Fund Series-Smith Barney High Income Fund; Smith Barney Income Fund Series-Smith Barney Premium Total Return Fund; Smith Barney Fundamental Value Fund, Inc.; Smith Barney World Funds, Inc.-International All Cap Growth Portfolio; Smith Barney Managed Governments Fund, Inc.; Smith Barney Investment Funds, Inc.-Peachtree Growth Fund; Smith Barney Investment Funds, Inc.-Investment Grade Bond Fund; Smith Barney Investment Funds, Inc.-Small Cap Growth Fund; Smith Barney Investment Trust-Large Capitalization Growth; Smith Barney Managed Municipals Fund, Inc.; Smith Barney Money Funds, Inc.-Cash Portfolio; and Smith Barney Equity Funds, Inc.-Social Awareness Fund (the "Class");[2] and

---

[2] Excluded from the Class are: Defendant Daidone and any person related to or affiliated with Daidone during the Class Period, and any person or entity engaged in the wrongful conduct alleged in the Fourth Consolidated and Amended Class Action Complaint (the "Fourth Amended Complaint" or "Complaint"). In accordance with this Court-ordered definition, a more specific recitation of the persons or entities excluded from the Class is set forth in ¶ 1(b) of the Amended Stipulation.

WHEREAS, on March 21, 2013, this Court certified David Zagunis, Jeffrey Weber, the DVL 401(k) Plan, Bharat U. Shah, Steven W. Hall, David Zagunis, Richard W. Rees, and Renee Miller as Class Representatives; and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Amended Stipulation and Agreement of Settlement dated August 8, 2013 (the "Amended Stipulation"); and

WHEREAS, on August 8, 2013, Lead Plaintiff David Zagunis and Named Plaintiffs Jeffrey Weber, the DVL 401(k) Plan, Bharat U. Shah, Steven W. Hall, David Zagunis, Richard W. Rees, and Renee Miller (collectively "Plaintiffs"), individually and on behalf of the Class, and defendant Lewis Daidone ("Daidone") and dismissed defendants Smith Barney Fund Management LLC and Citigroup Global Markets, Inc. (the "Dismissed Citi Defendants" and collectively with Daidone and the Plaintiffs, the "Parties") entered into the Stipulation, which, together with the Exhibits thereto and the Side Letter referred to in the Stipulation, sets forth the terms and conditions of the proposed settlement, which provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action, upon the terms and conditions set forth in the Stipulation (the "Settlement"); and

WHEREAS, by Order dated October 7, 2013, [Dkt. 297] (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to: (i) opt out of the Class if submitted a request for exclusion from the Class in connection with the Class Notice, or (ii) object to the proposed Settlement and/or appear at the hearing regarding final approval of the Settlement (the "Settlement Hearing"); and (d) scheduled the Settlement Hearing; and

WHEREAS, by Order dated March 1, 2016, [Dkt. 332] this Court approved the amending of the Plan of Allocation substantially in the form set forth in Exhibit A attached to that Order and set final settlement hearing and briefing schedule; and

WHEREAS, the Declaration of Melissa Baldwin [Dkt. 348] has been filed with this Court establishing that due and adequate notice has been given to the Class; and

WHEREAS, this Court conducted the Settlement Hearing on May 31, 2016, to consider, among other things, whether: (i) the terms and conditions of the Settlement are fair, reasonable and adequate for the resolution of all claims asserted by Class Members against Daidone and the Dismissed Citi Defendants, are in the best interests of Plaintiffs and the other Class Members, and should therefore be approved; (ii) a judgment should be entered dismissing the Action on the merits and with prejudice against Daidone, the Dismissed Citi Defendants and the Released Parties; (iii) Lead Counsel's application for an award of attorneys' fees ("Attorneys' Fees"), expenses incurred by Plaintiffs' counsel prosecuting the Action ("Litigation Expenses") and costs and expenses (including lost wages) directly relating to the representation of the Class incurred by Plaintiffs ("Plaintiffs' Expenses") should be granted; (iv) the application of Professor Francis McGovern, the Special Master, for an award of fees and out of pocket expenses should be granted; (v) the application of RG/2 Claims Administration LLC for an award of unpaid fees and out of pocket expenses should be awarded; and

WHEREAS, this Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement and all matters submitted to it at the Settlement Hearing, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing thereof;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. **Definitions**- This Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the defined terms as set forth in ¶ 1(a)-(dd) of the Amended Stipulation.

2. **Jurisdiction**- This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. **Notice**- The Court hereby finds, in accord with the Preliminary Approval Order, and the Declaration of Melissa Baldwin, dated April 22, 2016, that the dissemination of Notice, the publication of Publication Notice and the posting of Long-Form Notice on a dedicated website established by the Claims Administrator (i) were implemented in accord with the Preliminary Approval Order; (ii) constituted the best and most practicable means of providing notice under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members (a) of the effect of the Settlement (including the Releases provided for therein), (b) of Lead Counsel's application for an award of Attorneys' Fees and reimbursement of Litigation Expenses and Plaintiffs' Expenses, (c) of their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of Attorneys' Fees and reimbursement of Litigation Expenses and Plaintiffs' Expenses, (d) of their right to opt-out of the Class if they submitted a valid request for exclusion in connection with the Notice, and (e) of their right to appear at the Settlement Hearing; (iv) constituted due, adequate and sufficient notice of these proceedings and the matters set forth herein, including the proposed Settlement set forth in the Stipulation, to all Persons or entities entitled to receive notice of the proposed Settlement; and (v) said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act (the "PSLRA"), due process, the Rules of the Court, and all other applicable laws and rules.

4.  For purposes of this Settlement, this Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class representatives are typical of the claims of the Class they seek to represent; (d) the Class representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement, this Court hereby finally certifies this action as a class action on behalf of investors consisting of all persons and entities, and their successors in interest, that purchased or redeemed shares of the following Smith Barney funds between September 11, 2000 and June 24, 2004 pursuant to a prospectus signed by Lewis E. Daidone and who were damaged thereby: Smith Barney Aggressive Growth Fund, Inc.; Smith Barney Allocation Series, Inc.-Allocation Growth Portfolio; Smith Barney Appreciation Fund, Inc.; Smith Barney Income Fund Series-Smith Barney Convertible Fund; Smith Barney Income Fund Series-Smith Barney Diversified Strategic Income Fund; Smith Barney Income Fund Series-Smith Barney High Income Fund; Smith Barney Income Fund Series-Smith Barney Premium Total Return Fund; Smith Barney Fundamental Value Fund, Inc.; Smith Barney World Funds, Inc.-International All Cap Growth

Portfolio; Smith Barney Managed Governments Fund, Inc.; Smith Barney Investment Funds, Inc.-Peachtree Growth Fund; Smith Barney Investment Funds, Inc.-Investment Grade Bond Fund; Smith Barney Investment Funds, Inc.-Small Cap Growth Fund; Smith Barney Investment Trust-Large Capitalization Growth; Smith Barney Managed Municipals Fund, Inc.; Smith Barney Money Funds, Inc.-Cash Portfolio; and Smith Barney Equity Funds, Inc.-Social Awareness Fund.[3]

6. **Final Settlement and Plan of Allocation Approval and Dismissal of Claims**- Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Amended Stipulation in all respects and finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Plaintiffs and other Class Members. The Parties to the Settlement are directed to consummate the Settlement in accord with the terms and provisions of the Amended Stipulation.

7. This Court hereby approves the Amended Plan of Allocation for the distribution of the Net Settlement Fund to Class Members as fair and reasonable under the circumstances.

8. The Action and all of the claims against Daidone and the Dismissed Citi Defendants by Plaintiffs and the other Class Members are hereby dismissed on the merits with prejudice, and the Released Claims are released in favor of each of the Released Parties.

9. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

---

[3] Excluded from the Class are: Defendant Daidone and any person related to or affiliated with Daidone during the Class Period, and any person or entity engaged in the wrongful conduct alleged in the Fourth Consolidated and Amended Class Action Complaint (the "Fourth Amended Complaint" or "Complaint"). In accord with this definition, a more specific recitation of the persons or entities excluded from the Class is set forth in ¶ 1(b) of the Amended Stipulation.

10. **Releases**- Plaintiffs and other Class Members (exclusive of the persons and entities as listed on Exhibit A-1 annexed hereto who submitted timely and valid exclusion requests) who have not timely and validly opted out in accord with the requirements set forth in the Publication Notice and Long-Form Notice, on behalf of themselves, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, are deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged against Daidone and the Citi Releasees: (i) all Released Claims and (ii) all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action or Released Claims. This release shall not apply to any Person who has timely and validly requested exclusion from the Class in accord with the requirements set forth in the Notice.

11. All Class Members are hereby permanently barred and enjoined from instituting or prosecuting any other action asserting any Released Claim in any court against the Citi Releasees.

12. Daidone and the Citi Releasees hereby fully, finally, and forever release, relinquish and discharge each and all of the Lead Plaintiff, Named Plaintiffs, all other Class Members, and Lead Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

13. Notwithstanding paragraphs 8-10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Bar Order**-

    (a) All Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for contribution or indemnification against Daidone and/or the Citi Releasees (or any other claim against Daidone or any Citi Releasee where the alleged injury to such Person is that Person's actual or threatened liability to the Class or a Class Member in the Action) arising out of or related to the Released Claims.  However,, with respect to any judgment that the Class or a Class Member may obtain against such Person based upon, arising out of or relating to any Released Claim belonging to the Class or Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of Daidone or the Citi Releasees for the loss to the Class or Class member or (ii) the amount paid by or on behalf of the Daidone and the Dismissed Citi Defendants to the Class or the Class member for common damages;

    (b) Daidone and the Citi Releasees are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or asserting any claim for contribution or indemnification against any Person (or any other claim against any such person where the alleged injury to Daidone or Citi Releasees is Daidone's or Citi Releasees' actual or threatened liability to the Class or a Class Member in the Action) based upon or arising out of or related to the Released Claims against any such Persons.

15. The mutual release between Daidone and the Dismissed Citi Defendants set forth in paragraph 17 of the Stipulation is effective as of the Effective Date of this Order

16. **No Admissions**- Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Judgment and/or the Settlement;

(b) shall be described as, construed as, interpreted as or offered against Daidone or the Citi Releasees as evidence of and/or deemed to be evidence of any presumption, concession or admission by the Citi Releasees as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Plaintiffs or the merits of any of their defenses; or

(c) shall be described as, construed as, interpreted as or offered against Plaintiffs or any other Class Member as evidence of any infirmity in the claims of Plaintiffs and the other members of the Class, or as evidence that the damages recoverable from the Citi Releasees would not have exceeded the Settlement Amount.

17. **Settlement Administration**- Costs relating to administration and distribution of the Settlement Fund shall be paid in accord with the Amended Stipulation.  Defendant Daidone, the Dismissed Citi Defendants and the other Citi Releasees, including their respective insurers, shall have no responsibility for the administration of the Settlement and shall have no liability to the Plaintiffs, the Settlement Class or Lead Counsel in connection with such administration except to the extent set forth in the Stipulation.

18. **Disbursement of Settlement Fund**- Lead Plaintiff shall file a motion for disbursement of the Net Settlement Fund, with notice to Daidone's counsel, at least fifteen (15) business days prior to commencing any distribution of the Net Settlement fund to Settlement Class Members. Upon request, Lead Counsel shall provide Daidone's counsel with a list of the distributions made from the Net Settlement Fund.

19. **Attorneys' Fees, Litigation Expenses and Plaintiffs' Expenses**- An Attorneys' Fee award to Stull, Stull & Brody and WeissLaw LLP in the amount of 12.5% of the Settlement Fund is just and reasonable, and fairly accounts for (i) the time and labor expended by Lead Counsel; (ii) the magnitude and complexities of the Action, (iii) the risks of litigation; (iv) the quality of representation; (v) the requested fee in relation to the Settlement Fund; and (vi) public policy considerations. The Attorneys' Fee award is to be paid to Lead Counsel from the Settlement Fund. Lead Counsel's application for Litigation Expenses in the amount of $226,476.58 is also approved as just and reasonable and is to be paid to Lead Counsel from the Settlement Fund.[4] Lead Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action and as otherwise set forth in the Stipulation.

20. The following Plaintiffs are awarded costs and expenses to be paid out of the Settlement Fund in the following amounts: (a) Lead Plaintiff David Zagunis is awarded $1,500; (b) Named Plaintiff Jeffrey Weber is awarded $840; (c) Named Plaintiff the DVL 401(k) Plan is awarded $900; (d) Named Plaintiff Bharat U. Shah is awarded $2,610; (e) Named Plaintiff Steven W. Hall is awarded $1,890; (f) Named Plaintiff Richard W. Rees is awarded $2,880; and (g) Named Plaintiff Renee Miller is awarded $1,800.[5]

21. Professor Francis E. McGovern, in his capacity as special master, is awarded $40,875 in fees and $2,577.52 in expenses, to be paid out of the Settlement Fund.

---

[4] This amount reflects the expenses of both Lead Counsel and Bernstein Liebhart LLP.

[5] These awards reflect this Court's view that an award of $30 per hour is fair compensation for the "costs and expenses" associated with the time and effort spent by class representatives on this case. See 15 U.S.C. § 78u-4(a)(4) (permitting "the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class").

22.     RG/2 Claims Administration LLC is awarded $197,882.38 in fees and expenses to be paid out of the Settlement Fund.  This award is without prejudice to RG/2 making an application for reimbursement of fees and out of pocket expenses for work performed to complete the distribution of the proceeds of the settlement to Class members in accord with the Amended Plan of Allocation.

23.     **Termination or Judicial Modification**- If this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accord with the terms of the Amended Stipulation, or the Amended Stipulation terminates according to its provisions, or the Settlement Fund, or any portion thereof, is returned to the Dismissed Citi Defendants or their insurers, or this Judgment does not become final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before May 31, 2016, except that (i) Notice and Administration Costs that have been paid or incurred at the time of modification or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) need not be refunded to the Dismissed Citi Defendants; (ii) any modifications, reductions or reversal of the award of Attorneys' Fees, Litigation Expenses and/or Plaintiffs' Expenses on appeal or in any further motion in this Court shall in no way disturb or affect any other part of this Judgment, and (iii) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Judgment.

24.     If any award of Attorneys' Fees, Litigation Expenses and/or Plaintiffs' Expenses is subsequently modified, reduced or reversed on appeal, Lead Counsel and all other Plaintiffs'

counsel to whom any portion of such Attorneys' Fees and Litigation Expenses, and all Plaintiffs to which for award of Plaintiffs' Expenses have been distributed shall refund or repay to the Dismissed Citi Defendants the full amount of any such reduction, together with interest thereon, except for Notice and Administration Costs that have been paid or incurred at the time of modification, reduction or reversal, and less any taxes paid or payable on the Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of modification, reduction or reversal, within thirty (30) days after any such order modifying, reversing or reducing any award of Attorneys' Fees, Litigation Expenses or Plaintiffs' Expenses is entered by this Court or any court in relation to any motions or appeals concerning any award of attorneys' fees or expenses. All Plaintiffs' counsel that receives any portion of any Attorneys' Fees or Litigation Expenses pursuant to the Stipulation shall be jointly and severally liable for the full amounts referred to in the immediately preceding sentence of this paragraph.

25. **Modifications**- Without further order or approval from this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation or adopt such other amendments or modifications to the Stipulation or any exhibits attached thereto to effectuate the Settlement that (i) are not materially inconsistent with the Settlement; and (ii) do not materially limit the rights of Class Members in connection with the Settlement.

26. **Retention of Jurisdiction**- Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including any interest earned thereon; (ii) disposition of the Settlement Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

27.     **Entry of Final Judgment**- There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:  August 16, 2016
            New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.